

1  Lynn Macy "In Pro Per"
2  P.O. Box #103
   Twin Peaks, Ca. 92391
3  Telephone: (909) 744 -8480
   Email: 1611Bible.us@gmail.com
4           PLAINTIFFS IN PRO PER

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

| Lynn Macy, as an individual, | Case No.: 5:24-cv-00902-KK(DTB) |
|---|---|
| PLAINTIFF, | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL FOR: |
| vs. | **(1)** Unreasonable Search. |
| CSA-18 Special Districts Public Works, a public entity. | **(2)** Municipal and Supervisorial Liability (42 U.S.C. § 1983). |
| DEFENDANT. | **(3)** Intentional Infliction of Emotional Distress. |
| | **(4)** Forced Demolition Permit. |
| | **(5)** Forced Address. |
| | **(6)** Trespass. |
| | **(7)** Failure to do Public Record's Requests. |
| | **(8)** Excessive Fines. |

**DEMAND FOR JURY TRIAL**

PLAINTIFF LYNN MACY, through their undersigned counsel, hereby files this Complaint against Defendants CSA-18 Special Districts Public Works, inclusive (collectively "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983 & 1985, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAINTIFF's federal claims that the

claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

## PARTIES

3. PLAINTIFF LYNN MACY, is a citizen of the State of California, and at all relevant times herein was a resident in San Bernardino County in the State of California.

4. Defendant CSA-18 Special Districts Public Works is and at all times relevant a public entity located in the County of San Bernardino and existing under the laws of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.

6. I am informed and believe that Defendants CSA-18 have intentionally deprived the interest of the Plaintiff's property through the unauthorized act (Trespassing on Plaintiff's private property, not allowing Plaintiffs to drive due to failure to repair roads) and causing loss. Defendants CSA-18 Supervisors allowed workers to trespass onto Plaintiff's property. The default remedy is the damages, considering the fair market value of the property or returning the property. Since 2021 until today, Plaintiff has discovered on 2/27/2023 that the Defendant CSA-18 factually did not file Plaintiff's complaint or claim against Defendant CSA-18 with County of

San Bernardino Risk Management, which Defendant CSA-18 claimed to have filed back in 2021. 2 months later Defendant CSA-18 said Risk Management denied Plaintiff's claim, without giving Plaintiff any paperwork to prove it or even a case number. Defendant CSA-18 admitted to damaging Plaintiff's property to the Police, but the Police Officer refused to prosecute Defendant saying, "We don't normally arrest county officials". Defendant CSA-18 took down Plaintiff's cables, which caused all glass lights to be broken and left the broken glass all over Plaintiff's private road (destruction of private property California Penal Code § 594 PC). Defendant CSA-18 has been dumping base rock, trash, waterflow, and water pipes on Plaintiff's property for years without permission. Defendant CSA-18 has stolen Plaintiff's 2x2 in. signs that held up the chain across MacyLand. Roughly 75-100 yard onto Plaintiff's property, Defendant CSA-18 took down another "No Trespassing, Kids at Play" sign, Defendant CSA-18 also cut down tree branches to remove Plaintiffs 5/8" chain, stole fences (Penal Code § 487 PC) that were chained and locked to Plaintiff's tree. Defendant CSA-18 unbolted and took down Plaintiff's 3/8" chain to the Yeshua planned temple site. Defendant CSA-18 won't repair Burnt Mill Canyon Road, which Defendant is responsible to repair, claiming Defendant cannot afford to fix the road. The report # is TPR2001467.

7. I am informed and believe that failure or omission to perform the duty of Defendant CSA-18 to maintain Burnt Mill Canyon Rd, is clearly discriminatory & saves the Defendant County money. Harm sustained by the Plaintiff was intentional & unjustified. Plaintiff has not been able to drive to lower side of Plaintiff's property to clear trash neighbors have

dumped. Plaintiff has had to walk miles to get to her property to perform demolitions and trash removal as required by the San Bernardino County Building and Safety Division issued on 11/05/2020. Defendant CSA-18 hates Plaintiff for complaining about Defendant's failures to fix roads and for telling Defendant to fix the cable gate the Defendant stole and to pay damages for the lights, cables, signs, posts, and bolts, Defendant CSA-18 damaged and/or stole. Plaintiff is at constant risk of getting towed by parking at the last part of the drivable road. Failure to perform the duty or the negligent act of the Defendant CSA-18, which subsequently results in the cause of action in the suit and I have already made a claim against Defendant on 2/16/2023, but was denied.

8. I am informed and believe that Defendant CSA-18 has intentionally deprived the interest of the Plaintiff's property through the unauthorized act of not allowing Plaintiff to drive due to failure to repair roads.

9. I am informed and believe that Defendants Elderly Abuse Plaintiff Lynn Macy 84-year-old elderly woman by giving constant notices, trespassing onto Plaintiff's property, and constantly reporting trash in front of Plaintiff's trash cans or leaves on Plaintiff's roof to harass Plaintiff. For 18 years Plaintiff has been getting unfounded Code violation notices. California Penal Code § 368 PC defines elder abuse as the physical or emotional abuse, neglect, or financial exploitation of a victim 65 years of age or older. Plaintiffs also have report #'s for most incidents: TPR2200512, TPR2101862, TPR2101994, TPR2200594, TPR2201407, TPR2101443, TPR2200032, and TPR2201014. Defendant also fined Plaintiff for having an RV on Macy Land for $100 on 11/07/2023 at 8 AM. CO#: CSE-2023-14000. Citation No. C230021514. Defendant CSA-18 is responsible for the RV even

being on Plaintiff's Macy Land property in the first place because Defendant cut, removed, and stole Plaintiff's cables/chains which would have prevented squatters and the trashed RV being put there. Defendant CSA-18 also took down Plaintiff's posted no trespassing signs. Defendant CSA-18 is the reason that squatters were able to enter Plaintiff's property, so Defendants are liable. Plaintiff appealed the ticket and won the hearing on appeal.

10. There's an important legal principle that says "ignorance of the law is no excuse." You can't defend your actions by arguing you didn't know they were illegal, even if you honestly did not realize you were breaking the law.

## FIRST CAUSE OF ACTION

**Unreasonable Search**

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

11. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 10, inclusive.

12. As a result of the conduct of CSA-18 Special Districts Public Works, Defendants are liable because Defendants were integral participants in the wrongful entry and inspection or because Defendants failed to intervene to prevent these violations against Plaintiff.

13. Defendant did not have a warrant to trespass or unreasonably search Plaintiff's property. Defendant falsely claimed to be looking for a well on Plaintiff's property when there was nothing there.

## SECOND CAUSE OF ACTION

**Municipal and Supervisory Liability (42. U.S.C. § 1983)**

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

14. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 13, inclusive.
15. On and for some time prior to 2021 (and continuing to the present date) Defendants CSA-18 Special Districts Public Works deprived Plaintiff Lynn Macy of her rights and liberties secured to her by the 4th and 14th Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general and of Plaintiff Lynn Macy, and of persons in their class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:
    (a) Employing and retaining as county officials and other personnel, including CSA-18 Special Districts Public Works at all times material herein knew or reasonably should have known had propensities for abusing their authority and for mistreating citizens by failing to follow their County Policies;
    (b) Inadequately supervising, training, controlling, assigning and disciplining CSA-18 Special Districts Public Works officers and other personnel, including CSA-18 Special Districts Public Works each knew or in the exercise of reasonable care should have known the aforementioned propensities and character traits;
    (c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining the intentional conduct by CSA-18 Special Districts Public Works officers and other personnel.

(d) Failing to adequately train CSA-18 officers including Defendants CSA-18 Special Districts Public Works and failing to institute appropriate policies regarding constitutional procedures and practices;

(e) Having and maintaining an unconstitutional policy, customs, procedures of using excessive trespassing which is also demonstrated by inadequate training regarding these subjects.

16. Defendants CSA-18 Special Districts Public Works had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condone, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff Lynn Macy and other individuals similarly situated.

17. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and wrongful acts, Defendant CSA-18 Special Districts Public Works acted with intentional, reckless, and callous disregard for the safety and constitutional rights of Plaintiff Lynn Macy. Defendant CSA-18 Special Districts Public Works actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any reasonable person of normal sensibilities.

18. By reason of the aforementioned policies and practices of Defendant CSA-18 Special Districts Public Works acted with intentional, reckless and callous disregard for the safety and constitutional rights of Plaintiff Lynn Macy. Defendant CSA-18 Special Districts Public Works caused Plaintiff

Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation, humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

19. The policies, practices, and customs implemented and maintained and still tolerated by Defendant CSA-18 Special Districts Public Works acted with intentional, reckless and callous disregard for the safety and constitutional rights of Lynn Macy. Defendants CSA-18 Special Districts Public Works were affirmatively linked to and were significantly influential forces of Plaintiff Lynn Macy.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (By Plaintiff Against CSA-18 Special Districts Public Works)

20. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 19, inclusive.

21. Plaintiffs are informed and believe and thereon alleges that Defendant's actions described in this Complaint were intentional, extreme, and outrageous. Defendants entered into Plaintiff's home without a warrant which caused elderly Plaintiff a great deal of emotional distress.

22. Plaintiff is further informed and believes and hereon alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiff serious emotional distress.

23. As a proximate result of the Defendant's actions Plaintiff Lynn Macy incurred damages in the form of psychological and emotional injuries, including, without limitation, pain and suffering, sleep deprivation,

humiliation, all of which are continuing and damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

24. The conduct of the Defendant was despicable, malicious, wanton, oppressive and accomplished with a conscious disregard for Plaintiff Lynn Macy's rights, entitling Plaintiff Lynn Macy to an award of exemplary and punitive damages. Defendant's only goal against Plaintiff was for monetary gain.

## FOURTH CAUSE OF ACTION

### Forced Demolition Permit

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

25. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 24, inclusive.

26. Defendant CSA-18 Special Districts Public Works forced Plaintiff to get a demolition permit.

27. At Plaintiff's property APN# 0342-031-01 a demolition permit was required for a house that was already demolished costing $266. Defendant CSA-18 Special Districts Public Works told Plaintiffs they had to get an additional demolition permit for a building that was demolished before Plaintiff could buy the property, trying to extort more money from Plaintiff. Under the Fourth Amendment the U.S. Constitution grants the right to be free from Unreasonable Searches and Seizures. The Defendants CSA-18 Special Districts Public Works Officers were informed that they were walking on Plaintiff's private property. Defendants CSA-18 Special Districts Public Works Officers did not have a search warrant to enter Plaintiff's private property.

## FIFTH CAUSE OF ACTION

### Forced Address

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

28. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 27, inclusive.

29. Defendant's CSA-18 Special Districts Public Works forced Plaintiff to pay for an address or the Defendant would not remove the notice from the building and safety department division. Plaintiff was also not allowed to customize the address. Plaintiff was forced to pay for something she did not want.

### SIXTH CAUSE OF ACTION

### Trespassing without Warrant

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

30. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 29, inclusive.

31. Defendant interfered with Plaintiff's civil rights by intimidation or coercion in that Defendant acted violently against Plaintiff Lynn Macy from exercising Plaintiff's right to unreasonable search from Defendant trespassing onto Plaintiff's property without warrant for potential well.

### SEVENTH CAUSE OF ACTION

### Failure to do Public Record's Requests

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

32. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 36, inclusive.

33. Defendant failed to fulfill public records requests from Plaintiff for what regulations Defendant has and who made the regulations; for Defendant to not follow the laws.

34. California Public Records Act Information (CPRA) The Act provides for two types of access. One is a right to inspect public records: "Public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided."

## EIGHTH CAUSE OF ACTION

### Excessive Fines

### (By Plaintiff Against CSA-18 Special Districts Public Works)

35. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 39, inclusive.
36. Defendant has been excessively giving fines for trash in front of Plaintiff's trash cans, leaves on the roof, yard, and firewood. Defendant violated the law because Defendant drove up a private road and trespassed onto Plaintiff's property to take pictures and give such fines to Plaintiff.
37. Defendants CSA-18 Special Districts Public Works also had a hearing with Plaintiff about one of the fines given to Plaintiff and Plaintiff won the hearing on appeal.

**WHEREFORE,** Plaintiff prays judgment against Defendant as follows:

1. For compensatory damages in an amount to be proven at trial:
2. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter and make an example of the Defendant;
3. For interest on those claims where it is available under law;
4. For cost of suit; and
5. For such other and further relief as this Court may deem to be just and proper.