

Lynn Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Telephone: (909) 744 -8480
Email: 1611Bible.us@gmail.com
PLAINTIFF IN PRO PER

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION
FIRST AMENDED COMPLAINT

| | |
|---|---|
| Lynn Macy, as an individual,<br><br>PLAINTIFF,<br><br>vs.<br><br>CSA-18 Special Districts Public Works, a public entity.<br><br>DEFENDANT. | Case No.: 5:24-cv-00902-KK(DTB)<br><br>COMPLAINT FOR DAMAGES & DEMAND FOR JURY TRIAL FOR:<br>**(1)** Unreasonable Search.<br>**(2)** Municipal & Supervisorial Liability (42 U.S.C. § 1983).<br>**(3)** Intentional Infliction of Emotional Distress.<br>**(4)** Forced Demolition Permit.<br>**(5)** Forced Address.<br>**(6)** Trespass.<br>**(7)** Excessive Fines. |

**DEMAND FOR JURY TRIAL**

PLAINTIFF LYNN MACY, through their undersigned counsel, hereby files this Complaint against Defendants CSA-18 Special Districts Public Works, inclusive (collectively "Defendants"), alleges as follows:

**JURISDICTION & VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343(a) (3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983 & 1985, the Fourth & Fourteenth Amendments of the United States Constitution. This court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAIN/TIFF's federal claims that the claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.

PAGE 1

2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) & (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District & Defendants are subject to personal jurisdiction in this district.

## PARTIES

3. PLAINTIFF LYNN MACY, is a citizen of the State of California, & at all relevant times herein was a resident in San Bernardino County in the State of California.

4. Defendant CSA-18 Special Districts Public Works is & at all times relevant a public entity located in the County of San Bernardino & existing under the laws of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Each & every allegation set forth in each & every averment & allegation of this pleading hereby is incorporated by this reference in each & every averment & allegation of this pleading.

6. I am informed & believe that Defendants CSA-18 have intentionally deprived the interest of the Plaintiff's property through the unauthorized act (Trespassing on Plaintiff's private property, not allowing Plaintiffs to drive due to failure to repair roads) & causing loss. Defendants CSA-18 Supervisors allowed workers to trespass onto Plaintiff's property. The default remedy is the damages, considering the fair market value of the property or returning the property. Since 2021 until today, Plaintiff has discovered on 2/27/2023 that the Defendant CSA-18 factually did not file Plaintiff's complaint or claim against Defendant CSA-18 with County of San Bernardino Risk Management, which Defendant CSA-18 claimed to have filed back in

2021. 2 months later Defendant CSA-18 said Risk Management denied Plaintiff's claim, without giving Plaintiff any paperwork to prove it or even a case number. Defendant CSA-18 admitted to damaging Plaintiff's property to the Police, but the Police Officer refused to prosecute Defendant saying, "We don't normally arrest county officials". Defendant CSA-18 took down Plaintiff's cables, which caused all glass lights to be broken & left the broken glass all over Plaintiff's private road (destruction of private property California Penal Code § 594 PC). Defendant CSA-18 has been dumping base rock, trash, waterflow, & water pipes on Plaintiff's property for years without permission. Defendant CSA-18 has stolen Plaintiff's 2x2 in. signs that held up the chain across MacyLand. Roughly 75-100 yard onto Plaintiff's property, Defendant CSA-18 took down another "No Trespassing, Kids at Play" sign, Defendant CSA-18 also cut down tree branches to remove Plaintiffs 5/8" chain, stole fences (Penal Code § 487 PC) that were chained & locked to Plaintiff's tree. Defendant CSA-18 unbolted & took down Plaintiff's 3/8" chain to the Yeshua planned temple site. Defendant CSA-18 won't repair Burnt Mill Canyon Road, which Defendant is responsible to repair, claiming Defendant cannot afford to fix the road. The report # is TPR2001467. Burnt Mill Canyon Road is a public road, which Plaintiff's property is adjacent to. Burnt Mill Canyon Road falls under Defendant CSA-18's service area & has legal obligation to repair the road.

7. I am informed & believe that failure or omission to perform the duty of Defendant CSA-18 to maintain Burnt Mill Canyon Rd, is clearly discriminatory & saves the Defendant County money. Harm sustained

PAGE 3

by the Plaintiff was intentional & unjustified. Plaintiff has not been able to drive to lower side of Plaintiff's property to clear trash neighbors have dumped. Plaintiff has had to walk miles to get to her property to perform demolitions & trash removal as required by the San Bernardino County Building & Safety Division issued on 11/05/2020. Defendant CSA-18 hates Plaintiff for complaining about Defendant's failures to fix roads & for telling Defendant to fix the cable gate the Defendant stole & to pay damages for the lights, cables, signs, posts, & bolts, Defendant CSA-18 damaged and/or stole. Plaintiff is at constant risk of getting towed by parking at the last part of the drivable road. Failure to perform the duty or the negligent act of the Defendant CSA-18, which subsequently results in the cause of action in the suit & I have already made a claim against Defendant on 2/16/2023, but was denied.

8. I am informed & believe that Defendant CSA-18 has intentionally deprived the interest of the Plaintiff's property through the unauthorized act of not allowing Plaintiff to drive due to failure to repair roads. According to SDD Maintained Roads by Road District CSA Road Maintenance Guide "Mojave River Rd. End of District 516 B1-D1/C2-D2/C3-D3" is required to be maintained by Defendant County Service Area 18 – Cedar Pines Park.

9. I am informed & believe that Defendants Elderly Abuse Plaintiff Lynn Macy 84-year-old elderly woman by giving constant notices of violations/fines, which Defendants say are misdemeanors, trespassing onto Plaintiff's property, & constantly reporting trash in front of Plaintiff's trash cans or leaves on Plaintiff's roof to harass Plaintiff. For

18 years Plaintiff has been getting unfounded Code violation notices. California Penal Code § 368 PC defines elder abuse as the physical or emotional abuse, neglect, or financial exploitation of a victim 65 years of age or older. Plaintiffs also have report #'s for most incidents: TPR2200512, TPR2101862, TPR2101994, TPR2200594, TPR2201407, TPR2101443, TPR2200032, & TPR2201014. Defendant also fined Plaintiff for having an RV on Macy Land for $100 on 11/07/2023 at 8 AM. CO#: CSE-2023-14000. Citation No. C230021514. Defendant CSA-18 is responsible for the RV even being on Plaintiff's Macy Land property in the first place because Defendant cut, removed, & stole Plaintiff's cables/chains which would have prevented squatters & the trashed RV being put there. Defendant CSA-18 also took down Plaintiff's posted no trespassing signs. Defendant CSA-18 is the reason that squatters were able to enter Plaintiff's property, so Defendants are liable. Plaintiff appealed the ticket & won the hearing on appeal.

10. There's an important legal principle that says "ignorance of the law is no excuse." You can't defend your actions by arguing you didn't know they were illegal, even if you honestly did not realize you were breaking the law.

11. I am informed & believe that on Defendant's own website says "Mission Statement: "We promote the safety, health & enrichment of the communities we serve by providing essential municipal services along with diverse community-based programs in an efficient & sustainable manner"". Defendant is taking away elderly Plaintiff Lynn Macy's rights instead of helping to protect Plaintiff.

12. I am informed & believe that Plaintiff is suing Defendant based on Federal code of violations, not by California code of violations.

## FIRST CAUSE OF ACTION

## Unreasonable Search

## (By Plaintiff Against CSA-18 Special Districts Public Works)

13. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 12, inclusive.

14. As a result of the conduct of CSA-18 Special Districts Public Works, Defendants are liable because Defendants were integral participants in the wrongful entry & inspection or because Defendants failed to intervene to prevent these violations against Plaintiff.

15. Defendant did not have a warrant to trespass or unreasonably search Plaintiff's property. Defendant falsely claimed to be looking for a well on Plaintiff's property when there was nothing there.

16. A Section 1983 lawsuit is a civil remedy. It applies when someone acting "under color of" state-level or local law has deprived a person of rights created by the U.S. Constitution or federal statutes. Basically, the law gives victims a legal avenue to hold government actors accountable if they use their position to deprive someone of their constitutional rights (such as to be free from unreasonable search).

17. According to the Reasonable Expectation of Privacy: The Fourth Amendment protects individuals from unreasonable searches, United States v. Place, 462 U.S. 696, 701 (1983), & reasonableness under all of the circumstances must be the test when a person seeks to obtain the

return of property. Plaintiff's right to privacy is protected by the Privacy Act of 1974 as amended, 5 U.S.C. § 552a.

## SECOND CAUSE OF ACTION

**Municipal & Supervisory Liability (42. U.S.C. § 1983)**

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

18. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 17, inclusive.
19. On & for some time prior to 2021(and continuing to the present date) Defendants CSA-18 Special Districts Public Works deprived Plaintiff Lynn Macy of her rights & liberties secured to her by the 4th & 14th Amendments to the United States Constitution, in that said Defendants & their supervising & managerial employees, agents, & representatives acting with gross negligence & with reckless & deliberate indifference to the safety, rights, & liberties of the public in general & of Plaintiff Lynn Macy, & of persons in their class, situation & comparable position, in particular, knowingly maintained, enforced & applied an official recognized custom, policy, & practice of:

    (a) Employing & retaining as county officials & other personnel, including CSA-18 Special Districts Public Works at all times material herein knew or reasonably should have known had propensities for abusing their authority & for mistreating citizens by failing to follow their County Policies;

    (b) Inadequately supervising, training, controlling, assigning & disciplining CSA-18 Special Districts Public Works officers & other personnel, including CSA-18 Special Districts Public

        Works each knew or in the exercise of reasonable care should have known the aforementioned propensities & character traits;

  (c) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling & disciplining the intentional conduct by CSA-18 Special Districts Public Works officers & other personnel.

  (d) Failing to adequately train CSA-18 officers including Defendants CSA-18 Special Districts Public Works & failing to institute appropriate policies regarding constitutional procedures & practices;

  (e) Having & maintaining an unconstitutional policy, customs, procedures of using excessive trespassing which is also demonstrated by inadequate training regarding these subjects.

20. Defendants CSA-18 Special Districts Public Works had either actual or constructive knowledge of the deficient policies, practices, & customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condone, tolerated, & through actions & inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects & consequences of these policies with respect to the constitutional rights of Plaintiff Lynn Macy & other individuals similarly situated.

21. By perpetrating, sanctioning, tolerating & ratifying the outrageous conduct & wrongful acts, Defendant CSA-18 Special Districts Public Works acted with intentional, reckless, & callous disregard for the

safety & constitutional rights of Plaintiff Lynn Macy. Defendant CSA-18 Special Districts Public Works actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, & unconscionable to any reasonable person of normal sensibilities.

22. By reason of the aforementioned policies & practices of Defendant CSA-18 Special Districts Public Works acted with intentional, reckless & callous disregard for the safety & constitutional rights of Plaintiff Lynn Macy. Defendant CSA-18 Special Districts Public Works caused Plaintiff Lynn Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, pain & suffering, sleep deprivation, humiliation, all of which are continuing & damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

23. The policies, practices, & customs implemented & maintained & still tolerated by Defendant CSA-18 Special Districts Public Works acted with intentional, reckless & callous disregard for the safety & constitutional rights of Lynn Macy. Defendants CSA-18 Special Districts Public Works were affirmatively linked to & were significantly influential forces of Plaintiff Lynn Macy.

24. According to San Bernardino County Municipal Code Section 602: Training to County Officers & Employees. The Board of Supervisors shall establish by ordinance training requirements pertaining to ethics, the prohibition of discrimination & harassment, the prohibition of nepotism, & other areas of ethics pertinent to public service.

25. According to San Bernardino County Municipal Code Section 603: Ethics Training for the Staff of Elective Officers. Staff members of the Board of Supervisors, & staff members of other elective County officers at the

level of assistant department head or its equivalent level, shall receive the same ethics training as is provided to the members of the Board of Supervisors & other elective County officers pursuant to the general law.

### THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (By Plaintiff Against CSA-18 Special Districts Public Works)

26. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 25, inclusive.
27. Plaintiffs are informed & believe & thereon alleges that Defendant's actions described in this Complaint were intentional, extreme, & outrageous. Defendants entered into Plaintiff's home without a warrant which caused elderly Plaintiff a great deal of emotional distress.
28. Plaintiff is further informed & believes & hereon alleges that such actions were done with intent to cause serious emotional distress & were done with reckless disregard of the probability of causing Plaintiff serious emotional distress.
29. As a proximate result of the Defendant's actions Plaintiff Lynn Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, pain & suffering, sleep deprivation, humiliation, all of which are continuing & damaging to reputation. Plaintiff's actual damages will be ascertained at trial.
30. The conduct of the Defendant was despicable, malicious, wanton, oppressive & accomplished with a conscious disregard for Plaintiff Lynn Macy's rights, entitling Plaintiff Lynn Macy to an award of exemplary &

punitive damages. Defendant's only goal against Plaintiff was for monetary gain. Defendant's intentional & reckless behavior caused infliction of emotional distress upon Plaintiff Lynn Macy.

31. According to San Bernardino County Municipal Code Section 601 County officers & employees shall uphold the Constitution of the United States, the Constitution of California, & this Charter, & shall carry out impartially the laws & regulations of the United States, California, & the County. County officers & employees shall discharge faithfully their duties, recognizing that the public interest is paramount.

32. Tort law is intentional infliction of emotional distress (IIED), which entails engaging in extreme & outrageous conduct; intended to cause another person severe mental anguish. For instance, Defendant CSA-18 is responsible for an RV being on Plaintiff's Macy Land because Defendant cut, removed, & stole Plaintiff's cables/chains which would have prevented squatters & trashed RV. Defendant CSA-18 also took down Plaintiff's posted no trespassing signs. Defendant CSA-18 is the reason that squatters were able to enter Plaintiff's property, so Defendants are liable. Plaintiff appealed the ticket & won the hearing on appeal.

33. According to CIV § 1431.2, (a) in any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only & shall not be joint. Each Defendant shall be liable only for the amount of non-economic damages allocated to that Defendant in direct proportion to that Defendant's percentage of fault, & a separate judgment shall be rendered against that Defendant for that

amount. (b)(1) For purposes of this section, the term "economic damages" means objectively verifiable monetary losses including medical expenses, loss of earnings, burial costs, loss of use of property, costs of repair or replacement, costs of obtaining substitute domestic services, loss of employment & loss of business or employment opportunities. (2) For the purposes of this section, the term "non-economic damages" means subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation & humiliation.

## FOURTH CAUSE OF ACTION

## Forced Demolition Permit

## (By Plaintiff Against CSA-18 Special Districts Public Works)

34. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 33, inclusive.
35. Defendant CSA-18 Special Districts Public Works forced Plaintiff to get a demolition permit.
36. At Plaintiff's property APN# 0342-031-01 a demolition permit was required for a house that was already demolished costing $266. Defendant CSA-18 Special Districts Public Works told Plaintiffs they had to get an additional demolition permit for a building that was demolished before Plaintiff could buy the property, trying to extort more money from Plaintiff. Under the Fourth Amendment the U.S. Constitution grants the right to be free from Unreasonable Searches. The Defendants CSA-18 Special Districts Public Works Officers were informed that they were walking on Plaintiff's private property.

Defendants CSA-18 Special Districts Public Works Officers did not have a search warrant to enter Plaintiff's private property.

37. I am informed & believe that the statutory basis for liability fall under the San Bernardino Municipal Code 12.24.020 of such bond as required in Section 12.24.010 shall be in accordance with the provisions of the general law. (Ord. 2386, 9-05-61)

## FIFTH CAUSE OF ACTION
### Forced Address
**(By Plaintiff Against CSA-18 Special Districts Public Works)**

38. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 37, inclusive.

39. Defendant's CSA-18 Special Districts Public Works forced Plaintiff to pay for an address or the Defendant would not remove the notice from the building & safety department division. Plaintiff was also not allowed to customize the address. Plaintiff was forced to pay for something she did not want.

40. I am informed & believe that the statutory basis for liability fall under the San Bernardino Municipal Code 12.24.020 of such bond as required in Section 12.24.010 shall be in accordance with the provisions of the general law. (Ord. 2386, 9-05-61)

## SIXTH CAUSE OF ACTION
### Trespassing without Warrant
**(By Plaintiff Against CSA-18 Special Districts Public Works)**

41. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 40, inclusive.

42. Defendant interfered with Plaintiff's civil rights by intimidation or coercion in that Defendant acted violently against Plaintiff Lynn Macy from exercising Plaintiff's right to unreasonable search from Defendant trespassing onto Plaintiff's property without warrant for potential well.
43. A Section 1983 lawsuit is a civil remedy. It applies when someone acting "under color of" state-level or local law has deprived a person of rights created by the U.S. Constitution or federal statutes. Basically, the law gives victims a legal avenue to hold government actors accountable if they use their position to deprive someone of their constitutional rights (such as to be free from unreasonable search).
44. Defendants conduct has become a traditional method of carrying out policy by illegally trespassing onto private properties & stealing Plaintiff's property. It has become Defendant's standard operating procedure because Defendants are not being regulated or checked.
45. According to 25 CFR § 11.411 - Criminal trespass: This section prohibits entering or remaining in a place where notice against trespass is given, either verbally or in writing (Plaintiff's had multiple "No Trespassing" signs posted).

## EIGHTH CAUSE OF ACTION
### Excessive Fines
**(By Plaintiff Against CSA-18 Special Districts Public Works)**

46. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 45, inclusive.
47. Defendant has been excessively giving fines for trash in front of Plaintiff's trash cans, leaves on the roof, yard, & firewood. Defendant violated the law because Defendant drove up a private road &

trespassed onto Plaintiff's property to take pictures & give such fines to Plaintiff.

48. Defendants CSA-18 Special Districts Public Works also had a hearing with Plaintiff about one of the fines given to Plaintiff & Plaintiff won the hearing on appeal.

49. I am informed & believe that the statutory basis for liability fall under the San Bernardino Municipal Code 12.24.020 of such bond as required in Section 12.24.010 shall be in accordance with the provisions of the general law. (Ord. 2386, 9-05-61)

50. San Bernardino County Code § 11.0205 Reference to § 11.0208(f)(5)(D)(IV) describing the evidence permitted at the administrative hearing & considered by the hearing officer in reaching a decision on appeal. Plaintiff appealed the ticket & won the hearing on appeal.

**WHEREFORE,** Plaintiff prays judgment against Defendant as follows:

1. For compensatory damages in an amount of $100,000;
2. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter & make an example of the Defendant;
3. For interest on those claims where it is available under law;
4. For cost of suit; &
5. For such other & further relief as this Court may deem to be just & proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

By Plaintiff: _____*Lynn Macy*_____

Lynn Macy

Date: _____July 1, 2024_____

PAGE 16

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years & not a party to nor interested in the within action. My address is 26175 Augusta Way, Lake Arrowhead, CA 92352.

On July 1, 2024, I served the following documents (specify): **FIRST AMENDED RESPONSE MACY V CSA-18**

I served the documents on the person below as follows:

Seonhae Shin (CA state Bar No. 308262), Deputy County Counsel

Tom Bunton (CA State Bar No. 193560), County Counsel

385 North Arrowhead Avenue, Fourth Floor

San Bernardino, California 92415-0140

Telephone: (909) 387-5461

Facsimile: (909) 387-4069

E-Mail: kellie.shin@cc.sbcounty.gov

Attorneys for Defendant CSA-18 SPECIAL DISTRICTS PUBLIC WORKS

[ X ] **By e-mail or electronic transmission.** Pursuant to California Code of Civil Procedure § 1010.6(e), per agreement of parties, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America, that the above is true & correct.

Date: 7/1/24

Jerusha Macy