FILED
CLERK, U.S. DISTRICT COURT

07/15/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

Lynn Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Telephone: (909) 744 -8480
Email: 1611Bible.us@gmail.com

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

LYNN MACY, as an individual,

PLAINTIFF,

vs.

CSA-18 SPECIAL DISTRICTS PUBLIC
WORKS, a public entity.

DEFENDANT.

Case No.: 5:24-cv-00902-KK(DTB)

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

 PLAINTIFF LYNN MACY, through their undersigned counsel, hereby files this opposition to Defendant CSA-18 SPECIAL DISTRICTS PUBLIC WORKS's motion to dismiss Plaintiff's First Amended Complaint.

 Plaintiff's Opposition is based on these opposing papers, the attached memorandum of points & authorities, & the complete documents & records of this action on file with this Court.

By Plaintiff: _Lynn Macy_

Lynn Macy

Date: _7/15/2024_

PAGE 1

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Plaintiff Lynn Macy ("Plaintiff") respectfully submits this opposition to Defendant CSA-18 Special Districts Public Works's ("Defendant") motion to dismiss Plaintiff's First Amended Complaint ("FAC").

Defendant's motion to dismiss Plaintiff's FAC must be denied because Plaintiff's Complaint does state a claim upon which relief can be granted against the Defendant.

Defendant's Exhibit 1 & 2 are for a different case & has a different case number.

### II.   BACKGROUND

Plaintiff Lynn Macy asserts the following causes of actions: (1) Fourth Amendment Violations; (2) Municipal & Supervisorial Liability (42 U.S.C. § 1983); (3) Intentional Infliction of Emotional Distress; (4) Trespass; (5) Destruction of Private Property; & (6) Extortion.

Defendant has intentionally deprived the interest of the Plaintiff's property through the unauthorized act (Trespassing onto Plaintiff's private property, not allowing Plaintiffs to drive due to failure to repair roads) & causing loss/destruction of private property.

The circumstances giving rise to claim are as follows: On & for some time prior to 2021 (& continuing to the present date) District CSA-18 has damaged Plaintiff's property & admitted to it. Defendant took down Plaintiff's cables, which caused 12 glass lights to be broken, left glass shards all over Plaintiff's road forcefully. CSA-18 won't repair Burnt Mill Canyon Road; which CSA-18 is responsible to repair. CSA-18 says cannot afford to fix roads. CSA-18 has been trespassing onto Plaintiff's property to dump base rock, trash, & water pipes for

years without permission. CSA-18 told Sheriffs that CSA-18 caused destruction of Plaintiff's private property, but County Sheriff's won't prosecute County employees, even with Defendants own admission of guilt. Since 2021 until today, Plaintiff discovered on 2/27/2023 that the Defendant CSA-18 factually did not file Plaintiff's complaint or claim against Defendant CSA-18 with County of San Bernardino Risk Management, which Defendant CSA-18 claimed to have filed back in 2021. 2 months later Defendant CSA-18 said Risk Management denied Plaintiff's claim, without giving Plaintiff any paperwork to prove it or even a case number. Defendant told Plaintiff over the phone that Defendant ordered supervisors to steal sign & trespass onto Plaintiff's property. Defendant CSA-18 stole Plaintiff's 2x2 in. no-trespassing signs that held up chains across Macy Land & stole the chains. Roughly 75-100 yards onto Plaintiff's property, Defendant CSA-18 stole another "No Trespassing, Kids at Play" sign, thinking it belonged to CSA-18. Defendant CSA-18 also cut down tree branches to grind & steal Plaintiffs 5/8" chain, stolen Plaintiff's fences (Penal Code § 487 PC) that were chained & locked onto Plaintiff's tree. Defendant CSA-18 cut down Plaintiff's cables with a grinder & took down Plaintiff's 3/8" chain to the Yeshua religious planned temple site; Report #: TPR2001467. Defendant CSA-18 won't repair Burnt Mill Canyon Road, which Defendant is responsible to repair, claiming Defendant cannot afford & doesn't have the budget to fix the road. Burnt Mill Canyon Road is a public road; which Plaintiff's property is adjacent to. Burnt Mill Canyon Road falls under Defendant CSA-18's service area & has legal obligation to repair the road. According to SDD Maintained Roads by Road District CSA Road Maintenance Guide "Mojave River Rd. End of District 516 B1-D1/ C2-D2/C3-D3" is required to be maintained by Defendant County Service Area 18 – Cedar Pines Park.

Defendants Elderly Abuse Plaintiff Lynn Macy 84-year-old elderly woman by colluding with San Bernardino County to give constant notices of violations/fines, which are misdemeanors, trespassing onto Plaintiff's property, & constantly reporting trash in front of Plaintiff's trash cans or leaves on Plaintiff's roof to harass Plaintiff. For 18 years Plaintiff has been getting unfounded Code violation notices. California Penal Code § 368 PC defines elder abuse as the physical or emotional abuse, neglect, or financial exploitation of a victim 65 years of age or older. Plaintiff also have report #'s for most incidents: TPR2200512, TPR2101862, TPR2101994, TPR2200594, TPR2201407, TPR2101443, TPR2200032, & TPR2201014. Plaintiff & family had to remove trash & demo house, that Plaintiff didn't even know was on her property, because San Bernardino County wanted to keep fining Plaintiff to get & extort more money from Plaintiff, even though Defendant CSA-18 was dumping the trash, base rock, pipes, & water flow onto Plaintiff's property. If Plaintiff & Family can't demo the house, elderly Plaintiff Lynn Macy would receive a criminal/civil ticket against a religious organization & Christian non-profit organization, which helps all of the community. Defendant & San Bernardino elder abuse against Plaintiff Lynn Macy by giving criminal tickets, that elderly Plaintiff can't easily fight on her own or protect herself from. Plaintiff's family has to help Plaintiff defend herself from the fines/tickets. San Bernardino County Code Enforcement also fined Plaintiff for having an RV on Macy Land for $100 on 11/07/2023 at 8 AM. CO#: CSE-2023-14000. Citation No. C230021514. Defendant CSA-18 is responsible for the RV even being on Plaintiff's Macy Land property in the first place because Defendant cut, grinded, & stole Plaintiff's cables/chains which would have prevented squatters & the trashed RV being put onto Plaintiff's property. Defendant CSA-18 also took down Plaintiff's posted no trespassing signs. Defendant CSA-18 is the reason that squatters were able to

enter Plaintiff's property, so Defendants are liable. Defendants conspired with San Bernardino County to give Plaintiff the ticket; Plaintiff appealed the ticket, & won the hearing on appeal. Plaintiff has factually won every appeal against the County of San Bernardino.

The County of San Bernardino & Land Use Services Department, ET AL. offered Plaintiff $500 to settle all cases & "property damage resulting or to result from the accident that occurred on or about January 4, 2023 at or near Cedarpines Park &/or Lake Arrowhead, CA."

### III.   STATEMENT OF FACTUAL ALLEGATIONS

#### A. Fourth Amendment Violations

On & for some time prior to 2021 (& continuing to the present date) As a result of the conduct of CSA-18 Special Districts Public Works, Defendants are liable because Defendants were integral participants in the wrongful entry & inspection or because Defendants failed to intervene to prevent these violations against Plaintiff.

Defendant did not have a warrant or court order to trespass or harass Plaintiff's property while stealing Plaintiff's property.

A Section 1983 lawsuit is a civil remedy. It applies when someone acting "under color of" state-level or local law has deprived a person of rights created by the U.S. Constitution or federal statutes. Basically, the law gives victims a legal avenue to hold government actors accountable if they use their position to deprive someone of their constitutional rights (such as to be free from unreasonable search). Defendant CSA-18 Glen Jacklin & Rudy Guerrero used their positions as San Bernardino County CSA-18 Supervisors to deprive Plaintiff of her constitutional rights by ordering 2 CSA-18 workers to trespass onto Plaintiff's property, unbolt chain off Plaintiff's sign, destroyed Plaintiff's 12 glass jars, left

glass shards all over Plaintiff's road, & stole Plaintiff's sign & bolts, & put in back of Defendant's white "County of San Bernardino" truck, which factually proves Defendant's violated the law.

According to the Reasonable Expectation of Privacy: The Fourth Amendment protects individuals from unreasonable searches, United States v. Place, 462 U.S. 696, 701 (1983), & reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. Plaintiff's right to privacy is protected by the Privacy Act of 1974 as amended, 5 U.S.C. § 552a. The Fourth Amendment protects Plaintiff from unreasonable searches & her reasonable expectation to privacy, but Plaintiff's right to privacy was violated by Defendant unreasonably searching, trespassing, stealing, & destroying, Plaintiff's private property. Defendant is violating Plaintiff's rights to save County money by dumping trash, base rock, & pipes on Plaintiff's property

**B. Municipal & Supervisory Liability (42. U.S.C. § 1983)**

On & for some time prior to 2021 (& continuing to the present date) Defendants CSA-18 Special Districts Public Works deprived Plaintiff Lynn Macy of her rights & liberties secured to her by the 4th & 14th Amendments to the United States Constitution, in that said Defendants & their supervising & managerial employees, agents, & representatives acting with gross negligence & with reckless & deliberate indifference to the safety, rights, & liberties of the public in general & of Plaintiff Lynn Macy, & of persons in their class, situation & comparable position, in particular, knowingly maintained, enforced & applied an official recognized custom, policy, & practice of:

(a)      Defendant employing & retaining as County Officials & other personnel, including CSA-18 Special Districts Public Works at all times material

herein knew or reasonably should have known had propensities for abusing their authority & for mistreating citizens by failing to follow their County Policies;

(b)      Defendant inadequately supervising, training, controlling, assigning & disciplining CSA-**18** Special Districts Public Works officers & other personnel, including CSA-**18** Supervisors Glen Jacklin & Rudy Guerrero, & CSA-**18** Special Districts Public Works each knew or in the exercise of reasonable care should have known the aforementioned propensities & character traits;

(c)      Defendant has Maintained grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling & disciplining the intentional conduct by CSA-**18** Special Districts Public Works Supervisors Glen Jacklin & Rudy Guerrero, Officers, & other personnel.

(d)      Defendant is failing to adequately train CSA-**18** officers including Defendants CSA-**18** Special Districts Public Works & failing to institute appropriate policies regarding constitutional procedures & practices;

(e)      Defendant is having & maintaining an unconstitutional policy, customs, procedures of using excessive trespassing which is also demonstrated by inadequate training regarding these subjects.

According to **policy**: San Bernardino County Municipal Code Section **601** "County Officers & employees shall uphold the Constitution of the United States, the Constitution of California, & this Charter, & shall carry out impartially the laws & regulations of the United States, California, & the County. County Officers & employees shall discharge faithfully their duties, recognizing that the public interest is paramount." Defendant violated the Constitution of the United States by ordering & allowing Defendant CSA-**18** Supervisors Glen Jacklin & Rudy Guerrero to deprive Plaintiff of her Fourth Amendment rights; which protects Plaintiff from unreasonable searches & seizures by the government. The Fourth

Amendment ensures that Plaintiff has the right to privacy & unreasonable searches, which shall not be violated. Defendant unreasonably trespassed & searched Plaintiff's property, then unbolted chain off Plaintiff's sign, destroyed Plaintiff's 12 glass jars, left glass shards all over Plaintiff's road, & seized & stole Plaintiff's sign & bolts.

By reason of the aforementioned **policies** & practices of Defendant CSA-18 Special Districts Public Works acted with intentional, reckless & callous disregard for the safety & constitutional rights of Plaintiff Lynn Macy by trespassing without permission.

According to San Bernardino County Municipal Code Section 602: Training to County Officers & Employees. "The Board of Supervisors shall establish by ordinance training requirements pertaining to ethics, the prohibition of discrimination & harassment, the prohibition of nepotism, & other areas of ethics pertinent to public service." Defendant has violated & gone against Defendant's own training on not having religious discrimination & harassment against Plaintiff. Instead of helping Plaintiff's religious temple being built, Defendant is stopping & preventing Plaintiff's project by trespassing, dumping trash, stealing private property, & not doing Defendant's job of maintaining roads. Defendant County Officers have gone against & violated their training to follow the laws. Defendant even told Plaintiff over the phone that Defendant ordered CSA-18 Supervisors Glen Jacklin & Rudy Guerrero to steal Plaintiff's sign & trespass onto Plaintiff's property, violating the laws.

## C. Intentional Infliction of Emotional Distress

As a proximate result of the Defendant's actions on & for some time prior to 2021 (& continuing to the present date): Plaintiff Lynn Macy incurred damages in the form of psychological & emotional injuries, including, without limitation,

depression, PTSD suffering, & sleep deprivation all of which are continuing & damaging to reputation.

Defendant CSA-**18** Special Districts Public Works caused Plaintiff Lynn Macy incurred damages in the form of:

<strong>Psychological Injuries:</strong>

**A. Depression:** Plaintiff thinks about how the Country is corrupt & violating her Constitutional rights, so it makes her feel down.

**B. Post-Traumatic Stress Disorder (PTSD):** Plaintiff Lynn Macy tries to avoid the County. After Plaintiff Lynn Macy's cables were cut down, she no longer feels safe around County Public Works Employees. Every time Plaintiff sees a white "County of San Bernardino" vehicle, she gets scared, & hides from them.

<strong>Emotional Injuries</strong>:

A. Plaintiff Lynn Macy's loss of security **3/8**-inch, top of the line cables, & pretty white lights hanging on top of Security cable, so no one would drive off cliff; now anyone can drive off the cliff of Plaintiff's private property. CSA-**18** tried to cut cables with bolt cutters many times; could see many cuts. Defendant came back with grinder & cut cables off.

B. Lynn Macy does not feel safe at Macy Land anymore. Now the criminals & County are collaborating & working together to prevent Plaintiff from building a religious temple.

C. Defendant's Religious Discrimination against Plaintiff is apparent & obvious because Plaintiff is being treated unjustly because of her religious beliefs. Plaintiff is not being treated the same way a non-religious person would be treated.

PAGE 9

D. Plaintiff's family, son, grandkids put security cables up, which Defendant cut the cables & chains: to get to CSA-18 base rock that was illegally stored on Plaintiff's property without permission, to get to their base rock, tractors to repair roads. Lynn Macy was/is very emotional when found out that County is not protecting Plaintiff's religious facility & are cutting it open for criminals & County to trespass over there without permission to dump trash, pipes, base rock, dirt, & do criminal acts.

E. Plaintiff is afraid to go to Macy Land because she doesn't know what might be happening, it's not safe, or what will happen when Plaintiff is on her own property. Plaintiff & Family bought the property to be a great, wonderful, & religiously dedicated place, but now the property is a nightmare because of the Defendant. Plaintiff & Family cannot have picnics, can't have a tent, can't stay overnight. Plaintiff & Family's dreams for the property have been squashed.

F. Plaintiff Lynn Macy does not know why Defendant keeps trespassing. Plaintiff has no privacy on her own property & CSA-18 is taking advantage of a religious family. Instead of being able to relax on Plaintiff's own property, she has to worry about what she cannot do on her own property. Plaintiff feels like she's always being watched & spied on, even though all Plaintiff has done is clean up her property & bother no one.

**Sleep Deprivation:**

A. Plaintiff Lynn Macy is having a hard time falling asleep right away & sleeping at night because of CSA-18 stealing Plaintiff's property. Lynn Macy worries & stresses over Defendant trespassing, giving Plaintiff trouble, & dumping trash.

PAGE 10

B.  It's embarrassing & humiliating how people keep hearing about lawsuit against San Bernardino County & asking Plaintiff about it.

C.  Plaintiff's quality of life has been diminished because of Defendant destroying her enjoyment of life; her beautiful property. Plaintiff feels like Defendant hates her because of her religion & she's being religiously discriminated against.

Defendant's only goal against Plaintiff was for monetary gain, money is the root of all evil. Defendant's intentional & reckless behavior caused infliction of emotional distress upon Plaintiff Lynn Macy by trespassing onto Plaintiff's property, destruction of private property, & stealing Plaintiff's signs, cables, & chains.

Tort law is intentional infliction of emotional distress (IIED), which entails engaging in extreme & outrageous conduct; intended to cause another person severe mental anguish. For instance, Defendant CSA-18 is responsible for an RV being on Plaintiff's Macy Land property because Defendant cut, grinded, & stole Plaintiff's cables/chains, which would have prevented trespassing squatters & trashed RV to be on Plaintiff's property, which Plaintiff received a ticket from San Bernardino County Code Enforcement for. Defendant CSA-18 also took down & stole Plaintiff's posted "No Trespassing" signs. Defendant CSA-18 is the reason that squatters were able to trespass onto Plaintiff's property, so Defendants are liable. Plaintiff appealed the Citation #: C230021514 ticket from San Bernardino County Code Enforcement & won the hearing, Case #: CSE-2023-14000 on appeal.

According to CIV § 1431.2, (a) "In any action for personal injury, **property damage**, or wrongful death… (b)(1) For purposes of this section, the term "economic damages" means objectively verifiable monetary losses including

medical expenses, loss of earnings, burial costs, **loss of use of property**, **costs of repair or replacement**, costs of obtaining substitute domestic services, loss of employment & loss of business or employment opportunities. (2) For the purposes of this section, the term "non-economic damages" means subjective, non-monetary losses including, but not limited to, **pain, suffering, inconvenience, mental suffering, emotional distress**, loss of society & companionship, loss of consortium, injury to reputation & humiliation." Defendant is liable & responsible for damaging Plaintiff's property & admitting to it. Defendant forcefully took down Plaintiff's cables, which destroyed Plaintiff's 12 glass lights, Defendant left glass shards all over Plaintiff's road. Defendant won't repair Burnt Mill Canyon Road; which Defendant CSA-18 is responsible to repair. CSA-18 has been trespassing onto Plaintiff's property to dump base rock, trash, & water pipes for years without permission. Defendant has caused elderly Plaintiff Lynn Macy a great deal of mental suffering, inconvenience, & emotional distress by violating Plaintiff's rights. Defendant is doing everything they can to prevent Plaintiff from building a religious temple & helping the community for free.

Plaintiff suffered emotional distress from the consequence of violations of her constitutional rights, such as due process. 42 U.S.C. § 1983 civil action for deprivation of rights. Defendant CSA-18 stole Plaintiff's 2x2 in. no-trespassing signs that held up chains across Plaintiff's private property: Macy Land & stole the chains. Roughly 75-100 yards onto Plaintiff's property, Defendant CSA-18 stole another "No Trespassing, Kids at Play" sign, thinking it belonged to CSA-18.

The Federal Tort Claims Act (FTCA) allows individuals to bring claims against the United States government for torts, including emotional distress, that occur while government employees are acting within the scope of their employment. Defendant was acting within the scope of their employment when Defendant

CSA-**18** cut down tree branches to grind & steal Plaintiffs **5/8"** chain, stolen Plaintiff's fences that were chained & locked to Plaintiff's private property tree. Defendant CSA-**18** also cut down Plaintiff's cables with a grinder & took down Plaintiff's **3/8"** chain to the Yeshua religious planned temple site. Defendant wants to keep trespassing onto Plaintiff's property to save money & time by dumping water pipes, base rock, & trash on Plaintiff's property; instead of having to drive **30** minutes to Heaps Peak Disposal Site, **29898** CA-**18**, Running Springs, CA **92382** to dump base rock, trash, & water pipes.

### D.  Trespassing without Warrant

Defendant interfered with Plaintiff's civil rights on & for some time prior to **2021** (& continuing to the present date) by intimidation or coercion in that Defendant acted violently against Plaintiff Lynn Macy from exercising Plaintiff's right to unreasonable search from Defendant trespassing onto Plaintiff's property without warrant. The statutory basis for liability falls under the San Bernardino Municipal Code **12.24.020** of such bond as required in Section **12.24.010** shall be in accordance with the provisions of the general law. (Ord. **2386**, **9-05-61**) Defendants conduct has become a traditional method of carrying out policy by illegally trespassing onto Plaintiff's private property, destruction of private property, & stealing Plaintiff's property. It has become Defendant's standard operating procedure because Defendants are not being regulated or checked.

According to **25** CFR § **11.411** - Criminal trespass: "This section prohibits entering or remaining in a place where notice against trespass is given, either verbally or in writing." Plaintiff had multiple "No Trespassing" signs posted & chains across Plaintiff's private property, which Defendant grinded, cut down, took down, destroyed, &/or stole. Defendant illegally trespassed onto Plaintiff's private property multiple times to harm Plaintiff & dump base rock, trash, &

water pipes onto Plaintiff's private property without permission. Defendant is determined to continue trespassing onto Plaintiff's private property & take advantage of their position: to harm Plaintiff & keep dumping base rock, trash, & water pipes onto Plaintiff's property because it saves Defendant's money.

### E.   Destruction of Private Property

CSA-18 Supervisors Glen Jacklin & Rudy Guerrero had a meeting to steal Plaintiff's cables & signs on & for some time prior to 2021 (& continuing to the present date). Defendant CSA-18 Supervisors Glen Jacklin & Rudy Guerrero made the decision to order workers to trespass & steal Plaintiff's sign; thought the sign was Defendant's property. Witnesses: Jeff Macy, Josiah Macy, & Jodiah Macy saw 2 regular workers ordered by CSA-18 Supervisors Glen Jacklin & Rudy Guerrero (managerial misconduct), trespass onto Plaintiff's property, unbolted chain off Plaintiff's sign, (breaking & destruction of private property) Plaintiff's 12 glass jars broken, left glass shards all over Plaintiff's road, & stole Plaintiff's sign & bolts, & put in back of Defendant's white "County of San Bernardino" truck. Defendant told Plaintiff & family that if Plaintiff had a problem with Defendant trespassing & destroying Plaintiff's property, to fill out a claim & send it back to Defendant, then Defendant would forward the claim to the San Bernardino Risk Management Department. Plaintiff is suing Defendant CSA-18 because Plaintiff filled out the claim, sent the claim to CSA-18 back in 2021, but CSA-18 did not forward the claim to the San Bernardino Risk Management Department, who is supposed to take care of these matters & settle them, to prevent Plaintiff from having to go to court. Plaintiff discovered on 2/27/2023 that Defendant CSA-18 factually did not file Plaintiff's complaint or claim against Defendant CSA-18 with County of San Bernardino Risk Management, which Defendant CSA-18 claimed to have filed back in 2021. 2 months later Defendant CSA-18 said Risk

Management denied Plaintiff's claim, without giving Plaintiff any paperwork to prove it or even a case number.

Officer Mark Sandavol told Plaintiff & Family that it was CSA-18 that trespassed onto Plaintiff's property & grinded, cut down, & stole Plaintiff's cables & signs. Defendant CSA-18 admitted to damaging Plaintiff's property, but **Sheriff Officer Mark Sandoval** refused to prosecute Defendant CSA-18 employee's saying, **"We don't normally arrest County Officials" to Jeff Macy**. Defendant CSA-18 cut down Plaintiff's cables with a grinder many times & 1-time unbolted cable in front of Jeff Macy, Josiah Macy, & Jodiah Macy. CSA-18 caused 12 glass lights to be broken & left the broken glass shards all over Plaintiff's private road (destruction of private property California Penal Code § 594 PC). Defendant CSA-18 has been dumping base rock, trash, & water pipes on Plaintiff's property for years without permission.

The federal code on destruction of private property is primarily governed by 18 U.S. Code § 1361. This code section protects "any property" of the United States from willful depredation or attempted depredation. Defendant CSA-18 has caused the destruction of Plaintiff's property multiple times. Defendant illegally trespassed onto Plaintiff's private property many times to dump base rock, trash, & water pipes onto Plaintiff's private property without permission. Defendant has also trespassed onto Plaintiff's property to steal signs & cut, grind, & steal Plaintiff's cables. Defendant factually saves County money & time by trespassing onto Plaintiff's property to dump trash, water pipes, & base rock because Defendant won't have to go far; since Plaintiff's property is located near Mojave River Rd. End of District 516 B1-D1/ C2-D2/C3-D3," which is required to be maintained by Defendant CSA-18.

### F.   Extortion

Defendant's CSA-**18** Special Districts Public Works extorted money from Plaintiff by forcing Plaintiff to pay for an address or the Defendant would not remove the notice from the building & safety department division, which is a misdemeanor ticket, that puts a lien on Plaintiff's house, & to steal Plaintiff's property. Plaintiff was also not allowed to customize the address. Plaintiff was forced to pay for something she did not want. Plaintiff was forced to get an address for vacant property.

Hobbs Act (**18** U.S.C. § **1951**): "The Hobbs Act defines extortion as the obtaining of property from another person through the use of force, fear, or threats." Defendant is using force & fear on Plaintiff by cutting down Plaintiff's cables with a grinder & taking down Plaintiff's **3/8**" chain & "No Trespassing" signs to the Yeshua religious planned temple site. Defendant is disabling & preventing Plaintiff's property to be secured. Defendant is trying to take Plaintiff's property, so Defendant can continue trespassing & dumping water pipes, trash, & base rock on Plaintiff's property.

Extortion by Officers or Employees of the United States (**18** U.S.C. § **872**): This statute makes it a crime for an officer or employee of the United States, or someone who represents themselves as such, to commit or attempt an act of extortion under color of office or employment. Such as Plaintiff receiving a ticket from San Bernardino County Code Enforcement for Defendant CSA-**18** causing an RV to be put on Plaintiff's Macy Land property because Defendant cut, grinded, & stole Plaintiff's cables/chains & "No Trespassing" signs, which would have prevented trespassing squatters & a trashed RV to be on Plaintiff's property. Citation #: C**230021514** ticket from San Bernardino County Code Enforcement & Case #: CSE-**2023-14000**.

PAGE 16

Defendant County CSA-**18** conspired with the County of San Bernardino to extort money & force Plaintiff to have an unwanted address & made Plaintiff pay for the address. Defendant & San Bernardino County are conspiring against elderly Plaintiff for the root of all evil, money. Intentionally giving Plaintiff an address that doesn't work; gave plaintiff an even number address, when Plaintiff's private property is located on the odd side of the road. Clearly Religious Discrimination because Plaintiff is not being treated the same way a non-religious person would be treated. Plaintiff's property address should have been **1** Macy Land Way. Plaintiff owns **36** acres of land, for making a religious temple, & should have been given a custom address. Defendant & San Bernardino County also refused to change the name of the road, even though Plaintiff owns acres of land. Instead of helping Plaintiff, Defendant & San Bernardino County are conspiring together for religious discrimination against Plaintiff's religious project. Even to this day, Defendant won't answer calls, emails, or respond to Plaintiff or Family. Defendant is being revengeful & doing retaliatory actions against elderly Plaintiff Lynn Macy for exposing Defendant's wrongdoings & holding Defendant accountable.

Defendant is also conspiring with San Bernardino County & many other County departments to extort money & work against Plaintiff to stop & prevent the religious temple being built. County Sheriff Department is also conspiring with Defendant CSA-**18** by refusing to give Plaintiff a case # against Defendant for theft, destruction of private property, & trespassing.

On & for some time prior to **2021** (& continuing to the present date), instead of helping & assisting plaintiff to make sure nothing prevents Plaintiff's religious organization temple being built, Defendant & San Bernardino County are conspiring & stopping the project by not maintaining roads, trespassing,

PAGE 17

dumping trash, stealing private property, & giving fines to extort money from Plaintiff. San Bernardino County still has not given Plaintiff a lot line adjustment or variance for property, only giving Plaintiff fines for weed abatement, even though the neighbors around Plaintiff's property aren't enforced to abate their weeds. Plaintiff & Family is not being treated like a proper religious organization, instead being targeted & discriminated against.

RLUIPA stands for "The Religious Land Use & Institutionalized Persons Act." Among other things, this federal law protects religious institutions from unduly burdensome or discriminatory land use regulations. Under 42 U.S.C. § 2000cc-2(a), a plaintiff who asserts a violation of the RLUIPA in a judicial proceeding may obtain "appropriate relief" against a government. In Freedom Baptist Church of Delaware County v. Township of Middletown, 204 F.Supp.2d 857, 860 fn. 2 (E.D. Pa. 2002), the court recognized that even if a church is ultimately successful in obtaining desired zoning relief, damages may be assessed against the municipality for out-of-pocket losses such as the cost of seeking a variance & for intangible injuries such as anxiety & distress suffered by church members. Standing to sue under the Act is governed by the general rules of standing under Article III of the Constitution. 42 U.S.C. § 2000cc-2(a). Defendant is violating Plaintiff's protection from Religious Discrimination & targeting Plaintiff's Yeshua religious planned temple site. Defendant CSA-18 cut down Plaintiff's cables with a grinder & took down Plaintiff's 3/8" chain & "No Trespassing" signs, disabling & preventing Plaintiff's property to be secured.

The RLUIPA suggests that the government cannot thwart religious development of property. The term "land use regulation" is defined in the Act as "a zoning or landmark law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land)

...." 42 U.S.C. § 2000cc-5(5). The RLUIPA's general rule states: "No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution." Religious Exercise (B) Rule: "The use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose." Defendant has violated the RLUIPA by stopping & preventing Plaintiff's Yeshua Temple project by trespassing, dumping trash, stealing private property, & not doing Defendant's job of maintaining roads. Plaintiff & Family are not being treated like a proper religious organization, instead being targeted & discriminated against. Defendant is destroying Plaintiff's property & disabling Plaintiff's security, so Plaintiff will be discouraged to build a Religious Temple which helps the community for free.

### IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court to dismiss Defendant's instant Motion to Dismiss Plaintiff's First Amended Complaint.

By Plaintiff: _Lynn Macy_

Lynn Macy

Date: _7/15/2024_

PAGE 19

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of **18** years & not a party to nor interested in the within action. My address is 26175 Augusta Way, Lake Arrowhead, CA 92352.

On _7/15/2024_ I served the following documents (*specify*): **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I served the documents on the persons below, as follows:

Seonhae Shin (CA State Bar No. **308262**), Deputy County Counsel, Attorney for Defendant CSA-**18** SPECIAL DISTRICTS PUBLIC WORKS

Tom Bunton (CA State Bar No. **193560**), County Counsel, Attorney for Defendant CSA-**18** SPECIAL DISTRICTS PUBLIC WORKS

385 North Arrowhead Avenue, Fourth Floor,

San Bernardino, CA 92415-0140

Telephone: (909) 387-5461

Facsimile: (909) 387-4069

E-mail: kellie.shin@cc.sbcounty.gov

[ X ] **By e-mail or electronic transmission**. Pursuant to California *Code of Civil Procedure* § 1010.6(e), per agreement of parties, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America, that the above is true & correct.

Date: _7/15/2024_

PAGE 20

*Jerusha Macy*
Jerusha Macy

April 30, 2024

Claim Number  143533

# RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION of the payment to Me/Us at this time of the sum of **FIVE-HUNDRED AND 00/100***********************************************Dollars **($500.00)**, the receipt of which is hereby acknowledged, I / We, being of lawful age, do hereby release, aquit, and forever discharge **The County of San Bernardino and Land Use Services Department,** ET AL., and all other persons and entities of and from any and all actions, causes of action, claims, demands, damages, costs, loss of service, expenses and compensation, on account of, or in any way growing out of , any and all known and unknown personal injuries and property damage resulting or to result from the accident that occurred on or about January 4, 2023 at or near Cedarpines Park and/or Lake Arrowhead, CA.

I / WE hereby declare and represent that the injuries sustained are permanent and progressive and that recovery therefore is uncertain and indefinite, and in making this release and agreement it is understood and agreed that I / We rely wholly upon MY / Our own judgement, belief and knowledge of the nature, extent and duration of said injuries, and that I / We have not been influenced to any extent whatever in making this release by any representations or statements regarding said injuries, or regarding any other matters, made by the persons, firms or corporations who are hereby released, or by any person or persons representing his or them, or by any physician or surgeon by him or them employed.

IT is further understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of **The County of San Bernardino and Land Use Services Department** et als. , by whom liability is expressly denied.

ALL rights given by Section 1542 of the Civil Code of California, which is quoted below, are waived by the Undersigned.

THIS release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are Contractual and not a mere recital.

I / WE further state and I / We have carefully read the foregoing release and know the contents thereof, and I / We sign the same as My / Our own free act and it is My / Our intention to be legally bound hereby.

WITNESS _____ and seal at _____ this day _____ of _____, 2024.

In presence of:                                   CAUTION!   READ BEFORE SIGNING

------------------------------ )

                                   ----------------------------------------------------------- )
                                   Jeff & Lynn Macy

------------------------------ )            -----------------------------------------------------------

CIVIL CODE 1542: " A general release does not extend to claims which creditor does not know or Suspect to exist in his favor at the time of executing the release, which if known by him must have materially Affected his settlement with the debtor."

Release of all claims