**SEONHAE SHIN** (CA State Bar No. 308262)
Deputy County Counsel
**TOM BUNTON** (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5461
Facsimile: (909) 387-4069
E-Mail: kellie.shin@cc.sbcounty.gov

Attorneys for Defendant CSA-18 SPECIAL DISTRICTS PUBLIC WORKS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MACY, as an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CSA-18 SPECIAL DISTRICTS PUBLIC WORKS, a public entity,<br><br>　　　　Defendant. | Case No. 5:24-cv-00902-AB-SHK<br><br>**DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Case Assigned to:<br>Honorable District Court Judge Andre Birotte Jr.<br><br>Referred to:<br>Honorable Magistrate Judge Shashi H. Kewalramani |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

　　**PLEASE TAKE NOTICE** that Defendant CSA-18 SPECIAL DISTRICTS PUBLIC WORKS ("Defendant) hereby submit its Reply to Plaintiff Lynn Macy's ("Plaintiff") Opposition to Defendant's Motion to Dismiss ("Opposition").

///

I.

# INTRODUCTION

As with the operative First Amended Complaint ("FAC") subject to this Motion, Plaintiff's Opposition fails to address the defects of this action. Instead, the Opposition primarily regurgitates the Motion's factual allegations and improperly asserts additional allegations not contained in the FAC. Further, Plaintiff has improperly included additional causes of action in her Opposition, which were not alleged in her FAC. Moreover, Plaintiff relies on legal authority in support of her causes of action, which are inapplicable and do not support the alleged claims. In short, nothing in Plaintiff's Opposition addresses or resolves the significant legal and factual deficiencies contained in the FAC. Accordingly, this Court should grant this instant Motion without leave to amend.

II.

# PLAINTIFF'S OPPOSITION'S IMPROPERLY RAISES NEW CLAIMS

Plaintiff's FAC asserts the following causes of action: (1) unreasonable search; (2) municipal and supervisorial liability; (3) intentional infliction of emotional distress ("IIED"); (4) Forced demotion Permit; (5) Forced address; (6) Trespass; (7) Failure to do Public Record Request; and (8) Excessive Fines. Id. ¶¶ 11-33. In Plaintiff's Opposition, she asserts the following causes of action: (1) Fourth Amendment violations; (2) municipal and supervisorial liability; (3) IIED; (4) Trespass; (5) Destruction of Private Property; and (6) Extortion. Plaintiff also seems to be alleging violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). Opposition p. 17–19. Plaintiff has improperly added new causes of action in her Opposition: destruction of private property, extortion, and violation of RLUIPA, which is not permitted by law.

In Dearwester, a pro se plaintiff in his opposition to defendant's motion to dismiss tried to assert additional claims, to which the court stated that "an opposition to a motion to dismiss is not an appropriate place to raise and argue new claims or identify new defendants" Dearwester, 2015 WL 3705822, at *3; see also Forrett v. Gourmet Nut, Inc.,

634 F. Supp. 3d 761, 765 (N.D. Cal. 2022) ("Plaintiff may not use his opposition to raise and argue new allegations or claims not in the complaint"); see also <u>Schneider v. California Dep't of Corr.</u>, 151 F.3d 1194, 1197 (9th Cir. 1998) (In determining a MTD, a court "may not look beyond the complaint…such as a memorandum in opposition to a defendant's motion to dismiss"); see also <u>Rhudy v. Melendez</u>, No. 16CV3026 JAH (BGS), 2018 WL 785820 (S.D. Cal. Feb. 8, 2018), <u>report and recommendation adopted,</u> No. 16CV03026 JAH-BGS, 2018 WL 1410775 (S.D. Cal. Mar. 21, 2018) (S.D. Cal., Feb. <u>Rhudy</u>, 2018 WL 785820, at *2, <u>report and recommendation</u> (Court stating that it will not consider new allegations in an opposition to an MTD to evaluate sufficiency of Complaint under Rule 12(b)96), but will consider them for purposes of leave to amend.).

Further, Plaintiff has not set forth any arguments in the Opposition to the dismissal of the following causes of action: forced demolition permit, forced address, failure to do a Public Record Request, and excessive fines.  Lack of arguments challenging these causes of action are equivalent to Plaintiff's agreement that these causes of action should be dismissed without leave to amend.

### III.
### PLAINTIFF'S CLAIM FOR FOURTH AMENDMENT VIOLATIONS STILL CONTAIN ONLY CONCLUSORY ALLEGATIONS

Plaintiff's Opposition alleges that "Defendants were integral participants in the wrongful entry & inspection." Opposition p. 5. Plaintiff alleges the entry and inspection occurred "prior to 2021." <u>Id.</u>  Plaintiff's Opposition fails to allege what/which property Defendant purportedly entered and inspected and provided an extremely overbroad time frame during which the entry occurred—"prior to 2021." <u>Id.</u> Plaintiff also alleges that this violation is continuing but failed to allege the factual circumstances surrounding the continuing violations. If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to

comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); Exmundo v. Kane, 553 F. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of Section 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions"). Thus, this cause of action should be dismissed without leave to amend.

## IV.

## PLAINTIFF'S MONELL ALLEGATIONS AGAINST DEFEDANT ARE INSUFFICIENT AND RELIES ON INAPPLICABLE LEGAL AUTHORITY

To state a claim for municipal liability under § 1983, a plaintiff must plead that: "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the policy was the moving force behind the constitutional violation." Lockett v. Cnty. of Los Angeles, 977 F.3d 737, 741 (9th Cir. 2020).

Plaintiff's Opposition has failed to identify a specific County policy that allegedly caused her to be deprived of a constitutional right. Plaintiff has cited to a San Bernardino County Municipal Code section 601, Article VI pertaining to Ethics and Election Integrity. Opposition p. 7. The FAC does not identify any official County policy or well-settled custom of Defendant with respect to the employment, retention, supervision, training, control, assignment, discipline, and maintenance of procedures for their employees. Further, Plaintiff failed to allege any facts from which the Court plausibly may infer that their constitutional rights were denied pursuant to an official policy, custom, or practice of Defendant.

Also, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 123 (1992) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989)). Plaintiff's Opposition failed to allege any causal link. Also, "liability for improper custom

4

DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), holding modified by Navarro v. Block, 250 F.3d 729 (9th Cir. 2001), holding modified by Navarro v. Block, 250 F.3d 729 (9th Cir. 2001). Plaintiff has not alleged any facts to show any sufficient duration, frequency or consistency other than to allege that vague incidents occurred for "some time prior to 2021." Opposition, p. 8.

## V.

## PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED AN UNCONSTITUTIONAL FAILURE TO TRAIN

Plaintiff also alleges in her Opposition that "Defendant inadequately supervising, training, controlling, assigning & disciplining CSA-18 Special Districts Public Works officers & other personnel…" Opposition. p. 7. "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). An inadequate training claim requires plaintiffs to show deliberate indifference to a constitutional right. A plaintiff must identify how the municipality's training was inadequate and how the inadequate training represents municipal policy. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006). In addition, the plaintiff must show more than one employee was inadequately trained; there must be a widespread practice. A pattern of similar constitutional violations is necessary to demonstrate that the municipal policymakers were on notice that employees needed training. Connick, 563 U.S. at 62. Without notice that a course of training is deficient in a particular respect, decisionmakers cannot be said to have deliberately chosen a training program that will cause violations of constitutional rights. Id. at 71–72.

Here, Plaintiff's conclusory allegations that the training was inadequate are insufficient to state a Monell claim. Plaintiff does not identify the training policy, how the County failed to train its employees, what topics were not covered in the training, how the

training was deficient, or how the inadequate training represents a municipal policy. See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009) (holding that under Iqbal, where a "complaint does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused [p]laintiffs' harm," such threadbare conclusory allegations do not support a Monell claim); Canas v. City of Sunnyvale, No. C08-5771 JF PSG, 2011 WL 1743910, at *6 (N.D. Cal. Jan. 19, 2011). There are no facts in the FAC to show that the need for more or different training was obvious to the County and the inadequacy in training was likely to lead to a violation of constitutional rights, or that the County had actual or constructive notice that there was inadequate training and that it would likely result in a constitutional violation. Plaintiff's vague and conclusory allegations are woefully insufficient to state a Monell claim against Defendant.

## VI.

## THE FAC FAILS TO SUFFICIENTLY ALLEGE AN IIED CAUSE OF ACTION

The FAC does not contain any allegations of extreme or outrageous conduct. As discussed above, the FAC alleges what appears to be a series of separate incidents in which Plaintiffs received citations or notices from Defendant or other county entities. While Plaintiff may be upset, frustrated, or displeased by this event, the alleged conduct does not "exceeded the bounds of what is generally tolerated in a civilized society." Braunling v. Countrywide Home Loans Inc., 220 F.3d 1154, 1158 (9th Cir. 2000). Plaintiff has not plausibly stated an intentional infliction of emotional distress claim under California law. Instead, Plaintiff alleges at length about her psychological and emotional injuries. Opposition p. 8–13. However, Plaintiff has failed to allege the statutory basis for liability or an authorizing statute to bring this claim against a public entity. Further, the FAC merely concludes extreme, outrageous, despicable, malicious, wanton, oppressive conduct, it is absent of facts showing when, where, or how this extreme conduct occurred. FAC ¶ 14.

In <u>VNT Property</u>, the Federal Court noted that Government Code Sec. 821.6 provides immunity for a public employee against injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of employment. The Court found in that case that Defendants' action was in their official capacities when they investigated code violations in a code enforcement proceeding. Thus, Defendants were absolutely immune from the state law claims. <u>VNT Property 1, LLC</u>, 2015 WL 12762257, at *10 (citing <u>Shanko v. Lake Cnty.</u>, 116 F. Supp. 3d 1055 (N.D. Cal. 2015) ("Under California law, Plaintiff cannot state a claim against any of the Defendants for intentional infliction of emotional distress in connection with their decisions relating to the County's enforcement of its building code or permitting process.") Thus, this claim fails.

## VII.
## PLAINTIFF'S TRESPASS CLAIM FAILS AS IT RELIES ON INAPPLICABLE LEGAL AUTHORITY

Plaintiff relies on inapplicable San Bernardino <u>City</u> municipal code ("SBMC") sections 12.24.020 and 12.24.010 in support of this cause of action. SBMC sections 12.24.010 and 12.24.020 pertain to public works contracts and a contractor's compliance with surety company bond requirements, which is completely irrelevant here. Also, a County public entity is not bound to a City's municipal code section. A City's municipal code section only has binding authority on individuals and entities within the local jurisdiction in which they are enacted, which is not the case here.

Plaintiff also incorrectly relies on 25 C.F.R. § 11.411, which is a statute pertaining to the Burean of Indian Affairs Courts of Indian Offenses and criminal trespass. "Generally, criminal statutes do not confer private rights of action ...." <u>Bailey v. Clarke</u>, No. 12-CV-1100-IEG KSC, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012) (citing <u>Stupy v. U.S. Postal Serv.</u>, 951 F.2d 1079, 1081 (9th Cir. 1991)). Thus, Plaintiff's allegations that Defendant violated a state criminal statute does not create a cognizable

civil claim that she may pursue in this action. *See* Ellis v. City of San Diego, Cal., 176 F.3d 1183, 1189 (9th Cir. 1999), as amended on denial of reh'g (June 23, 1999), as amended on denial of reh'g (June 23, 1999) (affirming district court's dismissal of sixteen claims based on California Penal Code sections because "these code sections do not create enforceable individual rights"); Sohal v. City of Merced Police Dep't, No. CV F 09-0160 AWI DLB, 2009 WL 961465, at *7 (E.D. Cal. Apr. 8, 2009) ("This court and courts of this circuit routinely dismiss claims based on violation of state criminal statutes where the language of the statute does not confer a private right of action."); Bonty v. Escutia, No. 107CV00428-LJO-GSAPC, 2007 WL 3096587, at *3 (E.D. Cal. Oct. 22, 2007) (citing Chrysler Corp. v. Brown, 441 U.S. 281 (1979) in holding that a plaintiff may not impose liability on defendants for violation of penal code sections*).* Absent a clear indication from Congress, courts should not infer a civil cause of action from a criminal statute. See Chrysler Corp., 441 U.S. at 316. Thus, this claim fails.

## VIII.

## PLAINTIFF'S CLAIM FOR "DESTRUCTION OF PRIVATE PROPERTY" IS IMPROPER AND RELIES ON INAPPLICABLE LEGAL AUTHORITY

As discussed above, Plaintiff improperly adds this cause of action in her Opposition and relies on legal authority found in 18 U.S.C.A. § 1361, which pertains to destruction of property owned by or under the control of the federal government. Nothing in Plaintiff's FAC alleges that the property at issue is under the ownership or control of the United States government. Rather, the opposite is alleged, Plaintiff claims that all property at issue is her private property. Since there are no allegations in the FAC or Opposition regarding the destruction of property owned by the United States government in the FAC, this claim fails.

///

///

///

## IX.
## PLAINTIFF IMPROPERLY ADDED EXTORTION AS A CAUSE OF ACTION AND RELIES INAPPLICABLE LEGAL AUTHORITY

Plaintiff improperly adds this cause of action in her Opposition and relies on legal authority found in 18 U.S.C.A. § 1361 (Hobbs Act), which pertains to interference with commerce by threats or violence. Again, there are no allegations in Plaintiff's FAC regarding any interference with <u>interstate or foreign commerce</u> or how the issuance of a notice from Building and Safety division affected any commerce. Also, this is a criminal statute and as stated above, absent a clear indication from Congress, courts should not infer a civil cause of action from a criminal statute. *See* <u>Chrysler Corp.</u>, 441 U.S. at 316 Plaintiff also relies on 18 U.S.C.A. § 872, which pertains to extortion by <u>officers or employees of the United States</u>. Plaintiff has not alleged any officer or employee of the United States has committed extortion.

## X.
## PLAINTIFF IMPROPERLY ADDED A CAUSE OF ACTION FOR VIOLATION OF RELIGIOUS LAND USE ACT

The Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the imposition or implementation of a <u>land use regulation</u> in a manner that imposes a substantial burden on the religious exercise of a person including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution: (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C.A. § 2000cc. Here Plaintiff failed to identify a land use regulation that imposed a substantial burden on her religious activity. Rather Plaintiff alleged that Defendant's trespass, failure to maintain roads, removing signs, and dumping trash discouraged him from building a religious temple. Thus, this claim fails.

///

# XI.
# CONCLUSION

Based on the foregoing, and the arguments set forth fully in the underlying Motion, this Court should grant this instant Motion without leave to amend.

DATED: June 17, 2024

TOM BUNTON
County Counsel

By: _____
SEONHAE SHIN
Deputy County Counsel
Attorneys for Defendant

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On July 17, 2024, I served the following documents (*specify)*:   **DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I served the documents on the persons below, as follows:

Lynn Macy, in Pro Per
P.O. Box #103
Twin Peaks, CA 92391
Tel: 909-744-8480
Email: 1611Bible.us@gmail.com

☒ **By United States Mail.**   I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **By e-mail or electronic transmission.**   Pursuant to California *Code of Civil Procedure* § 1010.6(e), per agreement of parties, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

DATED: July 17, 2024

                                     */s/ Josephine DuSold*
                                   Josephine DuSold, Declarant