UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MACY,<br><br>            Plaintiff,<br><br>       v.<br><br>CSA-18 SPECIAL DISTRICTS PUBLIC WORKS,<br><br>            Defendant. | Case No. 5:24-cv-00902-AB-SHK<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S MOTION TO DISMISS** |

This Report and Recommendation ("R&R") is submitted to the Honorable André Birotte Jr., United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.   SUMMARY OF RECOMMENDATION

Before the Court is Defendant CSA-18 Special District Public Works' ("Defendant" or "CSA-18") motion titled "[Federal Rule of Civil Procedure ("Rule")] 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint" ("Motion to Dismiss" or "MTD"). Electronic Case Filing Number ("ECF No.") 15, MTD.

/ / /

The Magistrate Judge recommends that: (1) Defendant's Motion to Dismiss be **GRANTED;** (2) the First Amended Complaint ("FAC") be **DISMISSED** without prejudice and leave to amend; and (3) Plaintiff Lynn Macy ("Plaintiff") be **ORDERED** to file an amended complaint within 21-days of an Order Accepting this R&R if she wishes to pursue this action further.

## II.   BACKGROUND

### A.   Relevant Procedural History

On April 26, 2024, Plaintiff filed a complaint ("Complaint") against CSA-18, alleging civil rights claims under 42 U.S.C. §§ 1983 ("§ 1983") and 1985 ("§ 1985") and state law claims.  ECF No. 1, Compl.  Plaintiff filed two Requests to Proceed In Forma Pauperis ("IFP"), each of which the Court denied.  See ECF Nos. 3; 5; 6; 7.  On May 22, 2024, the Court received Plaintiff's payment of the filing fee.  ECF No. 8.

On May 30, 2024, Plaintiff filed the FAC, ECF No. 11, and on June 20, 2024, Defendant filed the MTD, ECF No. 15.  On July 15, 2024, Plaintiff filed an opposition to the MTD ("Opposition"), ECF No. 26, and o July 17, 2024, Defendant filed a reply in support of the MTD ("Reply"), ECF No. 27.

On July 21, 2024, Plaintiff filed a Motion for Summary Judgment ("MSJ"). ECF No. 28, MSJ.  On July 29, 2024, the Court issued an Order Denying Plaintiff's Motion for Summary Judgment Without Prejudice ("Order re MSJ"), which denied the MSJ without prejudice pending resolution of the MTD.  ECF No. 30, Order re MSJ.

On July 29, 2024, Plaintiff filed a Second Amended Complaint ("SAC"), ECF No. 31,  to which Defendant filed Objections, on August 5, 2024, ECF No. 32.  On August 8, 2024, Plaintiff filed a Request to Accept the SAC, ECF No. 33, and on August 15, 2024, the undersigned Magistrate Judge issued an Order Denying the Request to Accept the SAC and struck the SAC ("Order re SAC"), pending resolution of the MTD, ECF No. 34.

B.      **Plaintiff's FAC**

  1.      **Allegations**

In the FAC, Plaintiff alleges CSA-18 "is and at all times relevant a public entity located in the County of San Bernardino[.]" ECF No. 11, FAC at ¶ 4. Plaintiff alleges CSA-18 "intentionally deprived the interest of Plaintiff's property through the unauthorized act ([t]respassing on Plaintiff's private property, not allowing Plaintiff[] to drive due to failure to repair roads) and causing loss" and "CSA-18 [s]upervisors allowed workers to trespass onto Plaintiff's property." Id. at ¶ 6. Plaintiff alleges CSA-18: (1) "did not file Plaintiff's complaint or claim against [them] with the County of San Bernardino Risk Management," despite claiming to have done so and telling Plaintiff the claim was denied "back in 2021"; (2) "admitted to damaging Plaintiff's property to the police"; (3) "took down Plaintiff's cables, which caused all glass lights to be broken"; (4) "dump[ed] base rock, trash, waterflow, and water pipes on Plaintiff's property for years without permission"; (5) "stole[] Plaintiff's 2x2 in. signs"; (6) "took down another 'No Trespassing, Kids at Play' sign"; (7) "cut down tree branches to remove Plaintiff[']s 5/8[] [in.] chain, [and] stole fences"; and (8) "won't repair Burnt Mill Canyon Road, which Defendant is responsible [sic] to repair." Id.

Plaintiff further alleges she "has not been able to drive to [the] lower side of Plaintiff's property to clear trash neighbors have dumped." Id. at ¶ 7. "Plaintiff has had to walk miles to get to her property to perform demolitions and trash removal[.]" Id. Plaintiff adds she "is at constant risk of getting towed by parking at the last part of the drivable road." Id. Plaintiff "made a claim against Defendant on 2/16/2023, but [it] was denied." Id.

Plaintiff alleges CSA-18 "[e]lderly [a]buse [84-year-old] Plaintiff . . . by giving constant notices, trespassing . . . , and constantly reporting trash in front of Plaintiff's trash cans or leaves on Plaintiff's roof to harass Plaintiff." Id. at ¶ 9. Plaintiff further alleges CSA-18 fined her for having an RV on her land, but "CSA-

3

18 [wa]s responsible for the RV even being [on the land] in the first place because Defendant cut, removed, and stole Plaintiff's cables/chains which would have prevented squatters[.]" Id.

### 2. Causes of Action and Claim for Relief

Plaintiff alleges eight causes of action: (1) unreasonable search of Plaintiff's property by "wrongful entry and inspection" or "fail[ure] to intervene to prevent these violations against Plaintiff[,]" id. at ¶¶ 11-13; (2) municipal and supervisory liability under § 1983, id. at ¶¶ 14-19; (3) intentional infliction of emotional distress ("IIED"), id. at ¶¶ 20-24; (4) "forced demolition permit[,]" which alleges Defendant "forced Plaintiff to get a demolition permit" and entered onto Plaintiff's property in violation of the Fourth Amendment, id. at ¶¶ 25-27; (5) "forced address[,]" which alleges CSA-18 "forced Plaintiff to pay for an address" that "she did not want[,]" id. at ¶¶ 28-29; (6) "trespassing without warrant[,]" id. at ¶¶ 30-31; (7) "failure to do public record's requests[,]" which alleges "Defendant failed to fulfill public records requests from Plaintiff for what regulations Defendant has and who made the regulations; for Defendant to not follow the laws[,]" id. at ¶¶ 32-34; and (8) "excessive fines[,]" which Plaintiff alleges "Defendant has been excessively giving fines for trash" and "Defendant violated the law because Defendant drove up a private road and trespassed onto Plaintiff's property to take pictures and give such fines to Plaintiff[,]" id. at ¶¶ 35-37.

Plaintiff seeks: (1) "compensatory damages in an amount of $100,000"; (2) "punitive damages on those claims"; (3) "interest on those claims"; (4) "cost of suit"; (5) "such other and further relief as this Court may deem to be just and proper." Id. at 11.[1]

/ / /

/ / /

---

[1] The citation is to page 11 of the FAC.

C. **MTD Arguments**

1. **Defendant's MTD**

In the MTD, Defendant moves for dismissal under Rule 12(b)(6) for failure to state a claim. ECF No. 15, MTD.

Defendant asserts that Plaintiff's FAC violates Rule 8(a) because Plaintiff failed to allege "any concrete details as to 'when' and 'where' any of the events, incidents, and encounters" occurred. Id. at 15.[2] Defendant argues "it is unclear whether any of the interactions or events [alleged in the FAC] are related to one another" and the FAC is "disjointed, making it difficult to ascertain what facts pertain to which claims." Id. In particular, Defendant argues Plaintiff's Fourth Amendment claim is deficient because "[t]he allegations in the FAC of an 'unreasonable search' of Plaintiff's property and incident(s) of trespass by unknown individuals, who may have worked for Defendant[,] are vague and terse at best." Id. at 18. Further, Defendant asserts Plaintiff failed to identify an official policy of custom required by Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) ("Monell") and, consequently, that Plaintiff's allegations are only vague and conclusory. Id. at 20-21. Defendant further argues Plaintiff's remaining claims are too vague, conclusory, and uncertain; and, thus, they fail to meet the requirements of Rule 8. See, e.g., id. at 23-25 (addressing Plaintiff's third through eighth causes of action).

Defendant also argues "[t]here is no common law tort liability for public entities in California" "except as otherwise provided by statute." Id. at 16-17. Defendant asserts "the FAC failed to allege the liability statutes or the authorizing statutes for the[] causes of actions [in the FAC] and in the absence of liability based on statute, Plaintiff's claims fail." Id. at 17.

///

---

[2] All page references are to the ECF-stamped page numbers.

5

1  Defendant further argues because California "Government Code [§] 821.6
2  provides immunity for a public employee against injury caused by instituting or
3  prosecuting any judicial or administrative proceeding within the scope of
4  employment[,]" id. at 22 (citation omitted), Defendant cannot be liable for any of
5  Plaintiff's claims related to Defendant or other County entities issuing citations,
6  notices, or fines, see id.

### 2. Plaintiff's Opposition

Plaintiff opposes the MTD stating she has stated a claim upon which relief may be granted. ECF No. 26, Opp'n at 2. However, in the Opposition, Plaintiff largely alleges facts, some of which do not appear in the FAC, for each cause of action rather than specifically addressing Defendant's arguments in the MTD. See generally id. at 5-19.

### 3. Defendant's Reply

In its Reply, Defendant argues Plaintiff improperly raises new claims in her Opposition. ECF No. 27, Reply at 2. Moreover, Defendant argues that Plaintiff's failure to address the arguments raised in the MTD are "equivalent to Plaintiff's agreement that these causes of action should be dismissed without leave to amend." Id. at 3. Specifically, Defendant contends "Plaintiff has not set forth any arguments in the Opposition to the dismissal of the following causes of action: forced demolition permit, forced address, failure to do a Public Record Request, and excessive fines." Id.

## III. LEGAL STANDARDS

### A. Motion To Dismiss Under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

6

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (internal citations omitted). This does not require a pleading to include detailed factual allegations and a "'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

However, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Ebner v. Fresh, Inc., 838 F.3d 958, 963 (9th Cir. 2016) (as amended) (quoting Iqbal, 556 U.S. at 679).

To the extent a factual allegation meets this standard, a court must accept the allegation as true at the pleading stage. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). Factual allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" do not meet the standard of facial plausibility and will not be accepted as true. In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

In analyzing a Rule 12(b)(6) motion, "the Court is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters suitable for judicial notice, as well as exhibits attached to the complaint." Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012), aff'd, 676 F. App'x 690 (9th Cir. 2017) (internal citations omitted).

Finally, if the Court finds the complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should

be granted if it appears possible for a plaintiff to correct the defects in the complaint, especially if the plaintiff is pro se.  Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, a court may dismiss without leave to amend.  Cato, 70 F.3d at 1107-11.

### B. Rule 8 Pleading Standard

Rule 8 requires that a complaint provide sufficient facts to give a defendant fair notice of the claims against them.  Conley v. Gibson, 355 U.S. 41, 47 (1957); Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (applying standard to Monell claims).  Rule 8 requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss."  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131-32 (9th Cir. 2008).  "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d).  A plaintiff must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, (2002) (citation omitted).  Specifically, a plaintiff must plainly state facts showing each individual defendant was directly and personally involved in inflicting the alleged injury.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

C. **Subject Matter Jurisdiction**

District courts have federal question "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between," among other things, "citizens of different States[.]" 28 U.S.C. § 1332(a).

Where a district court possesses original jurisdiction over an action, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case of controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even where a district court has supplemental jurisdiction, the court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claims providing for original jurisdiction; (3) the court dismisses all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction. See 28 U.S.C. § 1367(c). District courts have discretion to deal with supplemental claims "in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the [supplemental] jurisdiction doctrine." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172-73 (1997) (internal quotations and citations omitted).

D. **Monell Claim**

Local government entities such as counties can be sued directly under § 1983 for monetary or equitable relief where it is alleged that the entity's official or unofficial policy, custom, usage, or practice is the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 690, 694. A plaintiff can establish this "municipal liability" in one of three ways: (1) showing "a city employee

committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity[,]'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989)); (2) establishing that "'the individual who committed the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official governmental policy[,]" id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986)); or (3) proving that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it[,]" id. at 1346-47 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

"A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately." Lowery v. City of L.A., No. CV 18-9644-R (JPR), 2018 WL 6680569, at *6 (C.D. Cal. Dec. 19, 2018). A plaintiff who claims a failure to train must allege facts demonstrating: "(1) [plaintiff] was deprived of a constitutional right"; "(2) the municipality had a training policy that 'amounts to deliberate indifference to the constitutional rights of the persons with whom its police officers are likely to come into contact'"; and (3) plaintiff's "constitutional injury would not have happened had the municipality properly trained those officers." Id. at *7 (quoting Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007) (internal quotation marks, citation, and alterations omitted)).

Courts have found complaints that did not "'identify what the training or hiring practices were, how the training or hiring practices were deficient, or how the training and hiring practices caused [a] [p]laintiff['s] harm'" were insufficient to state Monell claims. Mong Kim Tran v. City of Garden Grove, No. SACV 11-1236 DOC, 2012 WL 405088, at *4 (C.D. Cal. Feb. 7, 2012) (quoting Young v. City of Visalia, 687 F. Supp. 2d. 1141, 1149 (E.D. Cal. 2009)).

In sum, "the standard for pleading municipal liability is not a low bar." Sabra v. Maricopa Cnty. Cmty. Coll. Dist., 44 F.4th 867, 891 n.9 (9th Cir. 2022) (citations omitted).

## IV. DISCUSSION

### A. The FAC Violates Rule 8.

Rule 8 requires that a complaint clearly establish the claims and parties such that a defendant would have "no difficulty in responding to the claims with an answer and/or with a Rule 12(b)(6) motion to dismiss." Hearns, 530 F.3d at 1131-32. "Neither the court nor the defendants should be compelled to cull through pages of rambling narrative, argument and needless digression to discover the factual bases for [Plaintiff's] claims." Jacobson v. Schwarzenegger, 226 F.R.D. 395, 397 (C.D. Cal. 2005).

Here, Plaintiff's FAC should be dismissed because, as a whole, it fails to provide Defendant with a concise summary of which specific individuals violated her rights, when exactly these violations occurred, and how the facts underlying Plaintiff's claims support cognizable federal claims. First, the FAC alleges several incidents of purported trespass and interference with her property, but the FAC lacks specific dates for each of these incidents. See generally ECF No. 11, FAC. Plaintiff, instead, alleges that beginning from some unknown date in 2021 "until today" Defendant has been violating her rights, Defendant "has been dumping base rock, trash, waterflow, and water pipes on Plaintiff's property for years without permission[,]" and "[f]or 18 years Plaintiff has been getting unfounded code violation notices." See ECF No. 11, FAC at ¶¶ 6-9 (emphasis added). Plaintiff describes specific incidents of Defendant's conduct, such as Defendant "took down Plaintiff's cables" and "took down another 'No Trespassing, Kids at Play' sign[,]" id. at ¶ 6, and states she "ha[s] report #'s for most incidents[,]" id. at ¶ 9, but Plaintiff does not provide specific dates for either when these events occurred or

when she reported them. The FAC thus violates Rule 8 for the first reason that Plaintiff fails to provide specific dates or clear timelines for the facts alleged.

Second, Plaintiff fails to identify the specific CSA-18 employees who are allegedly responsible for violating her rights. For example, Plaintiff alleges "Defendants CSA-18 Supervisors allowed workers to trespass onto Plaintiff's property[,]" id. at ¶ 6, but Plaintiff does not identify which workers she encountered on her property or which supervisors authorized such conduct. Plaintiff also alleges Defendant "claim[ed] to have filed [a complaint on Plaintiff's behalf] back in 2021[,]" two "months later . . . said Risk Management denied Plaintiff's claim[,]" and "admitted to damaging Plaintiff's property to the Police[,]" but Plaintiff does not identify which CSA-18 employee told her the complaint was filed or admitted to the alleged damage to the police. See id. Likewise, Plaintiff claims CSA-18 employees trespassed onto her land, "falsely claim[ing] to be looking for a well[,]" but Plaintiff again does not indicate who made that statement. Therefore, the FAC is deficient for the second reason that it fails to identify specific persons responsible for the alleged conduct underlying Plaintiff's claims.

Third, the FAC otherwise fails to allege sufficient facts to support a legally cognizable federal claim. See Swierkiewicz, 534 U.S. at 512 (A plaintiff must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (internal quotation marks and citation omitted)). Specifically, as to Plaintiff's Fourth Amendment claim, Plaintiff essentially alleges that all CSA-18 employees are "integral participants to the wrongful entry and inspection" of Plaintiff's land, but Plaintiff fails to identify who entered her land, when her land was entered, and the circumstances surrounding each specific incident of alleged trespass. See ECF No. 11, FAC at ¶¶ 11-13. Nonspecific allegations that some unknown individuals stole items from Plaintiff's land and entered it at some unknown time are not sufficient. As to Plaintiff's municipal and supervisory

liability claim under Monell, the FAC fails to identify a specific policy or "what the training or hiring practices were [and] how the training or hiring practices were deficient[.]" Tran, 2012 WL 405088, at *4. The FAC also contains no facts supporting an inference of a custom "of using excessive trespassing." ECF No. 11, FAC at ¶ 15(e); see Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014) (Monell liability "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (citations omitted)). Therefore, for those claims the undersigned Magistrate can identify as legally cognizable federal claims, Plaintiff has failed to allege sufficient facts to support each. The FAC thus fails for this third reason.

As such, the FAC fails to satisfy the pleading requirements of Rule 8. Therefore, the FAC should be dismissed without prejudice and with leave to amend as stated in Section IV(C) below.

### B. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims.

#### 1. Plaintiff's Remaining State Law Claims, As Currently Alleged, Are Not Legally Cognizable.

Plaintiff pursues causes of action that, as currently alleged, are not legally cognizable, including: (1) IIED; (2) "forced demolition permit"; (3) "forced address"; (4) "trespassing without warrant"; (5) failure to complete a public records request; and (6) excessive fines. See generally ECF No. 11, FAC.

First, Defendant correctly points out public entities are immune from tort liability in California unless otherwise provided by statute. See ECF No. 15, MTD at 16 (citing Cal. Gov't Code § 815 ("Except as otherwise provided by statute . . . A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."); Miklosky v. Regents of Univ. of Cal., 44 Cal. 4th 876 (2008) (acknowledging Cal.

1  Gov't Code § 815 bars tort liability against a public entity); Zelig v. Cnty. of Los
2  Angeles, 27 Cal. 4th 1112, 1127 (2002) (noting that the California Tort Claims
3  Act, Cal. Gov't Code. §§ 810-998.3, provides for public employee tort liability
4  under Cal. Gov't Code § 820(a) and vicarious liability for public entities when the
5  tort is committed within the scope of employment under Cal. Gov't Code § 815.2,
6  but no tort liability against public entity itself under Cal. Gov't Code § 815)). "To
7  state a cause of action against a public entity [in California], every fact material to
8  the existence of [the public entity's] statutory liability must be pleaded with
9  particularity." Cochran v. Herzog Engraving Co., 155 Cal. App. 3d 405, 406
10 (1984). Here, Plaintiff has failed to identify any statute that would provide for
11 liability against CSA-18, a public entity, for torts (IIED or trespassing) or her other
12 claims ("forced demolition," "forced address," or "excessive fines"). Therefore,
13 the FAC fails to state a legally cognizable claim for these causes of action because
14 California public entities are immune from liability for torts or common law causes
15 of action, except as provided by statute.
16      Second, Plaintiff fails to allege a specific statute or common law cause of
17 action authorizing her causes of action for "forced demolition permit," "forced
18 address," and "excessive fines." See ECF No. 11, FAC at ¶¶ 25-27 (forced
19 demolition permit), 28-29 (forced address), 35-37 (excessive fines claim). Plaintiff
20 has failed to explain how the facts alleged for each of these claims supports a
21 legally cognizable state or federal cause of action. Therefore, the FAC is deficient
22 because these causes of action fail to state a legally cognizable claim.
23      Accordingly, Plaintiff has failed to state legally cognizable claims for:
24 (1) IIED; (2) "forced demolition permit"; (3) "forced address"; (4) "trespassing
25 without warrant"; (5) failure to complete a public records request; and
26 (6) excessive fines. Thus, these claims are deficient for the reasons state above,
27 and should be dismissed without prejudice.
28

## 2. Even if Plaintiff's Remaining State Law Claims Are Legally Cognizable, the Court Should Decline to Exercise Supplemental Jurisdiction Over Them.

"The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (internal quotation marks and citations omitted). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, Plaintiff invokes federal question jurisdiction under §§ 1983 and 1985 and supplemental jurisdiction over her state law claims. ECF No. 11, FAC at ¶ 1. Because Plaintiff's federal causes of action, violation of her Fourth Amendment rights and a Monell claim, fail to satisfy Rule 8, Plaintiff's only remaining claims are presumably brought under state law. Although the remaining state law claims may not be legally cognizable as explained above, even if they were, this Court should decline to exercise supplemental jurisdiction over them because Plaintiff's federal claims fail. Thus, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss them without prejudice.

### C. The Court Should Decline to Consider Plaintiff's New Allegations and Causes of Actions Alleged in the Opposition.

Plaintiff provides new factual details in the Opposition that appear nowhere the FAC. See generally ECF No. 26, Opp'n. As Defendant correctly notes, Plaintiff also includes new claims in the Opposition. ECF No. 27, Reply at 2 ("Plaintiff has improperly added new causes of action in her Opposition:

destruction of private property, extortion, and violation of [Religious Land Use and Institutionalized Persons Act]."). However, "an opposition to a motion to dismiss is not an appropriate place to raise and argue new claims." Armstrong v. Sylvia, Case No. 2:11-CV-00965 GEB, 2012 WL 5878229, at *5 (E.D. Cal. Nov. 20, 2012); see also Gerritsen v. Warner Bros. Ent. Inc., 112 F. Supp.3d 1011, 1019 (C.D. Cal. 2015) ("In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint and the documents attached thereto."). Thus, the Court should disregard the new factual allegations and causes of action raised in Plaintiff's Opposition to the MTD.

### D.     Dismissal Should Be With Leave to Amend.

Leave to amend should be granted if it appears possible for a plaintiff to correct the defects in the complaint, especially if the plaintiff is pro se. Lopez, 203 F.3d at 1130-31. Here, Plaintiff may be able to cure the deficiencies in the FAC by alleging more specific factual allegations, including by identifying specific CSA-18 employees and dates of each incident. Moreover, Plaintiff may be able to identify California statutes that provide for liability against a public entity and/or its employees for some of the conduct alleged. Therefore, the undersigned Magistrate Judge recommends that the FAC be dismissed without prejudice and with leave to amend.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V.  RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the Court:

(1) ACCEPT the findings in this Report and Recommendation;

(2) GRANT Defendant's MTD;

(3) DISMISS the FAC without prejudice and with leave to amend; and

(4) ORDER that Plaintiff has 21-days from the date of the Order Accepting this Report and Recommendation to file an amended complaint, if she wishes to pursue this action further.

DATED:  August 15, 2024

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

### NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.