FILED
CLERK, U.S. DISTRICT COURT

08/29/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

1
2
3

Lynn Macy "In Pro Per"
P.O. Box #103
Twin Peaks, CA 92391
Telephone: (909) 744 -8480
Email: 1611Bible.us@gmail.com

4
5

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION
SECOND AMENDED COMPLAINT

6

LYNN MACY, as an individual,

Case No.: 5:24-cv-00902-AB-SHK

7

Plaintiff,

8

vs.

9

CSA-18 SPECIAL DISTRICTS PUBLIC
WORKS, a public entity.

10

Defendant.

COMPLAINT FOR DAMAGES & DEMAND
FOR JURY TRIAL FOR:
**(1)** Fourth Amendment Violations (5
U.S.C. § 552a).
**(2)** Municipal & Supervisorial Liability (42
U.S.C. § 1983).
**(3)** Invasion of Privacy (42 U.S.C. § 1983).
**(4)** Trespass.
**(5)** Destruction of Private Property (18
U.S. Code § 1361).
**(6)** Extortion (18 U.S.C. § 1951 & 18 U.S.C.
§ 872).

11
12
13
14

**DEMAND FOR JURY TRIAL**

15     PLAINTIFF LYNN MACY, through their undersigned counsel, hereby files this

16  Second Amended Complaint against Defendant CSA-18 Special Districts Public

17  Works, inclusive (collectively "Defendants"), alleges as follows:

18                    <u>**JURISDICTION & VENUE**</u>

19  1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343(a)

20      (3-4) because Plaintiffs assert claims arising under the laws of the United

21      States including 42 U.S.C. §§ 1983 & 1985, the Fourth & Fourteenth

22      Amendments of the United States Constitution. This court has

23      supplemental jurisdiction over State Law Claims pursuant to 28 USC § 1367

24      because those claims are so related to Plaintiff's Federal Claims that the

25      claims form part of the same case &/or controversy pursuant to Article III

26      of the United States Constitution.

27

28              28 USC § 2675(A) PAGE 1

2. Venue is properly founded in this judicial district pursuant to **28** USC §§ **1391**(b) & (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District & Defendants are subject to personal jurisdiction in this district.

## PARTIES

3. Plaintiff Lynn Macy, is a citizen of the State of California, & at all relevant times herein was a resident in San Bernardino County in the State of California.

4. Defendant CSA-**18** Special Districts Public Works is & at all times relevant a public entity located in the County of San Bernardino & existing under the laws of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Each & every allegation set forth in each & every averment & allegation of this pleading hereby is incorporated by this reference in each & every averment & allegation of this pleading.

6. I am informed & believe that Defendant CSA-**18** has intentionally deprived the interest of the Plaintiff's property through the unauthorized act (Trespassing onto Plaintiff's private property, not allowing Plaintiffs to drive due to failure to repair roads) & causing loss/destruction of private property.

7. I am informed & believe that Defendants CSA-**18** Supervisors ordered **2** workers to trespass numerous times onto Plaintiff's property. The default remedy is financial damages, considering the fair market value of the property or returning the property. Defendant CSA-**18** admitted to damaging Plaintiff's property to the Sheriffs, but **Sheriff Officer Mark**

28 USC § 2675(A) PAGE 2

**Sandoval** refused to prosecute Defendant CSA-**18** employee's saying, **"We don't normally arrest county officials" to Jeff Macy**. Defendant CSA-**18** cut down Plaintiff's cables with a grinder many times & **1** time unbolted cable in front of Jeff Macy, Josiah Macy, & Jodiah Macy. CSA-**18** caused **12** glass lights to be broken & left the broken glass shards all over Plaintiff's private road (destruction of private property California Penal Code § **594** PC). Defendant CSA-**18** has been dumping base rock, trash, & water pipes on Plaintiff's property for years without permission.

8. I am informed & believe that failure or omission to perform the duty of Defendant CSA-**18** to maintain Burnt Mill Canyon Road, is clearly religious discrimination & saves the Defendant County money. Harm sustained by the Plaintiff was intentional & unjustified. Plaintiff has not been able to drive to lower side of Plaintiff's property to clear the trash that neighbors & CSA-**18** have been trespassing onto Plaintiff's property to dump for years. Plaintiff has had to walk miles to get to her property to perform demolitions & trash removal as required by San Bernardino County Building & Safety Division issued on **11/05/2020**. Defendant CSA-**18** hates Plaintiff for complaining about Defendant's failures to fix roads & for telling Defendant to fix security cable the Defendant stole & to pay damages for the lights, cables, signs, posts, bolts, chains, & glass lights, Defendant CSA-**18** damaged &/or stole. Plaintiff is at constant risk of getting towed by parking at the last part of the drivable road. Failure to perform the duty or the negligent act of Defendant CSA-**18**, which subsequently resulted in the cause of actions in this suit & Plaintiff has already made a claim with San Bernardino Risk Management against Defendant on **2/16/2023**, but

28 USC § 2675(A) PAGE 3

was denied 28 USC § 2675(a). The circumstances giving rise to claim are as follows: On & for some time prior to 2021 (& continuing to the present date) District CSA-18 has damaged Plaintiff's property & admitted to it. Defendant took down Plaintiff's cables, which caused 12 glass lights to be broken, & forcefully left glass shards all over Plaintiff's road. CSA-18 won't repair Burnt Mill Canyon Road; which CSA-18 is responsible to repair. CSA-18 says cannot afford to fix roads. CSA-18 has been trespassing onto Plaintiff's property to dump base rock, trash, & water pipes for years without permission. CSA-18 told Sheriffs that CSA-18 caused destruction of Plaintiff's private property, but County Sheriff's won't prosecute County employees, even with Defendants own admission of guilt. Since 2021 until today, Plaintiff has discovered on 2/27/2023 that Defendant CSA-18 factually did not file Plaintiff's complaint or claim against Defendant CSA-18 with County of San Bernardino Risk Management, which Defendant CSA-18 claimed to have filed back in 2021. 2 months later Defendant CSA-18 said Risk Management denied Plaintiff's claim, without giving Plaintiff any paperwork to prove it or even a case number. Defendant told Plaintiff over the phone that Defendant ordered supervisors to steal sign & trespass onto Plaintiff's property. Defendant CSA-18 stole Plaintiff's 2x2 in. no-trespassing signs that held up chains across Macy Land & stole the chains. Roughly 75-100 yards onto Plaintiff's property, Defendant CSA-18 stole another "No Trespassing, Kids at Play" sign, thinking it belonged to CSA-18. Defendant CSA-18 also cut down tree branches to grind & steal Plaintiffs 5/8" chain, stolen Plaintiff's fences (Penal Code § 487 PC) that were chained & locked onto Plaintiff's tree. Defendant CSA-18 cut down

28 USC § 2675(A) PAGE 4

Plaintiff's cables with a grinder & took down Plaintiff's 3/8" chain to the planned Yeshua religious temple site; Report #: TPR2001467. Defendant CSA-18 won't repair Burnt Mill Canyon Road, which Defendant is responsible to repair, claiming Defendant cannot afford & doesn't have the budget to fix the road. Burnt Mill Canyon Road is a public road; which Plaintiff's property is adjacent to. Burnt Mill Canyon Road falls under Defendant CSA-18's service area & has legal obligation to repair the road. According to SDD Maintained Roads by Road District CSA Road Maintenance Guide "Mojave River Rd. End of District 516 B1-D1/ C2-D2/C3-D3" is required to be maintained by Defendant County Service Area 18 – Cedar Pines Park. Defendant wants to keep trespassing onto Plaintiff's property to dump base rock & park tractors on Plaintiff's property.

9. I am informed & believe that Defendants Elderly Abuse Plaintiff Lynn Macy 84-year-old elderly woman by colluding with San Bernardino County Code Enforcement to give constant notices of violations/fines, which are misdemeanors, trespassing onto Plaintiff's property, & constantly giving notice of violations as "**public nuisance** charges" (Yet, would be a **private nuisance**, since on a private property-which the County has no authority to charge; only a neighbor could file a civil suit if they were offended) trash in front of Plaintiff's trash cans or leaves on Plaintiff's roof to harass Plaintiff. For 18 years Plaintiff has been getting unfounded criminal Code violation notices to extort money from Plaintiff. California Penal Code § 368 PC defines elder abuse as the physical or emotional abuse, neglect, or financial exploitation of a victim 65 years of age or older. Plaintiff also

have report #'s for most incidents: TPR2200512, TPR2101862, TPR2101994, TPR2200594, TPR2201407, TPR2101443, TPR2200032, & TPR2201014. Plaintiff & Family had to remove trash & demo house, that Plaintiff didn't even know was on her property, because San Bernardino County Code Enforcement kept giving Plaintiff fines to get more money from Plaintiff, even though Defendant CSA-18 was dumping the trash, base rock, & water pipes onto Plaintiff's property. If Plaintiff & Family can't demo the house, elderly Plaintiff Lynn Macy would receive a criminal/civil ticket against a Christian Religious Non-Profit Organization, which helps all of the community. Defendant & San Bernardino elder abuse Plaintiff Lynn Macy by giving criminal tickets to get money because elderly Plaintiff can't easily fight the tickets on her own or protect herself from. Plaintiff's Family has to help Plaintiff defend herself from the money fines/tickets. San Bernardino County Code Enforcement also fined Plaintiff for having an RV on Macy Land for $100 on 11/07/2023 at 8 AM, even though the RV does not belong to Plaintiff. CO#: CSE-2023-14000. Citation No. C230021514. Defendant CSA-18 is responsible for the RV even being on Plaintiff's Macy Land property in the first place because Defendant cut, grinded, & stole Plaintiff's cables/chains which would have prevented squatters & the trashed RV being put onto Plaintiff's property. Defendant CSA-18 also took down Plaintiff's posted no trespassing signs. Defendant CSA-18 is the reason that squatters were able to enter Plaintiff's property, so Defendants are liable. Defendants conspired with San Bernardino County Code Enforcement to give Plaintiff the ticket/fine for money; Plaintiff appealed

28 USC § 2675(A) PAGE 6

the ticket, won the hearing on appeal, & received $100 back. Plaintiff has

factually won every appeal against the County of San Bernardino.

10. I am informed & believe that the County of San Bernardino & Land Use

Services Department, ET AL. mockingly offered Plaintiff $500 to settle all

cases & "property damage resulting or to result from the accident that

occurred on or about January 4, 2023 at or near Cedarpines Park &/or

Lake Arrowhead, CA."

11. There's an important legal principle that says "ignorance of the law is no

excuse." You can't defend your actions by arguing you didn't know they

were illegal, even if you honestly did not realize you were breaking the

law.

### FIRST CAUSE OF ACTION

**Fourth Amendment Violations (**5 U.S.C. § 552a**)**

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

12. Plaintiff hereby re-alleges & incorporates by this reference, as though set

forth in full, the allegations in paragraph 1 through 11, inclusive.

13. On & for some time prior to 2021 (& continuing to the present date) as a

result of the conduct of CSA-18 Special Districts Public Works, Defendants

are liable because Defendants were integral participants in the wrongful

entry & inspection of Plaintiff's private property & because Defendants

failed to intervene to prevent these violations against Plaintiff. Defendant

did not have a warrant or court order to trespass, harass, steal, or

religiously discriminate against Plaintiff & Plaintiff's property. Defendant is

continuing to wrongfully enter Plaintiff's private property because

28 USC § 2675(A) PAGE 7

Defendant wants to continue dumping trash, water pipes, & base rock on Plaintiff's property to save County money.

14. A Section 1983 lawsuit is a civil remedy. It applies when someone acting "under color of" state-level or local law has deprived a person of rights created by the U.S. Constitution or federal statutes. Basically, the law gives victims a legal avenue to hold government actors accountable if they use their position to deprive someone of their Constitutional Rights (such as to be free from unreasonable search). Defendant CSA-18 Glen Jacklin & Rudy Guerrero used their positions as San Bernardino County CSA-18 Supervisors to deprive Plaintiff of her Constitutional Rights by ordering 2 CSA-18 workers to trespass onto Plaintiff's property, unbolt chain off Plaintiff's sign, destroy Plaintiff's 12 glass jars, leaving glass shards all over Plaintiff's road, & stealing Plaintiff's sign & bolts, & put in back of Defendant's white "County of San Bernardino" truck, which factually proves Defendant's violated the law.

15. According to the Reasonable Expectation of Privacy: The Fourth Amendment protects individuals from unreasonable searches, United States v. Place, 462 U.S. 696, 701 (1983), & reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. Plaintiff's right to privacy is protected by the Privacy Act of 1974 as amended, 5 U.S.C. § 552a. The Fourth Amendment protects Plaintiff from Unreasonable Searches & her reasonable expectation to privacy, but Plaintiff's right to privacy was violated by Defendant unreasonably searching, trespassing, stealing, & destroying Plaintiff's private property multiple times on & for some time prior to 2021 (&

28 USC § 2675(A) PAGE 8

continuing to the present date). Defendant is violating Plaintiff's rights to save Defendant County money by dumping trash, base rock, & water pipes onto Plaintiff's property instead of taking it to the dump.

### SECOND CAUSE OF ACTION

**Municipal & Supervisory Liability (42. U.S.C. § 1983)**

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

16. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 15, inclusive.

17. On & for some time prior to 2021 (& continuing to the present date) Defendants CSA-18 Special Districts Public Works deprived Plaintiff Lynn Macy of her rights & liberties secured to her by the 4th & 14th Amendments to the United States Constitution, in that said Defendants & their supervising & managerial employees, agents, & representatives acting with gross negligence & with deliberate indifference to the safety, rights, & liberties of the public in general & of Plaintiff Lynn Macy, & of persons in their class, situation & comparable position, in particular, knowingly maintained, enforced & applied an official recognized custom, policy, & practice of: Defendant CSA-18 Supervisors Glen Jacklin & Rudy Guerrero had a meeting & made the decision to order CSA-18 workers to trespass & steal Plaintiff's sign; thought the sign was Defendant's property. Witnesses: Jeff Macy, Josiah Macy, & Jodiah Macy saw 2 CSA-18 regular workers ordered by CSA-18 Supervisors Glen Jacklin & Rudy Guerrero (managerial misconduct), trespass onto Plaintiff's property, unbolted chain off Plaintiff's sign, (breaking & destruction of private property) Plaintiff's 12 glass jars broken, left dangerous glass shards all over Plaintiff's road, & stole

28 USC § 2675(A) PAGE 9

Plaintiff's sign & bolts, & put in back of Defendant's white "County of San Bernardino" truck.

18. Defendant CSA-**18** inadequately supervised, trained, controlled, assigned, & disciplined CSA-**18** Special Districts Public Works Officers & other personnel, including CSA-**18** Supervisors Glen Jacklin & Rudy Guerrero. Defendant has maintained grossly inadequate procedures for supervising, investigating, reviewing, controlling, & disciplining the intentional conduct by CSA-**18** Special Districts Public Works Supervisors Glen Jacklin & Rudy Guerrero, CSA-**18** Officers, & other personnel; who have trespassed, dumped trash, & stolen Plaintiff's private property.

19. According to **policy**: San Bernardino County Municipal Code Section **601** "County Officers & employees shall uphold the Constitution of the United States, the Constitution of California, & this Charter, & shall carry out impartially the laws & regulations of the United States, California, & the County. County Officers & employees shall discharge faithfully their duties, recognizing that the public interest is paramount." Defendant violated the Constitution of the United States by ordering & allowing Defendant CSA-**18** Supervisors Glen Jacklin & Rudy Guerrero to deprive Plaintiff of her Fourth Amendment rights; which protects Plaintiff from unreasonable searches & seizures by the government. The Fourth Amendment ensures that Plaintiff has the right to privacy & unreasonable searches, which shall not be violated. Defendant unreasonably trespassed & searched Plaintiff's property, unbolted chain off Plaintiff's sign, destroyed Plaintiff's **12** glass jars, dangerously left glass shards all over Plaintiff's road, & seized & stole Plaintiff's sign & bolts.

20. By reason of the aforementioned **policies** & practices of Defendant CSA-**18** Special Districts Public Works: acted with intentional, reckless, & callous disregard for the safety & Constitutional Rights of Plaintiff Lynn Macy by trespassing without permission, dumping trash, base rock, water pipes, the destruction of Plaintiff's private property, & stealing Plaintiff's chains, signs, cables, & bolts.

21. According to San Bernardino County Municipal Code Section **602**: Training to County Officers & Employees. "The Board of Supervisors shall establish by ordinance training requirements pertaining to ethics, the prohibition of discrimination & harassment, the prohibition of nepotism, & other areas of ethics pertinent to public service." Defendant has violated & gone against Defendant's own training on not having religious discrimination & harassment against Plaintiff. Instead of helping Plaintiff's religious temple being built, Defendant is stopping & preventing Plaintiff's project by trespassing, dumping trash, stealing private property, & not doing Defendant's job of maintaining roads. Defendant County Officers have gone against & violated their training to follow the laws. Defendant even told Plaintiff over the phone that Defendant ordered CSA-**18** Supervisors Glen Jacklin & Rudy Guerrero to steal Plaintiff's sign & trespass onto Plaintiff's property, violating the laws.

22. On 2/05/2024, Plaintiff & Family had an official San Bernardino hearing with County Officers who admitted to being improperly trained Citation #: C230021514 & Case #: CSE-2023-14000. The Hearing Officer ruled that more likely than not, Defendants trespassed onto Plaintiff's private

property. County Officers also admitted to never writing a warrant or getting a court order.

## THIRD CAUSE OF ACTION

### Invasion of Privacy (42 U.S.C. § 1983)

### (By Plaintiff Against CSA-18 Special Districts Public Works)

23. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 22, inclusive.

24. As a proximate result of the Defendant's actions on & for some time prior to 2021 (& continuing to the present date) Plaintiff Lynn Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, depression, PTSD suffering, & sleep deprivation all of which are continuing & damaging to reputation.

25. Defendant CSA-18 Special Districts Public Works caused Plaintiff Lynn Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, pain & suffering, sleep deprivation, humiliation, all of which are continuing & damaging to reputation. For example:

### Psychological Injuries:

**A. Depression:** Plaintiff thinks about how the County is corrupt & violating her Constitutional rights, so it makes her feel down & depressed.

**B. Post-Traumatic Stress Disorder (PTSD):** Plaintiff Lynn Macy tries to avoid the County. After Plaintiff Lynn Macy's cables/chains/signs/bolts were cut down or grinded & stolen, she no longer feels safe around County Public Works Employees. Every time Plaintiff sees a white "County of San Bernardino" vehicle, she gets scared, & hides from them.

**Emotional Injuries**:

A. Plaintiff Lynn Macy's loss of security 3/8-inch, top of the line cables, & pretty white lights hanging on top of Security cable, so no one would drive off cliff is very emotional to Plaintiff because now anyone can drive off the cliff of Plaintiff's private property. Plaintiff specifically put up the lights to prevent the community from being injured & to keep people safe. CSA-18 tried to cut cables with bolt cutters many times; could see many cuts. Defendant came back with grinder & cut cables off, disabling Plaintiff's Religious Private Property Security.

B. Lynn Macy does not feel safe at Macy Land anymore. Now the criminals & County are collaborating & working together to prevent Plaintiff from building a religious temple. Defendant grinds & cut downs all of Plaintiff's chains & cables, taking down Plaintiff's "No Trespassing" signs, & disabling Plaintiff's security; opening up Plaintiff's private property for anyone, including criminals & County to enter & harm Plaintiff by trespassing, dumping trash, & stealing Plaintiff's property.

C. Defendant's Religious Discrimination against Plaintiff is apparent & obvious because Plaintiff is being treated unjustly because of her religious beliefs. Plaintiff is not being treated the same way a non-religious person would be treated. Plaintiff's Religious Private Property security was disabled by Defendant, whereas a non-religious private property would be left alone by Defendant.

D. Plaintiff's Family: Son & Grandchildren put security cables & "No Trespassing" signs up for Plaintiff, which Defendant cut down & stole: to get to CSA-18's base rock that was illegally stored & dumped on Plaintiff's

28 USC § 2675(A) PAGE 13

Private Property without permission. Lynn Macy was/is very emotional when found out that San Bernardino County is not protecting Plaintiff's religious property & instead are cutting & grinding cables/chains off to open Plaintiff's property for criminals & County to trespass over there without permission to dump trash, pipes, base rock, dirt, & do criminal acts there.

E. Plaintiff is afraid to go to Macy Land because she doesn't know what might be happening because it's not safe, or what will happen when Plaintiff is on her own property. Plaintiff & Family bought the property to be a great, wonderful, & religiously dedicated place, but now the property is a nightmare because of the Defendant. Plaintiff & Family cannot have picnics, can't have a tent, can't stay overnight, & can't simply enjoy her property whatsoever without there being another problem & worry. Plaintiff & Family's dreams for the property have been squashed by the Defendant.

F. Plaintiff Lynn Macy does not know why Defendant has to continuously trespass, dump trash, & steal Plaintiff's private property. Plaintiff has no privacy on her own property & Defendant CSA-**18** is taking advantage of Plaintiff & her religious family. Instead of being able to relax on Plaintiff's own property, she has to worry about what she cannot do on her own property. Plaintiff feels like she's always being watched & spied on, even though all Plaintiff has done is clean up her property & not bother anyone.

**Sleep Deprivation:**

A. Plaintiff Lynn Macy is having a hard time falling asleep right away & sleeping at night because of CSA-**18** stealing Plaintiff's property. Lynn

28 USC § 2675(A) PAGE 14

Macy worries & stresses over Defendant trespassing, giving Plaintiff trouble, dumping trash, & stealing her property.

B. It's embarrassing & humiliating how people keep hearing about the lawsuit against San Bernardino County & asking Plaintiff about it.

C. Plaintiff's quality of life has been diminished because of Defendant destroying her enjoyment of life: her beautiful religious dedicated private property. Plaintiff feels like Defendant hates her because of her religion & she's being religiously discriminated against.

26. Defendant's only goal against Plaintiff was for monetary gain; money is the root of all evil. Defendant's intentional & reckless behavior caused infliction of emotional distress upon Plaintiff Lynn Macy by trespassing onto Plaintiff's property, destruction of private property, & stealing Plaintiff's signs, bolts, cables, & chains.

27. Tort law is intentional infliction of emotional distress (IIED), which entails engaging in extreme & outrageous conduct; intended to cause another person severe mental anguish. For instance, Defendant CSA-18 is responsible for an RV being on Plaintiff's Macy Land property because Defendant cut, grinded, & stole Plaintiff's cables/chains, which would have prevented trespassing squatters & trashed RV to be on Plaintiff's private property, which Plaintiff received a ticket from San Bernardino County Code Enforcement for. Defendant CSA-18 also took down & stole Plaintiff's posted "No Trespassing" signs. Defendant CSA-18 is the reason that squatters were able to trespass onto Plaintiff's property, so Defendants are liable. Plaintiff appealed the Citation #: C230021514 ticket

28 USC § 2675(A) PAGE 15

from San Bernardino County Code Enforcement & won the hearing on appeal, Case #: CSE-2023-14000.

28. According to CIV § 1431.2, (a) "in any action for personal injury, **property damage**, or wrongful death, based upon principles of comparative fault, the liability of each Defendant for non-economic damages shall be several only & shall not be joint. Each Defendant shall be liable only for the amount of non-economic damages allocated to that Defendant in direct proportion to that Defendant's percentage of fault, & a separate judgment shall be rendered against that Defendant for that amount. (b)(1) For purposes of this section, the term "economic damages" means objectively verifiable **monetary losses** including medical expenses, loss of earnings, burial costs, **loss of use of property**, **costs of repair or replacement,** costs of obtaining substitute domestic services, loss of employment & loss of business or employment opportunities. (2) For the purposes of this section, the term "non-economic damages" means subjective, non-monetary losses including, but not limited to, **pain, suffering, inconvenience, mental suffering, emotional distress**, loss of society & companionship, loss of consortium, injury to reputation & humiliation." Defendant is liable & responsible for damaging Plaintiff's property & admitting it to County Sheriff's & to Plaintiff & Family. Defendant forcefully took down Plaintiff's cable, which destroyed Plaintiff's beautiful 12 glass jar lights, & Defendant left dangerous glass shards all over Plaintiff's road. Defendant won't repair Burnt Mill Canyon Road; which Defendant CSA-18 is responsible to repair. CSA-18 has been trespassing onto Plaintiff's property to dump base rock, trash, & water

28 USC § 2675(A) PAGE 16

pipes for years without permission. Defendant has caused elderly Plaintiff Lynn Macy a great deal of mental suffering, inconvenience, & emotional distress by violating Plaintiff's rights. Defendant is doing everything they can to prevent Plaintiff from building a religious temple & Plaintiff being able to help the community for free.

29. Plaintiff suffered emotional distress from the consequence of violations of her Constitutional Rights, such as due process. 42 U.S.C. § 1983 Civil Action for Deprivation of Rights. Defendant CSA-18 stole Plaintiff's 2x2 in. No-Trespassing signs that held up chains across Plaintiff's private property: Macy Land & stole the chains. Roughly 75-100 yards onto Plaintiff's property, Defendant CSA-18 stole another "No Trespassing, Kids at Play" sign & bolts, thinking it belonged to CSA-18.

30. The Federal Tort Claims Act (FTCA) allows individuals to bring claims against the United States Government for torts, including emotional distress, that occur while government employees are acting within the scope of their employment. Defendant was acting within the scope of their employment when Defendant CSA-18 cut down tree branches to grind & steal Plaintiffs 5/8" chain & stolen Plaintiff's fences that were chained & locked to Plaintiff's private property tree. Defendant CSA-18 also cut down Plaintiff's cables with a grinder & took down Plaintiff's 3/8" chain to the Yeshua religious planned temple site. Defendant wants to keep trespassing onto Plaintiff's property to save money & time by dumping water pipes, base rock, & trash onto Plaintiff's private property; instead of driving 30 minutes to Heaps Peak Disposal Site, 29898 CA-18, Running Springs, CA 92382 to dump base rock, trash, & water pipes.

## **FOURTH CAUSE OF ACTION**

**Trespassing without Warrant**

**(By Plaintiff Against CSA-18 Special Districts Public Works)**

31. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 30, inclusive.

32. Defendant interfered with Plaintiff's civil rights on & for some time prior to 2021 (& continuing to the preset date) by intimidation or coercion in that Defendant acted violently against Plaintiff Lynn Macy from exercising Plaintiff's right to unreasonable search from Defendant trespassing onto Plaintiff's property without warrant. The statutory basis for liability falls under the San Bernardino Municipal Code 12.24.020 of such bond as required in Section 12.24.010 shall be in accordance with the provisions of the general law. (Ord. 2386, 9-05-61) Defendants conduct has become a traditional method of carrying out policy by illegally trespassing onto Plaintiff's private property, destruction of her private property, & stealing Plaintiff's property. It has become Defendant's standard operating procedure because Defendants are not being regulated or checked.

33. According to 25 CFR § 11.411 - Criminal trespass: "This section prohibits entering or remaining in a place where notice against trespass is given, either verbally or in writing." Plaintiff had multiple "No Trespassing" signs posted & chains/cables across Plaintiff's private property, which Defendant grinded, cut down, took down, destroyed, &/or stole. Defendant illegally trespassed onto Plaintiff's private property multiple times to harm Plaintiff & to dump base rock, trash, & water pipes onto Plaintiff's private property without permission. Defendant is determined to

28 USC § 2675(A) PAGE 18

continue trespassing onto Plaintiff's private property & take advantage of their position: to harm Plaintiff & keep dumping base rock, trash, & water pipes onto Plaintiff's property because it saves Defendant's money.

Fourth Amendment:

34. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

35. CSA-18 is liable for violating the fourth amendment and trespassing on Plaintiff's property.

## FIFTH CAUSE OF ACTION

### Destruction of Private Property (18 U.S. Code § 1361)

### (By Plaintiff Against CSA-18 Special Districts Public Works)

36. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 35, inclusive.

37. CSA-18 Supervisors Glen Jacklin & Rudy Guerrero had a meeting to steal Plaintiff's cables & signs on & for some time prior to 2021 (& continuing to the present date). Defendant CSA-18 Supervisors Glen Jacklin & Rudy Guerrero made the decision to order workers to trespass & steal Plaintiff's sign; thought the sign was Defendant's property. Witnesses: Jeff Macy, Josiah Macy, & Jodiah Macy saw 2 regular workers ordered by CSA-18 Supervisors Glen Jacklin & Rudy Guerrero (managerial misconduct), trespass onto Plaintiff's property, unbolted chain off Plaintiff's sign, (breaking & destruction of private property) Plaintiff's 12 beautiful glass jars

were broken, left glass shards all over Plaintiff's road, & stole Plaintiff's sign & bolts, & put in back of Defendant's white "County of San Bernardino" truck. Defendant told Plaintiff & family that if Plaintiff had a problem with Defendant trespassing & destroying Plaintiff's property, to fill out a claim & send it back to Defendant, then Defendant would forward the claim to the San Bernardino Risk Management Department, who is in charge of compensation. Plaintiff is suing Defendant CSA-18 because Plaintiff filled out the claim, sent the claim to CSA-18 back in 2021, but CSA-18 did not forward the claim to the San Bernardino Risk Management Department, who is supposed to take care of these matters & settle them, to prevent Plaintiff from having to go to court. Plaintiff discovered on 2/27/2023 that Defendant CSA-18 factually did not file Plaintiff's complaint or claim against Defendant CSA-18 with County of San Bernardino Risk Management, which Defendant CSA-18 lied & claimed to have filed back in 2021. 2 months later Defendant CSA-18 even said to Plaintiff that Risk Management denied Plaintiff's claim, without giving Plaintiff any paperwork to prove it or even a case number.

38. County Sheriff Officer Mark Sandavol told Plaintiff & Family that it was CSA-18 that trespassed onto Plaintiff's property & grinded, cut down, & stole Plaintiff's cables, chains, signs, & bolts. Defendant CSA-18 even admitted to damaging Plaintiff's property to Plaintiff, but **Sheriff Officer Mark Sandoval** refused to prosecute Defendant CSA-18 employee's saying, **"We don't normally arrest County Officials" to Plaintiff's son Jeff Macy**. Defendant CSA-18 cut down Plaintiff's cables with a grinder many times & 1-time unbolted cable in front of witnesses: Jeff Macy, Josiah Macy, &

28 USC § 2675(A) PAGE 20

Jodiah Macy. CSA-18 caused 12 glass lights to be broken & dangerously left the broken glass shards all over Plaintiff's private road (destruction of private property California Penal Code § 594 PC).  Defendant CSA-18 has been dumping base rock, trash, & water pipes on Plaintiff's property for years without permission.

39. The Federal Code on destruction of private property is primarily governed by 18 U.S. Code § 1361. This code section protects "any property" of the United States from willful depredation or attempted depredation. Defendant CSA-18 has caused the destruction of Plaintiff's property multiple times. Defendant illegally trespassed onto Plaintiff's private property many times to dump base rock, trash, & water pipes onto Plaintiff's private property without permission. Defendant has also trespassed onto Plaintiff's property to steal signs/bolts & cut, grind, & steal Plaintiff's cables. Defendant factually saves County money & time by trespassing onto Plaintiff's property to dump trash, water pipes, & base rock because Defendant won't have to go far; since Plaintiff's property is located near Mojave River Rd. End of District 516 B1-D1/ C2-D2/C3-D3," which is required to be maintained by Defendant CSA-18.

40. According to 8 U.S.C. § 1361, 18 U.S.C. § 1363, & 18 U.S.C. § 2232 provides a framework for protecting private property from willful damage or destruction. These Federal Codes also makes it a federal offense to destroy or remove private property. Defendant CSA-18 has caused the destruction of Plaintiff's private property multiple times. Defendant CSA-18 has also trespassed onto Plaintiff's private property to steal signs/bolts & cut, grind, & steal Plaintiff's cables.

## SIXTH CAUSE OF ACTION

### Extortion (18 U.S.C. § 1951 & 18 U.S.C. § 872)

### (By Plaintiff Against CSA-18 Special Districts Public Works)

41. Plaintiff hereby re-alleges & incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 40, inclusive.

42. Defendant's CSA-18 Special Districts Public Works extorted money from Plaintiff by forcing Plaintiff to pay for an address or the Defendant would not remove the notice from the building & safety department division, which is a misdemeanor ticket, that puts a lien on Plaintiff's house, & to steal Plaintiff's property. Plaintiff was also not allowed to customize the address. Plaintiff was forced to pay for something she did not want. Plaintiff was forced to get an address for a vacant property.

43. Hobbs Act (18 U.S.C. § 1951): "The Hobbs Act defines extortion as the obtaining of property from another person through the use of force, fear, or threats." Defendant is using force & fear on Plaintiff by cutting down & disabling Plaintiff's security cables with a grinder & taking down Plaintiff's 3/8" chain & "No Trespassing" signs to the Yeshua religious planned temple site. Defendant is disabling & preventing Plaintiff's property to be secured & protected. Defendant is trying to take Plaintiff's property, so Defendant can continue trespassing & dumping water pipes, trash, & base rock on Plaintiff's property.

44. Extortion by Officers or Employees of the United States (18 U.S.C. § 872): This statute makes it a crime for an officer or employee of the United States, or someone who represents themselves as such, to commit or attempt an act of extortion under color of office or employment. Such as

Plaintiff receiving a ticket from San Bernardino County Code Enforcement for Defendant CSA-18 causing an RV to be put on Plaintiff's Macy Land property because Defendant cut, grinded, & stole Plaintiff's cables/chains & "No Trespassing" signs, which would have prevented trespassing squatters & a trashed RV to be on Plaintiff's property. Citation #: C230021514 ticket from San Bernardino County Code Enforcement & Case #: CSE-2023-14000.

45. Defendant County CSA-18 conspired with the County of San Bernardino to extort money & force Plaintiff to have an unwanted address & made Plaintiff pay for the address. Defendant & San Bernardino County are conspiring against elderly Plaintiff for the root of all evil: money. Plaintiff intentionally received an address from the County of San Bernardino that doesn't work; gave plaintiff an even number address, when Plaintiff's private property is located on the odd numbered addresses' side of the road. Clearly Religious Discrimination because Plaintiff is not being treated the same way a non-religious person would be treated. Plaintiff's property address should have been 1 Macy Land Way. Plaintiff owns 36 acres of land, for making a religious temple, & should have been given a custom address. Defendant & San Bernardino County also refused to change the name of the road, even though Plaintiff owns acres of land. Instead of helping Plaintiff, Defendant & San Bernardino County are conspiring together for religious discrimination against & prevention of Plaintiff's religious project. Even to this day, Defendant won't answer calls, emails, or respond to Plaintiff or Family. Defendant is being revengeful & doing retaliatory actions against elderly Plaintiff Lynn Macy for exposing

28 USC § 2675(A) PAGE 23

Defendant's wrongdoings & holding the Defendant accountable for their
actions.

46. Defendant is also conspiring with San Bernardino County & many other
County departments to extort money & work against Plaintiff to stop &
prevent the religious temple being built. County Sheriff Department is also
conspiring with Defendant CSA-18 by refusing to give Plaintiff a case #
against Defendant for theft, destruction of private property, & trespassing.

47. On & for some time prior to 2021 (& continuing to the present date),
instead of helping & assisting plaintiff to make sure nothing prevents
Plaintiff's religious temple being built, Defendant & San Bernardino County
are conspiring & stopping the project by not maintaining roads,
trespassing, dumping trash, stealing private property, & giving fines to
extort money from Plaintiff. San Bernardino County still has not given
Plaintiff a lot line adjustment or variance for property, only giving Plaintiff
fines for weed abatement, even though the neighbors around Plaintiff's
property aren't enforced to abate their weeds. Plaintiff & Family is not
being treated like a proper religious organization, instead being targeted
& discriminated against.

48. RLUIPA stands for "The Religious Land Use & Institutionalized Persons Act."
Among other things, this federal law protects religious institutions from
unduly burdensome or discriminatory land use regulations. Under 42 U.S.C.
§ 2000cc-2(a), a plaintiff who asserts a violation of the RLUIPA in a judicial
proceeding may obtain "appropriate relief" against a government. In
Freedom Baptist Church of Delaware County v. Township of Middletown,
204 F.Supp.2d 857, 860 fn. 2 (E.D. Pa. 2002), the court recognized that even

28 USC § 2675(A) PAGE 24

if a church is ultimately successful in obtaining desired zoning relief, damages may be assessed against the municipality for out-of-pocket losses such as the cost of seeking a variance & for intangible injuries such as anxiety & distress suffered by church members. Standing to sue under the Act is governed by the general rules of standing under Article III of the Constitution. 42 U.S.C. § 2000cc-2(a). Defendant is violating Plaintiff's protection from Religious Discrimination & targeting Plaintiff's Yeshua religious planned temple site. Defendant CSA-18 cut down Plaintiff's cables with a grinder & took down Plaintiff's 3/8" chain & "No Trespassing" signs, disabling & preventing Plaintiff's property to be secured.

49. The RLUIPA suggests that the government cannot thwart religious development of property. The term "land use regulation" is defined in the Act as "a zoning or landmark law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land) ...." 42 U.S.C. § 2000cc-5(5). The RLUIPA's general rule states: "No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution." Religious Exercise (B) Rule: "The use, building, or conversion of real property for the purpose of religious exercise shall be considered to be religious exercise of the person or entity that uses or intends to use the property for that purpose." Defendant has violated the RLUIPA by stopping & preventing Plaintiff's Yeshua Temple project by trespassing, dumping trash, stealing private property, & not doing

28 USC § 2675(A) PAGE 25

Defendant's job of maintaining roads. Plaintiff & Family are not being treated like a proper religious organization, instead being targeted & discriminated against. Defendant is destroying Plaintiff's property & disabling Plaintiff's security, so Plaintiff will be discouraged to build a Religious Temple which helps the community for free.

**WHEREFORE,** Plaintiff prays judgment against Defendant as follows:

1. For compensatory damages in an amount of $100,000;

2. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter & make an example of the Defendant;

3. For interest on those claims where it is available under law;

4. For cost of suit; &

5. For such other & further relief as this Court may deem to be just & proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


Respectfully Submitted,


By Plaintiff: _____
                              Lynn Macy


Date: _August 29, 2024_


28 USC § 2675(A) PAGE 27