**SEONHAE SHIN** (CA State Bar No. 308262)
Deputy County Counsel
TOM BUNTON (CA State Bar No. 193560)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Telephone: (909) 387-5461
Facsimile: (909) 387-4069
E-Mail: kellie.shin@cc.sbcounty.gov

Attorneys for Defendant CSA-18 SPECIAL DISTRICTS PUBLIC WORKS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MACY, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>CSA-18 SPECIAL DISTRICTS PUBLIC WORKS, a public entity,<br><br>Defendant. | Case No. 5:24-cv-00902-AB-SHK<br><br>**DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        August 27, 2025<br>Time:        10:00 a.m.<br>Location:   George E. Brown, Jr.<br>                 United States Courthouse<br>                 3470 12th St., Courtroom 3 or 4,<br>                 Riverside, CA 92501<br><br>Case Assigned to:<br>Honorable District Court Judge Andre Birotte, Jr.<br><br>Referred to:<br>Honorable Magistrate Judge Shashi H. Kewalramani |

**TO THE HONORABLE COURT, PLAINTIFF, AND HER ATTORNEY OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that on <u>August 27, 2025, at 10:00 a.m.</u>, before the

1

Honorable Magistrate Judge Shashi H. Kewalramani in Courtroom 3 or 4, at 3470 12th Street, Third Floor, Riverside, California 92501, Defendant CSA-18 SPECIAL DISTRICTS PUBLIC WORKS) ("Defendant") will move the Court for an order dismissing the FIRST, SECOND, THIRD, FOURTH, FIFTH, and SIXTH causes of action against it as set forth in Plaintiff Lynn Macy's ("Plaintiff") Second Amended Complaint for Damages ("SAC") pursuant to Fed. R. Civ. P. 12(b)(6) because the SAC fails to state claims upon which relief can be granted against this moving party. This Motion is made on the following grounds:

1. Plaintiff's SAC is still not in compliance with Rule 8.

2. Plaintiff's SAC failed to allege any liability statute or authorizing statute for claims against Defendant.

3. Plaintiff's first claim for relief for "Unreasonable Search" fails to state a claim upon which relief can be granted against this moving Defendant.

4. Plaintiff's second claim for relief for Municipal and Supervisorial Liability, Monell, fails to state a claim upon which relief can be granted against this moving Defendant.

5. Plaintiff's third claim for relief "Invasion of Privacy" and Intentional Infliction of Emotional Distress ("IIED") fails to state a claim upon which relief can be granted against this moving Defendant.

6. Plaintiff's fourth claim for Trespass fails to state a claim upon which relief can be granted against this moving Defendant.

7. Plaintiff's fifth claim for Destruction of Private Property fails to state a claim upon which relief can be granted against this moving Defendant.

8. Plaintiff's sixth claim for Extortion fails to state a claim upon which relief can be granted against this moving Defendant.

///

///

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1    This Motion is based upon this Notice of Motion and the attached Memorandum of

2  Points and Authorities filed herewith, the pleadings and papers on file, any matters upon

3  which the Court may take judicial notice, and any such other evidence as may be

4  introduced at the time of hearing.

5  DATED: July 25, 2025                    TOM BUNTON
                                          County Counsel
6
                                          By: _____
7                                          SEONHAE SHIN
                                          Deputy County Counsel
8                                          Attorneys for Defendant CSA-18 SPECIAL
                                          DISTRICTS PUBLIC WORKS
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION
AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## **TABLE OF CONTENTS**

I.    INTRODUCTION......................................................................... 1

II.   STATEMENT OF FACTUAL ALLEGATIONS............................... 2

III.  LEGAL STANDARD.................................................................. 3

IV.   LEGAL ARGUMENT ................................................................ 4

   A. THE SAC STILL DOES NOT COMPLY WITH RULE 8.....................4

   B. THE ALLEGED LIABILITY STATUTES IN THE SAC ARE NOT
      APPLICABLE AND ARE NOT BASES FOR LIABILITY AGAINST
      DEFENDANT........................................................................5

   C. THE FIRST CAUSE OF ACTION FOR FOURTH AMENDMENT
      VIOLATION OF UNLAWFUL SEARCH FAILS TO ALLEGE SUFFICIENT
      FACTS IN SUPPORT THEREOF.................................................9

   D. PLAINTIFF'S ALLEGATIONS ARE WITHOUT FACTUAL SUPPORT
      AND INSUFFICIENT TO STATE A MONELL CLAIM......................10

   E. PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED ANY
      UNCONSTITUTIONAL FAILURE TO TRAIN.................................11

   F. PLAINTIFF'S STATE LAW CLAIMS ARE UNTIMELY......................13

   G. PLAINTIFF'S THIRD CLAIM FOR "INVASION OF PRIVACY" IS AN
      IIED CLAIM AND IS UNTIMELY AND FAILS.................................14

   H. THE FOURTH CLAIM FOR TRESPASS IS UNTIMELY AND FAILS TO
      ALLEGE A PROPER LEGAL THEORY AND TO ALLEGE SUFFICIENT
      FACTS..............................................................................15

   I. PLAINTIFF'S FIFTH CLAIM FOR "DESTRUCTION OF PRIVATE
      PROPERTY" IS UNTIMELY AND FAILS TO ALLEGE A BASIS FOR
      LIABILITY AND SUFFICIENT FACTS.........................................16

   J. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR EXTORTION (FORCED
      ADDRESS) FAILS FOR UNCERTAINTY AND LACK OF STATUTORY

1

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION
AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1        LIABILITY...............................................................................16
2     K. PLAINTIFF LYNN MACY DOES NOT HAVE STANDING TO BRING THIS
3        SUIT SINCE SHE IS NOT A LICENSED ATTORNEY AND JEFF MACY IS
4        ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW...............17
5   V.    CONCLUSION..........................................................................20
6   CERTIFICATION OF SEONHAE SHIN RE MEET AND CONFER COMPLIANCE
7   WITH LOCAL RULE 7-3.................................................................21
8   CERTIFICATE OF COMPLIANCE........................................................1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Cases

08-5771 JF PSG,
2011 WL 1743910 (N.D. Cal. Jan. 19, 2011)................................................................13

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ..................................................................................................3,12

Bailey v. Clarke,
No. 12-CV-1100-IEG KSC, 2012 WL 6720628 (S.D. Cal. Dec. 21, 2012)..................7

Bautista v. Los Angeles Cnty.,
216 F.3d 837 (9th Cir. 2000) .........................................................................................5

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ....................................................................................................3, 4

Bonty v. Escutia,
No. 107CV00428-LJO-GSAPC, 2007 WL 3096587 (E.D. Cal. Oct. 22, 2007) ...........8

Braunling v. Countrywide Home Loans Inc.,
220 F.3d 1154 (9th Cir. 2000) .....................................................................................14

Castro v. Cnty. of Los Angeles,
833 F.3d 1060 (9th Cir. 2016) .....................................................................................11

Cerna v. City of Oakland,
161 Cal. App. 4th 1340 (2008)........................................................................................6

Chrysler Corp.,
441 U.S. ..........................................................................................................................8

City of Canton, Ohio v. Harris,
489 U.S. 378 (1989) .................................................................................................10, 11

CLD Constr., Inc. v. City of San Ramon,
120 Cal. App. 4th 1141 (2004).....................................................................................18

Clouthier v. Cnty. of Contra Costa,

1

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

591 F.3d 1232 (9th Cir. 2010) ............................................................. 12

Cochran v. Herzog Engraving Co.,
  155 Cal. App. 3d 405 (Cal. Ct. App. 1984) ....................................... 6

Collins v. City of Harker Heights, Tex.,
  503 U.S. 115 (1992) ........................................................................ 11

Connick v. Thompson,
  563 U.S. 51 (2011) .......................................................................... 12

Corales v. Bennett,
  567 F.3d 554 (9th Cir. 2009) ........................................................... 14

Dougherty v. City of Covina,
  654 F.3d 892 (9th Cir. 2011) ........................................................... 13

Drake v. Superior Ct.,
  21 Cal. App. 4th 1826 (1994) .......................................................... 19

Eastburn v. Reg'l Fire Prot. Auth.,
  31 Cal. 4th 1175 (2003) .................................................................... 6

Ellis v. City of San Diego, Cal.,
  176 F.3d 1183 (9th Cir. 1999) ........................................................... 7

Exmundo v. Kane,
  553 Fed. App'x 742 (9th Cir. 2014) ................................................... 4

Feingold v. Los Angeles County,
  254 Cal. App. 2d 622 (1967) ............................................................. 6

Gant v. Cnty. of Los Angeles,
  772 F.3d 608 (9th Cir. 2014) ....................................................... 10, 11

Gompper v. VISX, Inc.,
  298 F.3d 893 (9th Cir. 2002) ............................................................. 3

Gutierrez v. G & M Oil Co.,
  184 Cal. App. 4th 551 (2010) .......................................................... 17

Hughes v. Laguna Honda Hosp.,
  2000 U.S. Dist. LEXIS 10855 (N.D.Cal. Aug. 1, 2000) .................... 18

In re Marriage of Caballero,

2

27 Cal. App. 4th 1139 (1994) ......................................................................... 18

Katz v. United States,
    389 U.S. 347 (1967) ............................................................................... 9

L.W. v. Grubbs,
    92 F.3d 894 (9th Cir. 1996) ................................................................... 10

Lockett v. Cnty. of Los Angeles,
    977 F.3d 737 (9th Cir. 2020) ................................................................. 11

Lomax v. City of Antioch Police Officers, No. C,
    11-02858 CRB, 2011 WL 4345057 (N.D. Cal. Sept. 14, 2011) ................... 18

Long v. Cnty. of Los Angeles,
    442 F.3d 1178 (9th Cir. 2006) ............................................................... 12

McHenry v. Renne,
    84 F.3d 1172 (9th Cir. 1996) ................................................................... 4

Mendez v. Cnty. of Los Angeles,
    897 F.3d 1067 (9th Cir. 2018) ................................................................. 9

Mendiondo v. Centinela Hosp. Med. Ctr.,
    521 F.3d 1097 (9th Cir. 2008) ................................................................. 3

Menotti v. City of Seattle,
    409 F.3d 1113 (9th Cir. 2005) ............................................................... 10

Miklosy v. Regents of Univ. of California,
    44 Cal. 4th 876 (2008) ......................................................................... 5, 6

Monell v. Dep't of Soc. Servs. of City of New York,
    436 U.S. 658 (1978) ............................................................................. 10

Mong Kim Tran v. City of Garden Grove,
    No. SACV 11-1236 DOC ANX, 2012 WL 405088 (C.D. Cal. Feb. 7, 2012) ............. 11

Paradise v. Nowlin,
    86 Cal. App. 2d 897 (1948) ................................................................... 17

1
2  Ryan v. Hyden,
     No. 12CV1489-MMA BLM, 2012 WL 4793116 (S.D. Cal. Oct. 9, 2012) ..................18

3
4  Shanko v. Lake Cnty.,
     116 F. Supp. 3d 1055 (N.D. Cal. 2015).............................................................................15

5
6  Sprewell v. Golden State Warriors,
     266 F.3d 979 (9th Cir.) ......................................................................................................3

7
8  Tekle v. United States,
     511 F.3d 839 (9th Cir. 2007) ............................................................................................14

9
10 Toguchi v. Chung,
     391 F.3d 1051 (9th Cir. 2004) ..........................................................................................10

11
12 Trevino v. Gates,
     99 F.3d 911 (9th Cir. 1996) ..............................................................................................10

13
14 Turner v. Turner,
     No. B303062, 2023 WL 2581124 (Cal. Ct. App. Mar. 21, 2023) .....................................18

15
16 Ulrich v. City & Cnty. of San Francisco,
     308 F.3d 968 (9th Cir. 2002) ............................................................................................10

17
18 United States v. Jones,
     565 U.S. 400 (2012) ............................................................................................................9

19
20 VNT Prop. 1, LLC v. City of Buena Park,
     No. SACV150007DOCRNBX, 2015 WL 12762257 (C.D. Cal. Aug. 11, 2015).........15

21
22 Whalen v. McMullen,
     907 F.3d 1139 (9th Cir. 2018) ............................................................................................9

23
24 Whitaker v. Garcetti,
     486 F.3d 572 (9th Cir. 2007) ............................................................................................10

25
26 Young v. City of Visalia,
   687 F. Supp. 2d 1141 (E.D. Cal. 2009) ............................................................................13

27
28 Zelig v. Cnty. of Los Angeles,

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

    27 Cal. 4th 1112 (2002)........................................................................6

Statutes

18 U.S.C.A. § 872.................................................................................8
18 U.S.C.A. § 1951...............................................................................8
18 U.S.C.A § 1361................................................................................8
42 U.S.C. § 1983................................................................................10
42 U.S.C.A. § 2000cc...........................................................................9
Cal. Gov. Code § 815...........................................................................5
Cal. Gov't Code § 815(a)......................................................................6
Chapter 3, Division 5, Title 1, of the Government Code........................7
Civ. Code section 1431.2(a)..................................................................7
Government Code Sec. 821.6..............................................................15

Rules

Fed. R. Civ. P. 8..................................................................................4
Fed. R. Civ. P. 10(b)...........................................................................5
Fed. R. Civ. P. 12(b)(6)....................................................................2, 3

Regulations

25 C.F.R. § 11.411..............................................................................7

Other Authorities

6A Cal. Jur.3d, Attorneys at Law § 135 (3d ed.2012)........................19

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite multiple opportunities to amend the Complaint, Plaintiff has not alleged the necessary factual and legal bases to support cognizable federal claims. The SAC, like the first amended complaint ("FAC") fails to provide Defendant with a concise summary of the events, people, locations, facts surrounding the events, encounters, and interactions. In essence, the SAC does not give Defendant fair notice of what Plaintiff's claim is and the grounds upon which it rests.

This lawsuit arises from Plaintiff's allegations in the SAC that Defendant CSA-18 Special Districts Public Works ("Defendant") intentionally "deprived the interests" of Plaintiff and her property by: (1) trespassed onto Plaintiff's private property; (2) prevented Plaintiff from driving on the property due to Defendant's failure to repair roads; (3) failed to file her claim with the County and denied her claim without providing an opportunity to prove her case; (4) removed Plaintiff's cables, which caused her glass lights to be damaged and left the broken glass lights all over her property; (5) dumped waste on Plaintiff's property; (6) removed signs, cut trees, stole fences; (7) refused to repair Burnt Mill Canyon Road; (8) admitted to damaging Plaintiff's property to the police; (9) hates her because of her religion and for complaining about Defendant's alleged failure to fix roads; and (10) is engaged in elder abuse on her by issuing notices and fines, trespassing, and reporting trash on her property. SAC ¶¶ 5-11.

The SAC consists of mostly threadbare legal conclusions, nonspecific allegations, and references to inapplicable law. This is woefully insufficient and does not meet the legal standard in Rule 8.

The SAC fails on multiple grounds as it fails to allege: sufficient facts, the authorizing statute and statutory basis for liability for every cause of action; sufficient facts to support a Section 1983 claim, a fourth and fourteenth amendment violation for unreasonable search; fails to satisfy the requirements of Monell; and the State law claims are untimely and barred. Thus, the SAC is subject to this instant motion.

1

## II.  <u>STATEMENT OF FACTUAL ALLEGATIONS</u>

The SAC concerns a series of incidents and contacts between the parties for an expansive period of time—from 2021 and prior—on Plaintiff's Mojave River Road property (Mojave Property"), which she  claims ownership. SAC ¶¶ 5-11, 39.  Plaintiff alleges that Defendant "intentionally deprived the interest of Plaintiff's property through the unauthorized act ([t]respassing on Plaintiff's private property, not allowing Plaintiff[] to drive due to failure to repair roads) and causing loss" and "CSA-18 [s]upervisors allowed workers to trespass onto Plaintiff's property." <u>Id</u>. ¶ 6. The SAC alleges that Defendant: (1) "did not file Plaintiff's complaint or claim against [them] with the County of San Bernardino Risk Management," despite claiming to have done so and telling Plaintiff the claim was denied "back in 2021"; (2) "admitted to damaging Plaintiff's property to the police"; (3) "took down Plaintiff's cables, which caused all glass lights to be broken"; (4) "dump[ed] base rock, trash, waterflow, and water pipes on Plaintiff's property for years without permission"; (5) "stole[] Plaintiff's 2x2 in. signs"; (6) "took down another 'No Trespassing, Kids at Play' sign"; (7) "cut down tree branches to remove Plaintiff[']s 5/8[] [in.] chain, [and] stole fences"; and (8) "won't repair Burnt Mill Canyon Road, which Defendant is responsible [sic] to repair." <u>Id</u>. ¶¶ 5-49. Plaintiff further alleges she "has not been able to drive to [the] lower side of Plaintiff's property to clear trash neighbors have dumped." <u>Id</u>. "Plaintiff has had to walk miles to get to her property to perform demolitions and trash removal[.]" <u>Id</u>. ¶ 8. Plaintiff adds she "is at constant risk of getting towed by parking at the last part of the drivable road." Id. Plaintiff "made a claim against Defendant on 2/16/2023, but [it] was denied." <u>Id</u>. Plaintiff alleges CSA-18 "[e]lderly [a]buse [84-year-old] Plaintiff . . . by giving constant notices, trespassing . . . , and constantly reporting trash in front of Plaintiff's trash cans or leaves on Plaintiff's roof to harass Plaintiff." <u>Id</u>. ¶ 9. Plaintiff further alleges CSA-18 fined her for having an RV on her land, but "CSA [wa]s responsible for the RV even being [on the land] in the first place because Defendant cut, removed, and stole Plaintiff's cables/chains which would have prevented squatters[.]" <u>Id</u>.

1    The SAC asserts: (1) 4th Amendment - unreasonable search & seizure; (2) Monell -
2    Municipal and Supervisorial liability; (3) IIED under the heading of "Invasion of
3    Privacy"; (4) Trespass; (5) Destruction of private property; and (6) Extortion. Id. ¶¶ 12-
4    49. The SAC continues to be disjointed, vague, ambiguous, and lacks any substantive
5    details as to dates, places, locations, and events, and fails to show any correlation to the
6    causes of actions alleged.

### III.  LEGAL STANDARD

8    Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss for failure to state
9    a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be
10   dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal
11   theory; or (2) insufficient facts under a cognizable legal theory. Bell Atl. Corp. v.
12   Twombly, 550 U.S. 544, 555 (2007); see also Mendiondo v. Centinela Hosp. Med. Ctr.,
13   521 F.3d 1097, 1104 (9th Cir. 2008) ("Dismissal under Rule 12(b)(6) is appropriate only
14   where the complaint lacks a cognizable legal theory or sufficient facts to support a
15   cognizable legal theory.").

16   The court must construe the complaint in the light most favorable to the plaintiff.
17   Gompper v. VISX, Inc., 298 F.3d 893, 896 (9th Cir. 2002); Sprewell v. Golden State
18   Warriors, 266 F.3d 979, 988 (9th Cir.). However, the court is not required to accept as
19   true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678
20   (2009). In evaluating a complaint against a motion to dismiss, "[t]hreadbare recitals of
21   the elements of a cause of action, supported by mere conclusory statements, do not
22   suffice." Ashcroft, 556 U.S. at 678; Bell Atlantic Corp., 550 U.S. at 555.

23   "A complaint must contain sufficient factual matter, accepted as true" and viewed
24   in the light most favorable to the nonmoving party, "to state a claim to relief that is
25   plausible on its face." Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at
26   570). This does not require "detailed factual allegations," but it does require "more than
27   an unadorned, the defendant-unlawfully-harmed-me accusation." Id. The Court does not,
28   however, "accept as true allegations that are merely conclusory, unwarranted deductions

3

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION
AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1  of fact, or unreasonable inferences." <u>Sprewell</u>, 266 F.3d at 988. Where the facts alleged
2  "do not permit the court to infer more than the mere possibility of misconduct", the
3  motion to dismiss should be granted.  <u>Ashcroft</u>, 556 U.S. at 679.

4    For the reasons discussed further below, even viewing the facts presented in the
5  SAC and the inferences to be drawn therefrom in the light most favorable to Plaintiff, no
6  plausible claim exists against Defendant. Plaintiff's claims are subject to this Motion for
7  failing to state any claim for relief against it.

8  **IV.  <u>LEGAL ARGUMENT</u>**

9  **A. <u>THE SAC STILL DOES NOT COMPLY WITH RULE 8</u>**

10    Fed. R. Civ. P. 8 requires that a complaint contain a short and plain statement of
11  the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8
12  does not require detailed factual allegations, at a minimum, a complaint must allege
13  factual allegations to provide "fair notice" of both the particular claim being asserted and
14  "the grounds upon which [the particular claim] rests." <u>Bell Atl. Corp. v. Twombly</u>, 550
15  U.S. 544, 555 (2007) (citation and quotation marks omitted). If a complaint does not
16  clearly and concisely set forth factual allegations sufficient to provide defendants with
17  notice of which defendant is being sued, on which theory, and what relief is being sought
18  against them, the complaint fails to comply with Rule 8. See, e.g., <u>McHenry v. Renne</u>, 84
19  F.3d 1172, 1177–78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for
20  what relief, and on what theory, with enough detail to guide discovery"); <u>Exmundo v.</u>
21  <u>Kane</u>, 553 Fed. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of
22  Section 1983 claims where plaintiff's allegations "were unclear as to the timing and
23  nature of [the defendant's] actions").

24    The SAC still fails to allege any concrete details as to the "who", "when", or the
25  "where" any of the events, incidents, and encounters described therein occurred.  Plaintiff
26  generally references "property," "home," and "roads," but it is unclear where the
27  property, home, and road, which is the subject of this complaint, is located. While Plaintiff
28  seems to have had negative encounters with Defendant, it is unclear whether any of these

4

1   interactions or events are related to one another or when they occurred. The factual
2   allegations in the SAC are disjointed, making it difficult to ascertain what facts pertain to
3   which claims or how some of the facts are relevant to any claim. The SAC still contains
4   no concrete allegations and does not provide sufficient allegations in support of each and
5   every cause of action; it consists of only legal conclusions that fail to provide "fair notice"
6   of both the particular claim being asserted and "the grounds upon which [the particular
7   claim] rests." The SAC also fails to support a claim under Section 1983 or any of the
8   accompanying State law claims. Ashcroft, 556 U.S. at 678.

9       In order to comply with Rule 8, plaintiffs must provide a short and plain statement
10  of the elements of their claims, identifying the transaction or occurrence giving rise to the
11  claim(s) and the elements of the prima facie case. Bautista v. Los Angeles Cnty., 216 F.3d
12  837, 840 (9th Cir. 2000). At minimum, this must include the approximate date of each
13  incident giving rise to each specific cause of action alleged. Here, the SAC alleges a few
14  dates for some vague encounters but generally claims that most incidents occurred "on &
15  for some time prior to 2021." SAC ¶¶ 13,15, 24. This does not provide sufficient notice
16  nor satisfy the Rule 8 pleading requirement.

17      Moreover, each claim and the facts supporting each claim should be set forth in a
18  separate count, because a separation "facilitates the clear presentation of the matters set
19  forth." Id. at 841; Fed. R. Civ. P. 10(b). This is important because, as it currently stands,
20  the allegations are disjointed and ambiguous and do not describe their interactions with
21  Defendant in a linear or clear way. The SAC fails to comply with Rule 8 and thus, the
22  Court should grant this motion as to all causes of action.

23  **B.  THE ALLEGED LIABILITY STATUTES IN THE SAC ARE NOT**
24      **APPLICABLE AND ARE NOT BASES FOR LIABILITY AGAINST**
25      **DEFENDANT**

26      There is no common law tort liability for public entities in California. Cal. Gov.
27  Code § 815; see Miklosy v. Regents of Univ. of California, 44 Cal. 4th 876 (2008);
28  ///

1  <u>Zelig v. Cnty. of Los Angeles</u>, 27 Cal. 4th 1112, 1127–1128 (2002). Specifically, Cal.
2  Gov't Code § 815 provides, in pertinent part:

3      Except as otherwise provided by statute:

4      (a)  A public entity is not liable for an injury, whether such injury arises out of an
5  act or omission of the public entity or a public employee or any other person.

6      In California, public entities and, as is important here, their employees, are not
7  subject to common law causes of action, and may only be sued where permitted by a
8  particular authorizing statute. Thus, all governmental liability in California exists only by
9  authorizing statute. *See* <u>Cochran v. Herzog Engraving Co.</u>, 155 Cal. App. 3d 405, 409
10 (Cal. Ct. App. 1984). Statutory liability must be pled with particularity. <u>Cochran</u>, 155 Cal.
11 App. 3d 405; Cal. Gov't Code § 815(a). The particular statute under which liability is
12 asserted must be identified to maintain a claim against a public entity or public
13 employee. (<u>Cerna v. City of Oakland</u>, 161 Cal. App. 4th 1340, 1349 (2008) (emphasis
14 added).)  In other words, public entities are subject to tort liability only if a statute permits
15 it. (Cal. Gov't Code § 815; <u>Eastburn v. Reg'l Fire Prot. Auth.</u>, 31 Cal. 4th 1175, 1183
16 (2003) (direct tort liability of public entities must be based on a specific statute declaring
17 them to be liable, or at least creating some specific duty of care".)  In addition, [s]ince the
18 liability sought to be imposed ... is statutory, it is necessary to plead facts to support each
19 of the requirements of the statute." <u>Feingold v. Los Angeles County</u>, 254 Cal. App. 2d
20 622 (1967).)  Additionally, public entities are immune from tort liability in California
21 unless otherwise provided by statute. Cal. Gov't Code § 815; <u>Miklosy v. Regents of Univ.</u>
22 <u>of California</u>, 44 Cal. 4th 876 (2008) (acknowledging Cal. Gov't Code § 815 bars tort
23 liability against a public entity).

24     Here, the SAC asserts the following State law causes of action: IIED, trespass,
25 destruction of private property, and extortion but it failed to identify any applicable statute
26 that would provide for liability against Defendant. In the absence of liability based on
27 statute, the claims fail.

28 ///

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1. Inapplicable Liability Statute for IIED ("Invasion of Privacy) Cause of Action

In support of the third claim of "invasion of privacy," which is a regurgitation and repetition of the IIED claim, the SAC cites Civ. Code section 1431.2(a), which pertains to non-economic damages, comparative fault, and joint and several liability of each defendant.[1] This statute does not support an IIED/Invasion of Privacy claim. The SAC also references the Federal Tort Claims Act, which relates to claims against the U.S. Government for torts, which is not the case here.

2. Inapplicable Liability Statute for Trespass Claim

As to the Trespass claim, Plaintiff cites a city municipal code, San Bernardino Municipal Code ("SBMC") section 12.24.020, as the liability statute. SBMC is a city municipal code, so a County public entity is not bound to it. A City's municipal code has binding authority on all individuals and entities within the local jurisdiction in which they are enacted. The SAC also failed to provide legal authority stating that these City code sections support State law or constitutional violation claims. Further, SBMC § 12.24.020 pertains to public works contracts and compliance with surety bond requirements, which is inapplicable here.[2] A City's municipal code does not support a claim against a County public entity.

Plaintiff also cites 25 C.F.R. § 11.411, which is a statute pertaining to the Bureau of Indian Affairs Courts of Indian Offenses and criminal trespass. "Generally, criminal statutes do not confer private rights of action ...." Bailey v. Clarke, No. 12-CV-1100-IEG KSC, 2012 WL 6720628, at *2 (S.D. Cal. Dec. 21, 2012). Thus, Plaintiff's allegations that Defendant violated a state criminal statute do not create a cognizable civil claim that they may pursue in this action. See Ellis v. City of San Diego, Cal., 176 F.3d 1183, 1189 (9th

---

[1] Cal. Civ. Code § 1431.2(a) In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount.

[2] The provisions of such bond as required in Section 12.24.010 shall be in accordance with the provisions of the general law set forth in Chapter 3, Division 5, Title 1, of the Government Code of the state, as now in effect and as hereafter amended unless otherwise provided by ordinance.

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION
AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1    Cir. 1999); (Bonty v. Escutia, No. 107CV00428-LJO-GSAPC, 2007 WL 3096587, at *3

2    (E.D. Cal. Oct. 22, 2007) holding that a plaintiff may not impose liability on defendants

3    for violation of penal code sections). Absent a clear indication from Congress, courts

4    should not infer a civil cause of action from a criminal statute. See Chrysler Corp., 441

5    U.S. at 316. This claim fails.

6        3. Inapplicable Liability Statute for Destruction of Private Property

7        Plaintiff's fifth claim of destruction of private property fails for lack of liability

8    statute. Plaintiff cites 18 U.S.C.A § 1361, which pertains to destruction of property owned

9    by or under the control of the federal government.[3] Nothing in the SAC alleges that the

10   property at issue is under the ownership or control of the United States government. This

11   claim fails.

12       4.   Inapplicable Liability Statute for Destruction of Private Property

13       In support of the extortion claim, Plaintiff cites 18 U.S.C.A. § 1951 (Hobbs Act),

14   which is a federal law that prohibits robbery, extortion, and conspiracies to commit those

15   acts that affect interstate or foreign commerce. 18 U.S.C.A. § 1951. There are no

16   allegations in the SAC regarding any interference with interstate or foreign commerce.

17   Also, this is a criminal statute and again, absent a clear indication from Congress, courts

18   should not infer a civil cause of action from a criminal statute. See Chrysler Corp. v.

19   Brown, 441 U.S. 281, 316 (1979). Plaintiff also relies on 18 U.S.C.A. § 872, which

20   pertains to extortion by officers or employees of the United States. Plaintiff has not alleged

21   any officer or employee of the United States has committed extortion.

22       The SAC cites The Religious Land Use and Institutionalized Persons Act

23   (RLUIPA), which prohibits the imposition or implementation of a land use regulation in

24   a manner that imposes a substantial burden on the religious exercise of a person including

25

26   ─────────────

27   [3] Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency thereof, or attempts to commit any of the foregoing offenses… (18 U.S. Code § 1361)

28

8

a religious assembly or institution. 42 U.S.C.A. § 2000cc. Here, the SAC has not alleged a land use regulation that imposed a substantial burden on her religious activity. Rather the SAC alleged that Defendant's trespass, failure to maintain roads, removing signs, and dumping trash discouraged her from building a religious temple. This is insufficient.

## C. THE FIRST CAUSE OF ACTION FOR FOURTH AMENDMENT VIOLATION OF UNLAWFUL SEARCH FAILS TO ALLEGE SUFFICIENT FACTS IN SUPPORT THEREOF

"To prevail on a section 1983 claim based on the Fourth Amendment, a plaintiff must show that the state actor's conduct was an unreasonable search or seizure." Mendez v. Cnty. of Los Angeles, 897 F.3d 1067, 1074–75 (9th Cir. 2018). "A Fourth Amendment 'search' occurs when a government agent 'obtains information by physically intruding on a constitutionally protected area, or infringes upon a 'reasonable expectation of privacy.'" Whalen v. McMullen, 907 F.3d 1139, 1146 (9th Cir. 2018) (quoting United States v. Jones, 565 U.S. 400, 406 n.3 (2012); Katz v. United States, 389 U.S. 347, 360 (1967). Thus, "[s]earches and seizures inside a home without a warrant are presumptively unreasonable.

Here, the SAC concludes that Defendant is liable because some unknown individuals were "integral participants in the wrongful entry and inspection" or because Defendant "failed to intervene to prevent these violations against Plaintiff." SAC ¶ 13. Plaintiff also claims that "Defendant is continuing to wrongfully enter Plaintiff's private property because Defendant wants to continue dumping trash, water pipes, & base rock on Plaintiff's property to save County money." Id. The SAC claims that "CSA-18 workers to trespass onto Plaintiff's property, unbolt chain off Plaintiff's sign, destroy Plaintiff's 12 glass jars, leaving glass shards all over Plaintiff's road, & stealing Plaintiff's sign & bolts, & put in back of Defendant's white "County of San Bernardino" truck, which factually proves Defendant's violated the law." Id. ¶ 14.

The allegations in the SAC of an "unreasonable search" of Plaintiff's property and incident(s) of trespass by unknown individuals, vague and terse at best. Nonspecific

9

1   allegations that some unknown individuals stole items from Plaintiff's land and entered
2   it at some unknown time are not sufficient. This claim fails.

3   **D. PLAINTIFF'S ALLEGATIONS ARE WITHOUT FACTUAL SUPPORT**
4   **AND INSUFFICIENT TO STATE A MONELL CLAIM**

5        A public entity <u>cannot</u> be held liable based on vicarious liability for the alleged
6   wrongdoings of its employees for causes of action brought pursuant to 42 U.S.C. § 1983.
7   <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658 (1978); *see also*, <u>City</u>
8   <u>of Canton, Ohio v. Harris</u>, 489 U.S. 378, 385 (1989) (holding that it is only when the
9   execution of the government's policy or custom inflicts the injury that the municipality
10  may be held liable under § 1983). A] municipality cannot be held liable *solely* because it
11  employs a tortfeasor—or, in other words, a municipality cannot be held liable under §
12  1983 on a *respondeat superior* theory." <u>Monell</u>, 436 U.S. at 690–691. "[P]laintiffs must
13  establish that 'the local government had a deliberate policy, custom, or practice that was
14  the moving force behind the constitutional violation [they] suffered.'" *See* <u>id.</u> (*quoting*
15  <u>Whitaker v. Garcetti</u>, 486 F.3d 572, 581 (9th Cir. 2007). "Deliberate indifference is a high
16  legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). Even gross
17  negligence is insufficient to meet it. <u>L.W. v. Grubbs</u>, 92 F.3d 894, 899 (9th Cir. 1996).

18        Further, <u>Monell</u> liability "may not be predicated on isolated or sporadic incidents;
19  it must be founded upon practices of sufficient duration, frequency and consistency that
20  the conduct has become a traditional method of carrying out policy." <u>Gant v. Cnty. of Los</u>
21  <u>Angeles</u>, 772 F.3d 608, 618 (9th Cir. 2014) (quoting <u>Trevino v. Gates</u>, 99 F.3d 911, 918
22  (9th Cir. 1996). <u>Monell</u> liability will attach only to "a longstanding practice or custom
23  which constitutes the 'standard operating procedure' of the local government entity[.]"
24  <u>Menotti v. City of Seattle</u>, 409 F.3d 1113, 1147, 1151 (9th Cir. 2005) (quoting <u>Ulrich v.</u>
25  <u>City & Cnty. of San Francisco</u>, 308 F.3d 968, 984–85 (9th Cir. 2002)).

26        To state a claim for municipal liability under § 1983, a plaintiff must plead that:
27  "(1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the
28  policy amounted to deliberate indifference to [plaintiff's] constitutional right; and (4) the

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION
AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1  policy was the moving force behind the constitutional violation." Lockett v. Cnty. of Los

2  Angeles, 977 F.3d 737, 741 (9th Cir. 2020). There must be a "direct causal link between

3  a municipal policy or custom and the alleged constitutional deprivation." Collins v. City

4  of Harker Heights, Tex., 503 U.S. 115, 123 (1992) (quoting City of Canton, Ohio v. Harris,

5  489 U.S. 378, 385 (1989)). The "first inquiry in any case alleging municipal liability under

6  § 1983 is the question whether there is a direct causal link between a municipal policy or

7  custom and the alleged constitutional deprivation." Id.; Castro v. Cnty. of Los Angeles,

8  833 F.3d 1060, 1075 (9th Cir. 2016).

9      Here, the SAC fails on multiple fronts: it fails to identify a specific policy or "what

10  the training or hiring practices were [and] how the training or hiring practices were

11  deficient[.]" Mong Kim Tran v. City of Garden Grove, No. SACV 11-1236 DOC ANX,

12  2012 WL 405088, at *4 (C.D. Cal. Feb. 7, 2012). The SAC also contains no facts

13  supporting an inference of a policy or custom "of using excessive trespassing." SAC ¶¶

14  17-22; Gant v. Cnty. of Los Angeles, 772 F.3d 608, 618 (9th Cir. 2014). Plaintiff has

15  simply taken incidents/events of what she believes happened to her and labeled them as

16  "policy" and "custom." Plaintiff has not identified any longstanding practice or custom

17  but has concluded that Defendant maintained an unconstitutional policy, customs,

18  procedures of trespassing, which is also demonstrated by inadequate training regarding

19  these subjects. SAC ¶¶ 17-18. The SAC also contains no facts supporting an inference of

20  a custom of trespassing.

21      In support of the Monell Claim, Plaintiff relies on San Bernardino County

22  Municipal Code §§ 601 and 602, which pertains to Ethics and Election Integrity.[4] Section

23  603 pertains to ethics training and is inapplicable here.[5]  The SAC failed to allege how

24

25      [4]  602.  The Board of Supervisors shall establish by ordinance training requirements pertaining to ethics, the prohibition of discrimination and harassment, the prohibition of nepotism, and other areas

26  of ethics pertinent to public service.

27      [5]  603.  Staff members of the Board of Supervisors, and staff members of other elective County officers at the level of assistant department head or its equivalent level, shall receive the same ethics training as is provided to the members of the Board of Supervisors and other elective County officers

28  pursuant to the general law.

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION
AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1  these purported policies or practices were the causal link between a policy or custom and

2  the constitutional deprivation. The SAC does not allege any facts from which to plausibly

3  infer that her constitutional rights were denied pursuant to an official policy, custom, or

4  practice of Defendant. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (a pleading that

5  "offers labels and conclusions or a formulaic recitation of the elements of a cause of action

6  will not do."). Plaintiff's vague and conclusory allegations are insufficient to support a

7  Monell claim against Defendant.

## E. PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED ANY UNCONSTITUTIONAL FAILURE TO TRAIN

10  The SAC alleges that Defendant failed to supervise, train, control, assign, and

11  discipline its employees. SAC ¶ 18. "A municipality's culpability for a deprivation of

12  rights is at its most tenuous where a claim turns on a failure to train." Connick v.

13  Thompson, 563 U.S. 51, 61 (2011). An inadequate training claim requires plaintiffs to

14  show deliberate indifference to a constitutional right. This standard is met when "the need

15  for more or different training is so obvious, and the inadequacy so likely to result in the

16  violation of constitutional rights that the policymaker of the city can reasonably be said

17  to have been deliberately indifferent to the need." Clouthier v. Cnty. of Contra Costa, 591

18  F.3d 1232, 1249 (9th Cir. 2010). Deliberate indifference is a stringent standard of fault,

19  requiring proof that a municipal actor disregarded a known or obvious consequence of

20  his action. Connick v. Thompson, 563 U.S. 51, 61 (2011). "A less stringent standard of

21  fault for a failure-to-train claim would result in *de facto respondeat superior* liability on

22  municipalities." Id. at 62 (quotations and citations omitted).

23  A plaintiff must identify how the municipality's training was inadequate and how

24  the inadequate training represents municipal policy. Long v. Cnty. of Los Angeles, 442

25  F.3d 1178, 1186 (9th Cir. 2006). In addition, the plaintiff must show more than one

26  employee was inadequately trained; there must be a widespread practice. A pattern of

27  similar constitutional violations is necessary to demonstrate that the municipal

28  policymakers were on notice that employees needed training. Connick v. Thompson, 563

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION
AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1    U.S. 51, 62 (2011). Without notice that a course of training is deficient in a particular

2    respect, decisionmakers cannot be said to have deliberately chosen a training program

3    that will cause violations of constitutional rights. Id. at 71–72.

4         Here, Plaintiff does not identify the specific training policy, what the training or

5    hiring practices were, how the County failed to train its employees, what topics were not

6    covered in the training, how the training was deficient, or how the inadequate training

7    represents a municipal policy. See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149

8    (E.D. Cal. 2009) (holding that under Iqbal, where a "complaint does not identify what the

9    training and hiring practices were, how the training and hiring practices were deficient,

10   or how the training and hiring practices caused [p]laintiffs' harm," such threadbare

11   conclusory allegations do not support a Monell claim); Canas v. City of Sunnyvale, No.

12   C 08-5771 JF PSG, 2011 WL 1743910, at *6 (N.D. Cal. Jan. 19, 2011).

13        Also, there are no facts in the SAC to show that the need for more or different

14   training was obvious to the County and the inadequacy in training was likely to lead to a

15   violation of constitutional rights, or that the County had actual or constructive notice that

16   there was inadequate training and that it would likely result in a constitutional violation.

17   "Mere negligence in training or supervision [ ] does not give rise to a Monell *claim.*"

18   Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Thus, the Complaint

19   improperly states nothing more than "labels and conclusions" and "a formulaic recitation

20   of the elements" and fails to meet the pleading requirement under Twombly and Iqbal to

21   support a Monell claim based on a failure to train.

22   **F. PLAINTIFF'S STATE LAW CLAIMS ARE UNTIMELY**

23        The SAC alleges that Plaintiff submitted her claim against the County on February

24   16, 2023 and it was denied "2 months later." SAC ¶¶ 18, 37. Plaintiff's claim was denied

25   on March 24, 2023. Request for Judicial Notice ("RJN") ¶ 1, Ex. A. The deadline to file

26   an action on the State law claims was within 6 months of the denial or by September 24,

27   2023. Plaintiff did not file this action until May 30, 2024—over 8 months after the

28   deadline to file an action for the State law tort claims. Thus, all of Plaintiff's State law

1  claims are untimely and barred for failure to timely comply with the Government Tort

2  Claims Presentation Act.

3  ## G. PLAINTIFF'S THIRD CLAIM FOR "INVASION OF PRIVACY" IS AN

4  ## IIED CLAIM AND IS UNTIMELY AND FAILS

5      The SAC's "invasion of privacy" cause of action is for all practical purposes, an

6  IIED claim. Plaintiff claims that Defendant's actions caused her emotional distress, and

7  the actions were intentional, extreme, and outrageous. SAC ¶ 27. Under California law,

8  "the elements of a prima facie case of intentional infliction of emotional distress are '(1)

9  extreme and outrageous conduct by the defendant with the intention of causing, or

10  reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

11  suffering severe or extreme emotional distress; and (3) actual and proximate causation of

12  the emotional distress by the defendant's outrageous conduct.' " Corales v. Bennett, 567

13  F.3d 554, 571 (9th Cir. 2009) (quoting Tekle v. United States, 511 F.3d 839, 855 (9th Cir.

14  2007)).

15      Here, the SAC concludes that Defendant's entry into Plaintiff's home without a

16  warrant constituted extreme and outrageous conduct. SAC ¶ 27. The SAC vaguely

17  alleges that Defendant CSA-18 "cut down tree branches to grind & steal Plaintiffs 5/8"

18  chain & stolen Plaintiff's fences that were chained & locked to Plaintiff's private property

19  tree. Defendant CSA-18 also cut down Plaintiff's cables with a grinder & took down

20  Plaintiff's 3/8" chain to the Yeshua religious planned temple site. Id. ¶ 29-30. Defendant

21  wants to keep trespassing onto Plaintiff's property to save money & time by dumping

22  water pipes, base rock, & trash onto Plaintiff's private property; instead of driving 30

23  minutes to Heaps Peak Disposal Site, 29898 CA-18, Running Springs, CA 92382 to dump

24  base rock, trash, & water pipes." Id. ¶ 32.

25      Again, this State law claim is untimely and barred. Also, while Plaintiff may be

26  upset, frustrated, or displeased by this event, the alleged conduct does not "exceeded the

27  bounds of what is generally tolerated in a civilized society." Braunling v. Countrywide

28  Home Loans Inc., 220 F.3d 1154, 1158 (9th Cir. 2000). Further, Plaintiff has failed to

1   identify and allege an applicable statutory liability or an authorizing statute for this cause

2   of action.

3          Moreover, In <u>VNT Property</u>, the Federal Court noted that Government Code Sec.

4   821.6 provides immunity for a public employee against injury caused by instituting or

5   prosecuting any judicial or administrative proceeding within the scope of employment.

6   The Court found in that case that Defendants' action was in their official capacities when

7   they investigated code violations in a code enforcement proceeding. Thus, Defendants

8   were absolutely immune from the state law claims. <u>VNT Prop. 1, LLC v. City of Buena</u>

9   <u>Park</u>, No. SACV150007DOCRNBX, 2015 WL 12762257, at *10 (C.D. Cal. Aug. 11,

10  2015) (citing <u>Shanko v. Lake Cnty.</u>, 116 F. Supp. 3d 1055 (N.D. Cal. 2015) ("Under

11  California law, Plaintiff cannot state a claim against any of the Defendants for intentional

12  infliction of emotional distress in connection with their decisions relating to the County's

13  enforcement of its building code or permitting process.") The <u>VNT Property</u> Court found

14  that because Sec. 821.6 provided immunity to employees, the City was also immune

15  under Section 815.2(b), which provides that a public entity is immune if its employee is

16  immune. Thus, this claim fails.

17  **H. <u>THE FOURTH CLAIM FOR TRESPASS IS UNTIMELY AND FAILS TO</u>**

18     **<u>ALLEGE A PROPER LEGAL THEORY AND TO ALLEGE SUFFICIENT</u>**

19     **<u>FACTS</u>**

20         Plaintiff alleges that Defendant trespassed onto Plaintiff's property multiple times

21  to harm Plaintiff and dump base rock, trash, and water pipes onto Plaintiff's private

22  property without permission. SAC ¶ 33. The SAC alleges incidents of purported trespass

23  and interference but lacks specific dates for these incidents. See generally SAC. Plaintiff

24  alleges that from "some time prior to 2021" to present Defendant "has been dumping base

25  rock, trash, waterflow, and water pipes on Plaintiff's property for years without

26  permission[,]" and "[f]or 18 years Plaintiff has been getting unfounded code violation

27  notices." <u>Id</u>. ¶¶ 8, 9, 33, 37. Plaintiff also alleges that Defendant "took down Plaintiff's

28  cables" and "took down another 'No Trespassing, Kids at Play' sign[,]" <u>Id</u>. ¶ 6, but does

1  not provide specific dates for either when these events occurred or when she reported

2  them. The SAC fails to allege sufficient facts to support a legally cognizable federal

3  claim.

## I. PLAINTIFF'S FIFTH CLAIM FOR "DESTRUCTION OF PRIVATE PROPERTY" IS UNTIMELY AND FAILS TO ALLEGE A BASIS FOR LIABILITY AND SUFFICIENT FACTS

7   Plaintiff alleges that Defendant CSA-18 Supervisors Glen Jacklin & Rudy

8  Guerrero had a meeting to steal Plaintiff's cables & signs on & for some time prior to

9  2021 (& continuing to the present date) and made the decision to order workers to trespass

10 & steal Plaintiff's sign; thought the sign was Defendant's property. SAC ¶ 37. Plaintiff

11 claims that Sheriff Officer Mark Sandoval refused to prosecute Defendant CSA-18

12 employee. Id. ¶ 38. Plaintiff also alleges that "Defendant CSA-18 because Plaintiff filled

13 out the claim, sent the claim to CSA-18 back in 2021, but CSA-18 did not forward the

14 claim to the San Bernardino Risk Management Department, who is supposed to take care

15 of these matters & settle them, to prevent Plaintiff from having to go to court. Plaintiff

16 discovered on 2/27/2023 that Defendant CSA-18 factually did not file Plaintiff's

17 complaint or claim against Defendant CSA-18 with County of San Bernardino Risk

18 Management, which Defendant CSA-18 lied & claimed to have filed back in 2021." Id.

19 ¶ 37. This claim fails because it is vague, untimely, fails to allege sufficient facts and a

20 statutory basis for liability or an authorizing statute, and violates Rule 8.

## J. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR EXTORTION (FORCED ADDRESS) FAILS FOR UNCERTAINTY AND LACK OF STATUTORY LIABILITY

24   Plaintiff's extortion claim is a reiteration of her prior claim of "forced address."

25 SAC ¶¶ 41-49.  Plaintiff claims that Defendant forced her to pay for an address or

26 Defendant would not remove the notice from the building & safety department division,

27 "which is a misdemeanor ticket, that puts a lien on Plaintiff's house, & to steal Plaintiff's

28 property." Id. ¶ 42. Plaintiff alleges that she was not allowed to customize her property's

address, forced to pay for something she did not want, and forced to get an address for a vacant property. Id. Plaintiff alleges Defendant conspired with San Bernardino County to extort money to force Plaintiff to have an unwanted address, and made Plaintiff pay for the address. Id. ¶ 45.  The SAC alleges that Defendant is also conspiring with San Bernardino County and other County departments to extort money and work against Plaintiff to prevent her from building a religious temple. Id. The SAC also alleges the Sheriff's Department is also conspiring with Defendant by refusing to give Plaintiff a case number against Defendant for theft, destruction of private property & trespassing. Id. ¶ 46. Plaintiff has not sufficiently alleged facts that would give rise to a constitutional or state law violation based on "forced address."  Like the others in the SAC, this claim fails because it is untimely, fails to allege sufficient facts, fails to allege a statutory basis for liability or an authorizing statute, and violates Rule 8.

### K. PLAINTIFF LYNN MACY DOES NOT HAVE STANDING TO BRING THIS SUIT SINCE SHE IS NOT A LICENSED ATTORNEY AND JEFF MACY IS ENGAGED IN THE UNAUTHORIZED PRACTICE OF LAW

Plaintiff alleges that she owns property on Mojave River Road in Cedarpines, California ("Mojave Property"). SAC ¶ 39, 10. This is not correct. The Mojave Property is owned by 1611Bible.US, a corporation. See RJN ¶ 2, Ex. B.

In California, the law treats corporations as separate legal entities from their owners, officers, and directors. Unlike a natural person, a corporation must be represented by a licensed attorney in legal proceedings. This means that even if a Plaintiff is the CEO of a corporation, he/she cannot represent the corporation in court unless they are a licensed attorney in California. Courts recognize corporations as distinct "persons" under the law and require them to have representation by a licensed professional. In Gutierrez v. G & M Oil Co., 184 Cal. App. 4th 551 (2010), the court held that a corporation must be represented in court by an attorney, unlike an attorney who represents himself. (Gutierrez, 184 Cal. App. 4th 551). Similarly, in Paradise v. Nowlin, 86 Cal.

17

1   App. 2d 897 (1948), it was established that a corporation cannot appear in court by an

2   officer who is not an attorney and cannot appear in propria persona. Paradise, 86 Cal.

3   App. 2d 897. A corporation is an artificial entity created by law and can neither practice

4   law nor appear or act in person; it must act through licensed attorneys in court

5   matters (Paradise, 86 Cal. App. 2d 897). Additionally, in CLD Constr., Inc. v. City of

6   San Ramon, 120 Cal. App. 4th 1141 (2004), the court reinforced the long-standing

7   common law rule that a corporation cannot represent itself before courts of record in

8   propria persona, nor can it represent itself through a corporate officer, director, or other

9   employee who is not an attorney. CLD Construction, Inc., 120 Cal. App. 4th 1141.

10  Plaintiff has not alleged that she is a licensed attorney in the State of California.

11       Moreover, Jeff Macy, Plaintiff' son, is engaged in the authorized practice of law.

12  A person cannot represent the legal interests of another person in court, even if they are

13  co-plaintiffs. In Turner v. Turner, No. B303062, 2023 WL 2581124 (Cal. Ct. App. Mar.

14  21, 2023) – the court found that a son could not represent his mother even though he was

15  an appointed conservator. Thus, an appeal was dismissed for lack of standing to challenge

16  claims not brought on his own behalf. See In re Marriage of Caballero, 27 Cal. App. 4th

17  1139 (1994) ("Despite broad statutory language of the power of attorney with respect to

18  claims and litigation, the attorney in fact may not act as an attorney at law on behalf of

19  his principal, even though the principal could appear in propria persona...."). See Ryan v.

20  Hyden, No. 12CV1489-MMA BLM, 2012 WL 4793116 (S.D. Cal. Oct. 9, 2012)

21  (nonlawyer son with power of attorney for parents could not draft pleadings and pursue

22  claims on their behalf as it constituted the unauthorized practice of law under California

23  law; complaint dismissed); Lomax v. City of Antioch Police Officers, No. C 11-02858

24  CRB, 2011 WL 4345057, at *3–4 (N.D. Cal. Sept. 14, 2011) (uninjured father acting as

25  attorney-in-fact for injured son lacked standing to bring complaint on behalf of son and

26  other family members for their injuries; power of attorney did not permit father to engage

27  in the unauthorized practice of law; motion to dismiss complaint granted); Hughes v.

28  Laguna Honda Hosp., 2000 U.S. Dist. LEXIS 10855 (N.D.Cal. Aug. 1, 2000) (daughter

1    with power of attorney for mother authorizing her to act on mother's behalf regarding

2    "claims and litigation" did not allow daughter to sign and file complaint for mother's

3    claims on her behalf; complaint dismissed without prejudice); 6A Cal. Jur.3d, Attorneys

4    at Law § 135 (3d ed.2012) (one may not act as an attorney for another by virtue of a

5    special power of attorney; power of attorney is not a vehicle for acting as an attorney at

6    law). <u>Drake v. Superior Ct.</u>, 21 Cal. App. 4th 1826 (1994) holds that even though the

7    Power of Attorney Act states someone with a power of attorney may file a lawsuit, that

8    does not mean they can do it as a pro per. The Power of Attorney Act cannot be read in a

9    fashion inconsistent with laws prohibiting the unauthorized practice of law. A person with

10    a power of attorney is only an "attorney in fact." They are not an "attorney at law."

11    Consequently, they cannot represent another person's interest.

12       Here, Jeff Macy claims that he holds power of attorney for Plaintiff and on that

13    basis, filed this action on her behalf, and drafted and filed the initial and amended

14    complaints, oppositions, and engaged in the meet and confer telephonic conference with

15    defense counsel. The power of attorney executed by Plaintiff does not authorize Jeff Macy

16    to engage in the practice of law.

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# VI.  **CONCLUSION**

The SAC does not cure the legal and factual deficiencies contained therein; it violates Rule 8 and consists of conclusory accusations without any substantive details as to the alleged events. The alleged actions by Defendant do not constitute a constitutional or state violation. The SAC cites inapplicable federal and state statutes and city municipal code sections and fails to allege how they support her claim. Based on the foregoing, Defendant respectfully requests this Court to grant this Motion and dismiss the SAC without leave to amend and with prejudice.

DATED: July 25, 2025

TOM BUNTON
County Counsel

SEONHAE SHIN
Deputy County Counsel
Attorneys for Defendant CSA-18 SPECIAL
DISTRICTS OF PUBLIC WORKS

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## CERTIFICATION OF SEONHAE SHIN RE MEET AND CONFER
## COMPLIANCE WITH LOCAL RULE 7-3

I, SEONHAE SHIN, hereby declare:

1.     I am an attorney at law licensed to practice before the United States District Court, Central District of California. I am Deputy County Counsel at the Office of County Counsel for Defendant San Bernardino County. I am familiar with and have personal knowledge concerning the matters set forth herein, and if called to testify, I would competently testify to the following:

2.     On July 15, 2024, I received the District Court Judge's Order Accepting the Report and Recommendation granting Defendant's Motion to Dismiss, dismissing Plaintiff's first amended complaint ("FAC") with leave to amend, and removing the abeyance on Plaintiff's second amended complaint ("SAC") and the SAC now being the operative complaint. Dkt. 49.

3.     After review of the SAC, I determined that it was subject to a Rule 12(b) Motion to Dismiss.

4.     On July 16, 2025, I sent a meet and confer email request to Plaintiff and her son Jeff Macy who has stated in the past that he holds power of attorney on behalf of Plaintiff and stated that he drafted and prepared the complaint and amendments in this action. The meet and confer email requested to meet and confer regarding Defendant's anticipated 12(b) Motion to Dismiss Plaintiff's SAC and provided some available dates and times.

5.     The meet and confer email requested for a response by July 17, 2025 to let us know when she is available and whether an agreement can be reached or whether our office will need to proceed with the motion. The email stated that if our office did not receive a response from Plaintiff, we will be forced to proceed with filing the motion, presuming that she is refusing to meet and confer. A true and correct copy of the email is attached hereto as Exhibit 1.

///

21

6.    On July 17, 2025, I emailed Plaintiff the bases for the anticipated motion and the issues to be discussed at the proposed meet and confer telephonic conference. On the same date, I received an email response stating "Friday 4 p.m." I immediately responded informing Plaintiff that I was not available on what I presumed is Friday, (July 18) at 4 p.m. and again provided my available dates/times and requested for a mutually convenient date.

7.    On Monday, July 21, when I had not heard back from Plaintiff, I sent a follow-up email stating that I would contact her via telephone on Tuesday, July 22 at 10:30 a.m.

8.    On Tuesday, July 22, 2024 at 10:30 a.m. I called Plaintiff, but there was no answer, so I left a voicemail message. I also emailed Plaintiff letting her know that I had called, left a voicemail, and would call back at 3:30 p.m in further attempt to meet and confer. At 3: 30 p.m., I again called Plaintiff and there was still no answer, so I left another voicemail message asking for a return call to telephonically meet and confer regarding Defendant's anticipated motion. I also sent a further email asking for a return call. See Exhibit 1. As of the signing of this declaration, I did not receive a return call from Plaintiff.

9.    I made numerous good faith attempts to meet and confer with Plaintiff to determine whether an agreement can be reached between the parties. I attempted to meet and confer to discuss every issue raised in this instant Motion in a good faith attempt to resolve the motion in whole or in part. Despite my best efforts, multiple telephone calls and emails, no agreement was reached between the parties.

10.    Despite my good faith attempts to meet and confer with Plaintiff to resolve this matter without the need for this motion, there was no agreement, thus necessitating this motion.

/s/ Seonhae Shin
_____
Declarant, SEONHAE SHIN

22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT 1

## REQUEST TO MEET AND CONFER EMAILS TO PLAINTIFF RE

## DEFENDANT'S 12(B) MOTION TO DISMISS

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION
AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

| From: | Shin, Kellie |
|---|---|
| To: | 1611 Bible, US gmail; Ranger Danger; SwordOfGod |
| Cc: | Alonso, Marisela; Mejia, Kyla; Jerusha Macy |
| Subject: | Lynn Macy v. CSA 18 Special Districts Public Works// Case 5:24-cv-00902-AB-SHK - REQUEST FOR MEET AND CONFER IN ANTICIPATION OF MOTION TO DISMISS |
| Date: | Thursday, July 17, 2025 9:36:00 AM |
| Attachments: | image001.png |

Good morning –

The matters which we would like to discuss during our telephonic meet and confer in anticipation of Defendant's motion to dismiss are:

    A. The Second Amended Complaint (SAC) is Still Not in Compliance with Rule 8

    B. The SAC's first, second, third, fourth, fifth, and sixth causes of action Fail to Allege Sufficient Facts Against Defendant, Fails to Allege a Proper Legal Theory and Sufficient Facts in Support Thereof, Fails for Uncertainty, Lack of Statutory Liability, Authorizing Statute, and a Legal Theory of Liability

    C. The Monell claim for Municipal and Supervisorial Liabilities Fail to Allege Sufficient Facts to Support such a claim.

Sincerely,

Seonhae Shin
(Kellie)
Deputy County Counsel
**Office of County Counsel**
Phone: (909) 387-5461
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415



*CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. Any use, review, disclosure, reproduction, distribution, copying of, or reliance on, this communication and any attachment is strictly prohibited. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.*

**From:** Shin, Kellie
**Sent:** Thursday, July 17, 2025 9:25 AM

**Alonso, Marisela**

| | |
|---|---|
| **From:** | Shin, Kellie |
| **Sent:** | Tuesday, July 22, 2025 3:35 PM |
| **To:** | SwordOfGod     ; 1611bible.us@gmail.com |
| **Cc:** | Alonso, Marisela; Mejia, Kyla; jerushastar@gmail.com; Ranger Danger; macybuilders@yahoo.com |
| **Subject:** | Lynn Macy v. CSA 18 Special Districts// Case 5:24-cv-00902-AB-SHK // REQUEST FOR MEET & CONFER RE MOTION TO DISMISS- FOLLOW UP 7/22/25 |

Good afternoon –

I tried calling again at 3:30 p.m. but there was no answer, so I left another voicemail message asking for a return call to conduct the meet and confer teleconference. Please call us back. If I do not receive a response from you, I will be forced to proceed with filing the motion, presuming that you are refusing to meet and confer.

Please note that the purpose of this call will be limited to discussing the anticipated motion. If you wish to discuss other matters unrelated to the motion, please contact me to set up a follow up phone call.


Sincerely,

Seonhae Shin
(Kellie)
Deputy County Counsel
*Office of County Counsel*
Phone: (909) 387-5461
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415



*CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. Any use, review, disclosure, reproduction, distribution, copying of, or reliance on, this communication and any attachment is strictly prohibited. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.*


**From:** Shin, Kellie
**Sent:** Tuesday, July 22, 2025 10:37 AM
**To:** † SwordOfGod † <macybuilders@yahoo.com>; 1611bible.us@gmail.com
**Cc:** Alonso, Marisela <Marisela.Alonso@cc.sbcounty.gov>; Mejia, Kyla <Kyla.Mejia@cc.sbcounty.gov>; jerushastar@gmail.com; Ranger Danger <1coolranger@gmail.com>; macybuilders@yahoo.com
**Subject:** Lynn Macy v. CSA 18 Special Districts// Case 5:24-cv-00902-AB-SHK // REQUEST FOR MEET & CONFER RE MOTION TO DISMISS- FOLLOW UP 7/22/25

Good morning –

1

I just called the 909-744-8480 number to telephonically meet and confer regarding Defendant's anticipated 12(b) motion to dismiss. There was no answer, so I left a voicemail message asking for a return call to conduct the meet and confer teleconference. Please call us back at my number below. Today, I am available from 10:30 to 12 and from 1:30 to 4 p.m. Unless I hear from you sooner, I will try again at 3:30 p.m.

If I do not receive a response from you, I will be forced to proceed with filing the motion, presuming that you are refusing to meet and confer. Please note that the purpose of this call will be limited to discussing the anticipated motion. If you wish to discuss other matters unrelated to the motion, please contact me to set up a follow up phone call.

Sincerely,

Seonhae Shin
(Kellie)
Deputy County Counsel
*Office of County Counsel*
Phone: (909) 387-5461
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415



*CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. Any use, review, disclosure, reproduction, distribution, copying of, or reliance on, this communication and any attachment is strictly prohibited. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.*

**From:** Shin, Kellie
**Sent:** Monday, July 21, 2025 3:32 PM
**To:** † SwordOfGod † <macybuilders@yahoo.com>; 1611bible.us@gmail.com
**Cc:** Alonso, Marisela <Marisela.Alonso@cc.sbcounty.gov>; Mejia, Kyla <Kyla.Mejia@cc.sbcounty.gov>; jerushastar@gmail.com; Ranger Danger <1coolranger@gmail.com>; macybuilders@yahoo.com
**Subject:** Lynn Macy v. CSA 18 Special Districts// Case 5:24-cv-00902-AB-SHK // REQUEST FOR MEET & CONFER RE MOTION TO DISMISS- FOLLOW UP 7/21/25

Good afternoon –

I will give you a call tomorrow, July 22 at 10:30 a.m. to telephonically meet and confer regarding Defendant's anticipated 12(b) motion to dismiss.

Sincerely,

Seonhae Shin
(Kellie)
Deputy County Counsel
*Office of County Counsel*

Phone: (909) 387-5461
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415



*CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. Any use, review, disclosure, reproduction, distribution, copying of, or reliance on, this communication and any attachment is strictly prohibited. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.*

**From:** Shin, Kellie
**Sent:** Thursday, July 17, 2025 11:28 AM
**To:** † SwordOfGod † <macybuilders@yahoo.com>; 1611bible.us@gmail.com
**Cc:** Alonso, Marisela <Marisela.Alonso@cc.sbcounty.gov>; Mejia, Kyla <Kyla.Mejia@cc.sbcounty.gov>; jerushastar@gmail.com; Ranger Danger <1coolranger@gmail.com>; macybuilders@yahoo.com
**Subject:** Lynn Macy v. CSA 18 Special Districts Public Works// Case 5:24-cv-00902-AB-SHK // REQUEST FOR MEET & CONFER RE MOTION TO DISMISS

Good afternoon –

When you responded "friday 4 p.m" below, I am assuming that you meant Friday, July 18 at 4 p.m. Unfortunately, I am not available on Friday July 18 at 4 p.m. I am free on the following dates/times.

July 21: 10-3
July 22: 10-3
July 23: 9-11

Please select a date and time from above or propose another date and time. Thank you.

Sincerely,

Seonhae Shin
(Kellie)
Deputy County Counsel
**Office of County Counsel**
Phone: (909) 387-5461
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415



*CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. Any use, review, disclosure, reproduction, distribution, copying of, or*

3

*reliance on, this communication and any attachment is strictly prohibited. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.*

**From:** † SwordOfGod † <macybuilders@yahoo.com>
**Sent:** Thursday, July 17, 2025 11:19 AM
**To:** Shin, Kellie <Kellie.Shin@cc.sbcounty.gov>
**Subject:** Re: Lynn Macy v. CSA 18 Special Districts Public Works// Case 5:24-cv-00902-AB-SHK - REQUEST FOR MEET AND CONFER IN ANTICIPATION OF MOTION TO DISMISS

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you can confirm the sender and know the content is safe.

friday 4 pm

✟ GOD & Jesus loves you! 💗
Matthew 23:23 "...abandoned the most important of the Laws; justice, mercy, & truth."
Acts 2:36 "Repent & be Baptized, each of you in the Name of Jesus the Anointed, for forgiveness of sins; then you will receive the gift of the *Holy Spirit*. For this promise is for you & your children, & everyone that is faraway; for whoever GOD our MASTER calls."
1611Bible.us 1611 Bible translator J. Macy

On Thursday, July 17, 2025 at 09:24:53 AM PDT, Shin, Kellie <kellie.shin@cc.sbcounty.gov> wrote:

**Correction:** Please respond to this email and contact our office on or before **4 p.m. July 17, 2025**, to let us know when you are available and whether an agreement can be reached or whether we will need to proceed with the motion.

Sincerely,

Seonhae Shin

(Kellie)

Deputy County Counsel
*Office of County Counsel*
Phone: (909) 387-5461
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415

4



*CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient. Any use, review, disclosure, reproduction, distribution, copying of, or reliance on, this communication and any attachment is strictly prohibited. If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.*

**From:** Shin, Kellie
**Sent:** Wednesday, July 16, 2025 5:37 PM
**To:** 1611 Bible. US gmail <1611bible.us@gmail.com>; Ranger Danger <1coolranger@gmail.com>; SwordOfGod <macybuilders@yahoo.com>
**Cc:** Alonso, Marisela <Marisela.Alonso@cc.sbcounty.gov>; Mejia, Kyla <Kyla.Mejia@cc.sbcounty.gov>; Jerusha Macy <jerushastar@gmail.com>
**Subject:** Lynn Macy v. CSA 18 Special Districts Public Works// Case 5:24-cv-00902-AB-SHK - REQUEST FOR MEET AND CONFER IN ANTICIPATION OF MOTION TO DISMISS

Good afternoon,

As you may already be aware, I am the deputy county counsel assigned to this matter. I have reviewed the Second Amended Complaint and determined that it is subject to a Rule 12(b)(6) motion to dismiss. Thus, in compliance with the Federal rules, I would like to schedule a telephonic meet and confer teleconference to discuss the anticipated motion. I am available on the following dates/times:

July 17: 10-3

July 21: 10-3

July 22: 10-3

If you are not available on the proposed dates and time listed above, please feel free to propose another date and time convenient for you between the hours of 9-4 Monday through Thursday.

I request that you respond to this email and contact our office on or before <u>4 p.m. June 17, 2025</u>, to let us know when you are available and whether an agreement can be reached or whether we will need to proceed with the

motion. If I do not receive a response from you, I will be forced to proceed with filing the motion, presuming that you are refusing to meet and confer.  Please note that the purpose of this call will be limited to discussing the anticipated motion. If you wish to discuss other matters unrelated to the motion, please contact me to set up a follow up phone call.

Sincerely,

Seonhae Shin

(Kellie)

Deputy County Counsel
**Office of County Counsel**
Phone: (909) 387-5461
385 North Arrowhead Avenue, 4th Floor
San Bernardino, CA 92415



*CONFIDENTIALITY NOTICE: This communication contains legally privileged and confidential information sent solely for the use of the intended recipient.  Any use, review, disclosure, reproduction, distribution, copying of, or reliance on, this communication and any attachment is strictly prohibited.  If you are not the intended recipient of this communication you are not authorized to use it in any manner, except to immediately destroy it and notify the sender.*

## CERTIFICATE OF COMPLIANCE

    The undersigned counsel of record for Defendant San Bernardino County ("Defendant") certifies that this brief contains 6955 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 25, 2025

TOM BUNTON
County Counsel

SEONHAE SHIN
Deputy County Counsel
Attorneys for Defendant

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On July 25, 2025, I served the following documents (*specify*): **DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

I served the documents on the persons below, as follows:

Lynn Macy, in Pro Per
P.O. Box #103
Twin Peaks, CA 92391
Tel: 909-744-8480
Email: 1611Bible.us@gmail.com;
1coolranger@gmail.com;
macybuilders@yahoo.com;
jerushastar@gmail.com

☒     **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **By e-mail or electronic transmission.** I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

DATED: July 25, 2024                    /s/ Marisela Alonso_____
                                         Marisela Alonso, Declarant

DEFENDANT CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT