FILED

CLERK, U.S. DISTRICT COURT

08/06/2025

CENTRAL DISTRICT OF CALIFORNIA

BY ____DC____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Jeff Macy "P.O.A" representing Lynn Macy
P.O. Box #103
Twin Peaks, CA 92391
Telephone: (909) 744 -8480
Email: 1611Bible.us@gmail.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LYNN MACY,

               PLAINTIFF,

vs.

CSA-18 SPECIAL DISTRICTS PUBLIC WORKS,

               DEFENDANT.

Case No.: 5:24-cv-00902-AB-SHK

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES, & REQUEST FOR JUDICIAL NOTICE**

Date:      August 27, 2025
Time:      **10:00** a.m.
Location:  George E. Brown, Jr. United States Courthouse 3470 12th St., Courtroom 3 or 4, Riverside, CA 92501

Case Assigned to:
Honorable District Court Judge Andre Birotte, Jr.

Referred to:
Honorable Magistrate Judge Shashi H. Kewalramani

**TO THE HONORABLE COURT, DEFENDANT, & THEIR ATTORNEYS OF RECORD:**

      PLEASE TAKE NOTICE that Plaintiff LYNN MACY's Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points & Authorities, & Request for Judicial Notice being heard on August 27, 2025, at **10:00** a.m. before the Honorable Magistrate Judge Shashi H. Kewalramani in Courtroom 3 or 4, at 3470 12th Street, Third Floor, Riverside, California 92501. This Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint; Memorandum of Points & Authorities, & Request for Judicial Notice is based on this Notice. Based on the foregoing, it is respectfully requested that Defendant's Motion to Dismiss Plaintiff's Second

PAGE 1

Amended Complaint; Memorandum of Points & Authorities, & Request for Judicial Notice be dismissed.

Plaintiff's Second Amended Complaint is in compliance with Rule 8. The SAC does allege liability statutes & authoirizing statutes for claims against the Defendant. Plaintiff's first claim for relief for "Unreasonable Search" does state a claim upon which relief can be granted against this moving Defendant. Plaintiff's second claim for relief for Municipal & Supervisorial Liability, Monell, does state a claim upon which relief can be granted against this moving Defendant. Plaintiff's third claim for relief "Invasion of Privacy" & Intentional Infliction of Emotional Distress ("IIED") does state a claim upon which relief can be granted against the moving Defendant. Plaintiff's fourth claim for Trespass does state a claim upon which relief can be granted against this moving Defendant. Plaintiff's fifth claim for Destruction of Private Property does state a claim upon which relief can be granted against this moving Defendant. Plaintiff's sixth claim for Extortion does state a claim upon which relief can be granted against this moving Defendant.

Plaintiff has alleged the necessary factual & legal bases to support cognizable federal claims. Plaintiff has provided Defendant with a concise summary of the events, people, locations, facts surrounding the events, encounters, interactions & gives Defendant fair notice of what Plaintiff's claim is & the grounds upon which it rests. Plaintiff's complaint does state a claim & has cognizable legal theory & has sufficient facts under a cognizable legal theory. The court must construe the complaint in the light most favorable to the Plaintiff. To be sufficient under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief". This requirement, found in Federal Rule of Civil Procedure

PAGE 2

8(a)(2), mandates that the pleading include sufficient factual matter, accepted as true, to state a claim that is plausible on its face. The court must accept the nonmoving party's allegations as true when evaluating a motion to dismiss.  To survive such a motion, the complaint must allege facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This plausibility standard applies to all claims, including allegations of conditions of the mind like intent or malice, which, although they can be alleged generally under Rule 9(b), must still be supported by sufficient facts to render the allegation plausible. Plaintiff has sufficient facts in the Complaint as to why Defendants are liable. For the reasons discussed, even viewing the facts presented in the SAC & the inferences to be drawn therefrom in the light most favorable to Plaintiff, there are many plausible claims against Defendant. Defendant's Motion to dismiss Plaintiff's SAC should be dismissed.

Fed. R. Civ. P. 8 requires that a complaint contain a short & plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted & "the grounds upon which [the particular claim] rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation & quotation marks omitted). Plaintiff's SAC does comply & clearly & conscisely sets forth factual allegations sufficient to provide Defendant with notice of which Defendant is being sued, on which theory, & what relief is being sought against them. The SAC does allege concrete details as to the "who", "when", or the "Where" all of the events, incident, & encounters described therein occurred. -

Defendant's Attorney Seonhae Shin failed to make a reasonable & good faith attempt to settle all issues. Defendant's Attorney also refused to discuss the

PAGE 3

case at all. Defendant's Attorney continues to only dismiss the case & not resolve the issues, also not allowing Plaintiff to discuss the case. Lead Counsel has not contacted Plaintiff or offered any solutions about facts; intentionally leaving things out. During this time, parties must discuss & make a **good faith attempt to settle all issues**, even if a complete settlement is not possible & only conditional agreements are made. Defendant's attorney refused to make **any** attempt at settling the issues in the Complaint & only talked about dismissing the case. Defendant's Attorney did not follow CCP sections 435.5 & 430.41 & did not meet & confer. Defendant's Attorney made no effort to engage in good faith attempts to come to an agreement or to allow Plaintiff's son who has Power of Attorney for Lynn Macy; Jeff Macy to discuss the case. Plaintiff's son Jeff Macy asked many times over the phone if Defendant's Attorney would come to any agreement, which Defendant's Attorney refused to answer, only discussed dismissing the case. Defendant's Attorney even said, they can't talk to us by the San Bernardino legal department. Defendant's refuse to negotiate with Plaintiff. Plaintiff has tried to meet with Defendant's Attorney numerous times to discuss coming to an agreement, but Defendant's won't return Plaintiff's calls or communicate with Plaintiff.

Attorney admitted that Plaintiff already won a hearing Case #: CSE-2023-14000, but won't admit that it is an official court hearing; even though official hearing officer in a legal proceeding agreed that "more likely than not, Defendants trespassed" & Plaintiff won the hearing. There has been no presence of lead counsel on this case. Seonhae Shin has been extremely rude on phone & does not allow Plaintiff's son Jeff Macy to respond to anything. Defendant's Attorney demands to only meet & confer at her convenient day & time. Attorney did not understand the case, only read it, & was unwilling to

PAGE 4

acknowledge this historic Religious case. Seonhae Shin did not cooperate & only tried to cover up for the County of San Bernardino. This was not a proper meet & confer, there was no resolution, Attorney only tried to dismiss this case. Attorney was argumentative, did not answer questions, & did not investigate.

Our Country, the United States of America was founded upon standing up against religious oppression. Attorney refused to cooperate, would not say if she swore an oath to the U.S. Constitution or not. Defendant's attorney only wanted to go over her side of the case, outside agency, not proper representation, cannot represent San Bernardino County without swearing an oath to the Constitution. According to California Constitution Article XX Miscellaneous Subjects Sec. 3. "Members of the Legislature, & all public officers & employees, executive, legislative, & judicial, except such inferior officers & employees as may be by law exempted, shall, before they enter upon the duties of their respective offices, take & subscribe the following oath or affirmation: "I, _____, do solemnly swear (or affirm) that I will support & defend the Constitution of the United States & the Constitution of the State of California against all enemies, foreign & domestic; that I will bear true faith & allegiance to the Constitution of the United States & the Constitution of th e State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; & that I will well & faithfully discharge the duties upon which I am about to enter. "Public officer & employee" includes every officer & employee of the State, including the University of California, every county, city, district, & authority, including any department, division, bureau, board, commission, agency, or instrumentality of any of the foregoing."

Defendant's Attorney is being a bully, just like the County of San Bernardino who keeps giving Plaintiff frivolous notices of violations, & Plaintiff's

PAGE 5

son asked numerous times if she knew about the case, which she would not respond to. Seonhae Shin is illegally covering up, extremely rude, insulting, argumentative, not cooperative, & only wanted to dismiss the case. Attorney also refused to tell Plaintiff about her investigation, if she even did one, simply getting as much tax payer dollars as she can. County is refusing to acknowledge this as a religious case & that Plaintiff is being religiously discriminated against. Defendant's Attorney made no effort or attempt in good faith to resolve the issues in the Complaint.

Plaintiff has already complied with the Government Tort Claims Act under Government Code Sec. 900 *et seq*., a plaintiff is required to timely file a written claim with a public entity, within a certain time period, before the plaintiff is able to file a suit. Plaintiff has filed multiple claims with Sophia Salas at the Department of Risk Management. Plaintiff has multiple claim #'s that can be provided. Plaintiff has Power of Attorney from Mother Lynn Macy to bring suit on her behalf. Plaintiff is also the Director of Religious Organization 1611Bible.us.

The Complaint provides many details about the incidents, encounters, & causes of actions. The Complaint also alleges sufficient facts in support of each & every cause of action, the statutory basis for liability, & authorizing statutes against this public entity Defendant. Before a demurrer can be filed, CCP section 430.41 requires the parties to meet & confer in person or by telephone call. (CCP § 430.41(a).) As set forth in the accompanying Declaration of Seonhae Shin,

counsel in good faith attempted to telephonically meet & confer with Plaintiff regarding the moving party's objections to Plaintiff's Complaint. As of the preparation & filing of this Demurrer, the parties could not reach an

agreement because Defendants made no effort to resolve the case. Thus, this Demurrer is improper & should not be sustained without leave to amend.

Based on the foregoing, Plaintiff respectfully requests that this Court dismiss Defendant's Demurrer & Motion to Strike without leave to amend.

Respectfully Submitted,

By Declarant: _____ Jeff Macy

Jeff Macy

(Power of Attorney for Plaintiff Lynn Macy; Bible Translator & Director of Religious Organization **1611**Bible.us)

Dated: _____ 8 - 6 - 25

PAGE 7

## DECLARATION OF SERVICE BY E-MAIL

**Case Name:**      **Macy, Lynn, v. CSA-18 Special Districts Public Works**

**Case No.:**       **5:24-cv-00902-AB-SHK**

I declare:

1. I am at least 18 years old.

   a. My residence or business address is: P.O. Box # 433, Twin Peaks, CA 92391.

   b. My electronic service address is: Jerushastar@gmail.com.

2. I electronically served the following documents: **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES, & REQUEST FOR JUDICIAL NOTICE**.

3. I electronically served the documents listed in 2 as follows:

   a. Name of person served: Kellie Shin & Marisela Alonso

      On behalf of: CSA-18 Special Districts Public Works

   b. Electronic service address of person(s) served:

      kellie.shin@cc.sbcounty.gov & Marisela.Alonso@cc.sbcounty.gov

   c. On: 8/6/25

Date: 8/6/25

I declare under penalty of perjury under the laws of the State of California that the foregoing is true & correct.

Declarant: _Jerusha Macy_

Jerusha Macy

PAGE 8