1  **SEONHAE SHIN** (CA State Bar No. 308262)
   Deputy County Counsel
2  TOM BUNTON (CA State Bar No. 193560)
   County Counsel
3  385 North Arrowhead Avenue, Fourth Floor
   San Bernardino, California 92415-0140
4  Telephone: (909) 387-5461
   Facsimile: (909) 387-4069
5  E-Mail: kellie.shin@cc.sbcounty.gov

6  Attorneys for Defendant CSA-18 SPECIAL DISTRICTS PUBLIC WORKS

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  LYNN MACY, as an individual,              Case No. 5:24-cv-00902-AB-SP

12              Plaintiff,                    **DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S OPPOSITION TO RULE 12(b) MOTION TO DISMISS SECOND AMENDED COMPLAINT**

13        v.

14
    CSA-18 SPECIAL DISTRICTS PUBLIC
15  WORKS, a public entity,                   Case Assigned to:
                                              Honorable District Court Judge Andre
16              Defendant.                    Birotte, Jr.

17                                            Referred to:
                                              Honorable Magistrate Judge Sheri Pym
18

19

20

21         Defendant CSA-18 SPECIAL DISTRICTS PUBLIC WORKS ("Defendant)

22  hereby submit its Reply to Plaintiff Lynn Macy's ("Plaintiff") Opposition to

23  Defendant's Motion to Dismiss ("Motion") the Second Amended Complaint ("SAC")

24  ("Opposition").

25  ///

26  ///

27  ///

28
                                          1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

As with the operative Second Amended Complaint ("SAC") subject to this Motion, Plaintiff's Opposition completely fails to address any of the significant and substantial legal and factual defects contained therein. Plaintiff has simply taken Defendant's arguments pertaining to the SAC's deficiencies and declared the affirmative of each argument, that the SAC: (1) is in compliance with Rule 8; (2) states claims upon which relief can be granted; (3) alleges the necessary factual & legal bases to support cognizable federal claims; (4) provides Defendant with a concise summary of the events, people, locations, facts surrounding the events, encounters, interactions; and (5) gives Defendant fair notice of what Plaintiff's claim is and the grounds upon which it rests. Opposition p. 2.  This is woefully insufficient.

## II.    LEGAL ARGUMENT

### A.    PLAINTIFF'S FAILURE TO RESPOND OR TO CITE APPLICABLE AUTHORITIES CONCEDES THE ARGUMENTS AND CONSTITUTES A WAIVER AND/OR ABANDONMENT

Courts have consistently held that when a party does not respond to arguments raised in a motion to dismiss, the claims or defenses at issue may be deemed waived and/or abandoned. Plaintiff's failure to oppose, argue, or even address issues and arguments raised in Defendant's 12(B) Motion to Dismiss demonstrates that Plaintiff has acquiesced and concedes the arguments. Courts have established that failure to address arguments against a claim raised in a motion to dismiss constitutes abandonment or waiver of the claim. In Miller v. Ford Motor Co., 620 F. Supp. 3d 1045 (E.D. Cal. 2022), the court stated that "where a party fails to address arguments against a claim raised in a motion, the claims are abandoned and dismissal is appropriate" Miller, 620 F. Supp. 3d 1045. Similarly, in Lunn v. City of Los Angeles, 629 F. Supp. 3d 1007 (C.D. Cal. 2022), the court reiterated that "where a party fails to address arguments against a claim raised in a motion to dismiss,

DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S OPPOSITION TO RULE 12(b) MOTION TO DISMISS SECOND AMENDED COMPLAINT

the claims are abandoned and dismissal is appropriate" <u>Lunn</u>, 629 F. Supp. 3d 1007. This principle is widely recognized across jurisdictions, as demonstrated in <u>Conservation Force v. Salazar</u>, 677 F. Supp. 2d 1203 (N.D. Cal. 2009), where the court held that failure to provide a defense for a claim in opposition to a motion to dismiss results in waiver of the claim. <u>Conservation Force</u>, 677 F. Supp. 2d 1203. In civil litigation, courts have held that failure to oppose dismissal of a claim constitutes waiver or abandonment of the issue. This principle aligns with broader case law emphasizing the importance of addressing all arguments raised in motions to avoid waiver.

Further, courts are not obligated to comb through the record or the law to support arguments that a party has failed to adequately present. The Court of Appeals in California has stated that it is not the function of the appellate court to comb the record for evidence to support a party's argument. <u>Becerra v. McClatchy Co.</u>, 69 Cal. App. 5th 913 (2021). Similarly, the Ninth Circuit has emphasized that courts will not manufacture legal arguments or comb the record for factual support on behalf of an appellee. <u>Ecological Rts. Found. v. Pac. Gas & Elec. Co.</u>, 874 F.3d 1083 (9th Cir. 2017). More recently, the Ninth Circuit reiterated that <u>district courts are not required to comb the record to make a party's argument for it</u>. <u>U.S. Wholesale Outlet & Distribution, Inc. v. Innovation Ventures, LLC</u>, 89 F.4th 1126 (9th Cir. 2023) [emphasis added]. The Appeals Court noted declared that reviewing courts are not obligated to search the record to ascertain whether it contains support for a party's contentions. <u>Perry v. Stuart</u>, 111 Cal. App. 5th 472 (2025). Simply put, this Court is not obligated to comb the record and the law for factual and legal support that a Plaintiff has failed to identify or provide. <u>Quantum Cooking Concepts, Inc. v. LV Assocs., Inc.</u>, 197 Cal. App. 4th 927 (2011).

Here, Plaintiff is unable to set forth any arguments in opposition to Defendant's Motion, which is tantamount to an admission that the SAC cannot be amended to set forth a valid cause of action against Defendant. Thus, this Court should GRANT Defendant's Motion without leave to amend.

1

2

**B.  PLAINTIFF HAS HAD MULTIPLE OPPORTUNITIES TO AMEND AND FAILED**

3   Plaintiff has had multiple opportunities to amend the Complaint to meet the federal

4   pleading standard and has repeatedly failed. "Neither the court nor the defendants should

5   be compelled to cull through pages of rambling narrative, argument and needless

6   digression to discover the factual bases for [Plaintiff's] claims." Jacobson v.

7   Schwarzenegger, 226 F.R.D. 395, 397 (C.D. Cal. 2005). Given these deficiencies, leave

8   to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000)

9   (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition,

10  no merit to the underlying action and so no reason to grant leave to amend."); Lockheed

11  Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999) (amendment was

12  futile where there was no cause of action). The SAC fails to state a legally cognizable

13  claim for its causes of action because California public entities are immune from liability

14  for torts or common law causes of action, except as provided by statute. Thus, the SAC

15  should be dismissed without leave to amend.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S
OPPOSITION TO RULE 12(b) MOTION TO DISMISS SECOND AMENDED COMPLAINT

1

### III.   CONCLUSION

2  The SAC fails to state a claim upon which relief can be granted. Plaintiff's Monell

3  claim fails because Plaintiff is unable to allege any of the legal elements or the necessary

4  factual support. Plaintiff has no private right of action for extortion. See <u>Abcarian v.</u>

5  <u>Levine</u>, 972 F.3d 1019, 1026 (9th Cir. 2020) (no private right of action for extortion,

6  which is a federal criminal offense). Plaintiff's other remaining claims are based on State

7  tort law rather than federal law, and they are time-barred for failure to timely comply with

8  the Government Tort Claims Presentation Act. *See* RJN generally. If, after careful

9  consideration, it is clear that a complaint cannot be cured by amendment, a court may

10  dismiss without leave to amend. <u>Cato v. United States</u>, 70 F.3d 1103, 1107 (9th Cir. 1995).

11  Thus, this court should GRANT Defendant's Motion, without leave to amend.

12  DATED: August 18, 2025                   Respectfully submitted,

13                                                          TOM BUNTON
                                                            County Counsel
14

15

16

17                                                          SEONHAE SHIN
                                                            Deputy County Counsel
18                                                          Attorneys for Defendant CSA-18 SPECIAL
                                                            DISTRICTS OF PUBLIC WORKS
19

20

21

22

23

24

25

26

27

28

DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S
OPPOSITION TO RULE 12(b) MOTION TO DISMISS SECOND AMENDED COMPLAINT

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel of record for Defendant CSA-18 SPECIAL DISTRICTS OF PUBLIC WORKS certify that this brief contains <u>1039</u> words, which complies with the word limit of L.R. 11-6.1.

DATED: August 18, 2025                    TOM BUNTON
                                          County Counsel


                                          _____
                                          SEONHAE SHIN
                                          Deputy County Counsel
                                          Attorneys for Defendant

DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S OPPOSITION TO RULE 12(b) MOTION TO DISMISS SECOND AMENDED COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of San Bernardino, State of California. I am a citizen of the United States, employed in the County of San Bernardino, State of California, over the age of 18 years and not a party to nor interested in the within action. My business address is 385 North Arrowhead Avenue, Fourth Floor, San Bernardino, CA 92415-0140.

On August 18, 2025, I served the following documents (*specify*):  **DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S OPPOSITION TO RULE 12(b) MOTION TO DISMISS SECOND AMENDED COMPLAINT**

I served the documents on the persons below, as follows:

Lynn Macy, in Pro Per
P.O. Box #103
Twin Peaks, CA 92391
Tel: 909-744-8480
Email: 1611Bible.us@gmail.com;
1coolranger@gmail.com;
macybuilders@yahoo.com;
jerushastar@gmail.com

☒ **By e-mail or electronic transmission.**  Pursuant to California *Code of Civil Procedure* § 1010.6(e), per agreement of parties, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

DATED: August 18, 2025

_____*/s/ Marisela Alonso*_____
Marisela Alonso, Declarant

DEFENDANT CSA-18 SPECIAL DISTRICTS PUBLIC WORKS' REPLY TO PLAINTIFF'S OPPOSITION TO RULE 12(b) MOTION TO DISMISS SECOND AMENDED COMPLAINT